**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**NOTICE OF VIDEOTAPE DEPOSITION**

| | |
|---|---|
| **DEPONENT:** | **Karameh Hawash, MD**<br>**Rhode Island Hospital, Suite 342**<br>**Providence, RI 02903** |
| **DATE:** | **June 23, 2005** |
| **TIME:** | **10:00 a.m.** |
| **LOCATION:** | **Ratcliffe Burke Harten & Elias, LLP**<br>**1600 Financial Plaza**<br>**Providence, RI 02903** |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Defendant South County Hospital will take the deposition of the above-named individual upon oral examination, which examination will continue from day to day until completed and will begin at the above-specified time on the above-mentioned date, at the offices of Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode

Island, or before some other officer authorized to administer oaths. This deposition will be recorded by stenographic means as well as by videotape. The individual is further commanded to bring with them to the deposition the documents specified in Schedule A of the attached deposition subpoena.

You are invited to attend and cross-examine.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 3 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeglia

*Video Depo - Hawash*

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Linda Wadensten, Individually & p.p.a.
Maximus Wadensten

V.

South County Hospital, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-326S

TO: Karameh Hawash, M.D.
Rhode Island Hospital, Suite 342
Providence, RI 02903

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/23/05 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/23/05 10:00 a.m. |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6-3-05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

1. Your complete file pertaining to Maximus Wadensten, DOB 03/08/03. This shall include, **but not be limited to**, any correspondence, office notes, lab results, x-rays, CT scans, MRI's and/or any other radiographic or diagnostic studies and/or any other materials pertaining to Maximus Wadensten.

2. Any and all correspondence, including, **but not limited to**, written correspondence, electronic correspondence, recorded telephone correspondence and/or any other forms of written or recorded communications between you or your office and Linda Wadensten and/or any other representative of Maximus Wadensten, including, **but not limited to**, any attorney or law office representing Linda Wadensten and/or Maximus Wadensten.

3. Any other materials of any sort in your possession that pertain to Maximus Wadensten.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS Defendants** | : | |

## NOTICE OF VIDEOTAPE DEPOSITION

| | |
|---|---|
| **DEPONENT:** | **Dale Jerald, Southern Early Intervention**<br>**140 Point Judith Road, Suite 44**<br>**Naragansett, RI 02882** |
| **DATE:** | **June 20, 2005** |
| **TIME:** | **10:00 a.m.** |
| **LOCATION:** | **Ratcliffe Burke Harten & Elias, LLP**<br>**1600 Financial Plaza**<br>**Providence, RI 02903** |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Defendant South County Hospital will take the deposition of the above-named individual upon oral examination, which examination will continue from day to day until completed and will begin at the above-specified time on the above-mentioned date, at the offices of Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode

Island, or before some other officer authorized to administer oaths. This deposition will be recorded by stenographic means as well as by videotape. The individual is further commanded to bring with them to the deposition the documents specified in Schedule A of the attached deposition subpoena.

You are invited to attend and cross-examine.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 3 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeghi

*Video Depo - Dale Jerald*

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Linda Wadensten, Individually & p.p.a.
Maximus Wadensten
V.

South County Hospital, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-326S

TO: Dale Jerald, Southern Early Intervention
140 Point Judith Road, Suite 44
Naragansett, RI 02882

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/20/05 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/20/05 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6-3-05 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

1. Your complete file pertaining to Maximus Wadensten, DOB 03/08/03. This shall include, **but not be limited to**, any correspondence, office notes, lab results, x-rays, CT scans, MRI's and/or any other radiographic or diagnostic studies and/or any other materials pertaining to Maximus Wadensten.

2. Any and all correspondence, including, **but not limited to**, written correspondence, electronic correspondence, recorded telephone correspondence and/or any other forms of written or recorded communications between you or your office and Linda Wadensten and/or any other representative of Maximus Wadensten, including, **but not limited to**, any attorney or law office representing Linda Wadensten and/or Maximus Wadensten.

3. Any other materials of any sort in your possession that pertain to Maximus Wadensten.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**NOTICE OF VIDEOTAPE DEPOSITION**

| | |
|---|---|
| **DEPONENT:** | **John A. Duncan III, MD**<br>**55 Claverick Street**<br>**Providence, RI 02903** |
| **DATE:** | **June 27, 2005** |
| **TIME:** | **10:00 a.m.** |
| **LOCATION:** | **Ratcliffe Burke Harten & Elias, LLP**<br>**1600 Financial Plaza**<br>**Providence, RI 02903** |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Defendant South County Hospital will take the deposition of the above-named individual upon oral examination, which examination will continue from day to day until completed and will begin at the above-specified time on the above-mentioned date, at the offices of Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode

Island, or before some other officer authorized to administer oaths. This deposition will be recorded by stenographic means as well as by videotape. The individual is further commanded to bring with them to the deposition the documents specified in Schedule A of the attached deposition subpoena.

You are invited to attend and cross-examine.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 3 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medaglia

*Video Depo - John Duncan MD*

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Linda Wadensten, Individually & p.p.a.
Maximus Wadensten
V.

South County Hospital, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-326S

TO: John A. Duncan III, M.D., Neurosurgery Foundation
55 Claverick Street
Providence, RI 02903

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/27/05 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/27/05 10:00 a.m. |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6-3-01 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Your complete file pertaining to Maximus Wadensten, DOB 03/08/03. This shall include, **but not be limited to**, any correspondence, office notes, lab results, x-rays, CT scans, MRI's and/or any other radiographic or diagnostic studies and/or any other materials pertaining to Maximus Wadensten.

2. Any and all correspondence, including, **but not limited to**, written correspondence, electronic correspondence, recorded telephone correspondence and/or any other forms of written or recorded communications between you or your office and Linda Wadensten and/or any other representative of Maximus Wadensten, including, **but not limited to**, any attorney or law office representing Linda Wadensten and/or Maximus Wadensten.

3. Any other materials of any sort in your possession that pertain to Maximus Wadensten.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**NOTICE OF VIDEOTAPE DEPOSITION**

| | |
|---|---|
| **DEPONENT:** | **Lauren C. Noel, MD**<br>**46 Holly Street**<br>**Wakefield, RI 02879** |
| **DATE:** | **June 24, 2005** |
| **TIME:** | **10:00 a.m.** |
| **LOCATION:** | **Ratcliffe Burke Harten & Elias, LLP**<br>**1600 Financial Plaza**<br>**Providence, RI 02903** |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, Defendant South County Hospital will take the deposition of the above-named individual upon oral examination, which examination will continue from day to day until completed and will begin at the above-specified time on the above-mentioned date, at the offices of Ratcliffe Burke Harten & Elias, LLP, 1600 Financial Plaza, Providence, Rhode Island, before a Notary Public duly commissioned in the State of Rhode

Island, or before some other officer authorized to administer oaths. This deposition will be recorded by stenographic means as well as by videotape. The individual is further commanded to bring with them to the deposition the documents specified in Schedule A of the attached deposition subpoena.

You are invited to attend and cross-examine.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 3 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeghi

*Video Depo - Lauren Noel MD*

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Linda Wadensten, Individually & p.p.a.
Maximus Wadensten
V.

South County Hospital, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-326S

TO: Lauren C. Noel, M.D.
46 Holly Street
Wakefield, RI 02879

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/24/05 10:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| RBHE LLP, 1600 Financial Plaza, Providence, RI 02903 | 06/24/05 10:00 a.m. |

_ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 6-3-05 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________

DATE SIGNATURE OF SERVER

______________________

ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

1. Your complete file pertaining to Maximus Wadensten, DOB 03/08/03. This shall include, **but not be limited to**, any correspondence, office notes, lab results, x-rays, CT scans, MRI's and/or any other radiographic or diagnostic studies and/or any other materials pertaining to Maximus Wadensten.

2. Any and all correspondence, including, **but not limited to**, written correspondence, electronic correspondence, recorded telephone correspondence and/or any other forms of written or recorded communications between you or your office and Linda Wadensten and/or any other representative of Maximus Wadensten, including, **but not limited to**, any attorney or law office representing Linda Wadensten and/or Maximus Wadensten.

3. Any other materials of any sort in your possession that pertain to Maximus Wadensten.