**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S 30(B)(6) DEPOSITION OF THE RHODE ISLAND DEPARTMENT OF HEALTH**

## I. Introduction

Defendant South County Hospital respectfully requests pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that this Honorable Court issue a protective order quashing plaintiff's 30(b)(6) deposition notice to the Rhode Island Department of Health ("Department").

The information sought by the Plaintiff is highly confidential and, in part, statutorily privileged pursuant to R.I. Gen. Laws §§ 23-17-40(g)[1] and 23-17-15[2]. Further, the material sought

[1] This subsection of the reportable events and reportable incidents statute, R.I. Gen. Laws § 23-17-40 reads, in its entirety, as follows: "(g) All reports to the department under this section shall be subject to the provisions of § 23-17-15. In addition, all reports under this section, together with the peer review records and proceedings related to events and incidents so reported and the participants in the proceedings shall be deemed entitled to all the privileges and immunities for peer review records set forth in § 23-17-25."

[2] This section of the Health Care Facility Licensing Act of Rhode Island reads, in its entirety, "Information received by the licensing agency through filed reports, inspection, or as otherwise authored under this chapter shall not be disclosed publicly in any manner that identifies individuals except in a proceeding involving question of licensure." 'Licensing agency' is statutorily defined as the Rhode Island Department of Health. R.I. Gen. Laws § 23-17-2(9).

by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence and is otherwise over broad and unduly burdensome. Discovery of the information sought by Plaintiff from the Department of Health is not calculated to lead to the discovery of facts necessary in pursuing Plaintiff's claims of medical negligence, lack of informed consent, violation of EMTALA, theories of vicarious or corporate liability, as asserted against South County Hospital.

## II. Facts and Travel

On or about August 6, 2004, Plaintiff filed this action regarding treatment received on October 25, 2003 by the minor child, Maximus Wadensten, during two visits to the Emergency Department of South County Hospital. Plaintiff subsequently filed an Amended Complaint on September 18, 2004, and a Second Amended Complaint on or about December 15, 2004. In essence, Plaintiff's claims contained in her Second Amended Complaint against South County Hospital are as follows: EMTALA - Failure to Provide Medical Screening (Count VII), EMTALA - Transfer Without Stabilization (Count VIII), Medical Negligence (Count IX), Lack of Informed Consent (Count X), Corporate Liability (Count XI), and Vicarious Liability (Count XII).

## III. Statement of Law

"While the district courts are to interpret the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information, limits do exist." *Heidelberg Americas, Inc. et al. v. Tokyo Kikai Seisakusho, Ltd. Et al.*, 333 F.3d 38, 41 (1st Cir. 2003). Fed. R. Civ. P. 45(c)(3)(A) provides that a court "shall" quash a subpoena if the subpoena "requires disclosure of a privileged or other protected matter and no exception or waiver applies," or if the subpoena "subjects a person to undue burden." *See* Fed. R. Civ. P. (45)(c)(3)(A) iii-iv. "Where state law

supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. Additionally, the Healthcare Quality Improvement Act, 42 U.S.C. § 11101 *et. seq*., specifically § 11115, refuses to preempt or override any State law which provides incentives, immunities, or protection to those engaged in a professional review action that is in addition to or greater than the protection provided by the Act.

Even if the party seeking documents can prove that the documents have some relevance to the litigation, a district court may properly quash a subpoena that casts too wide of a net. *Heidelberg*, 333 F.3d at 41. Subpoenas seeking documents not probative of the threshold issue in the litigation are properly denied. *Id.* The district court properly denies a party's subpoena served on a non-party where the party seeks documents that are not "obviously, and perhaps not even reasonably, calculated to lead to other discovery materials." *Id.* "A litigant may not engage in merely speculative inquiries in the guise of relevant discovery." *Heidelberg,* 333 F.3d at 41, *citing, Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1328 (Fed. Cir. 1990).

One factor given special weight in determining whether disclosure is improper is the thrusting of an undue burden on a non-party. *Heidelberg*, 333 F.3d at 41, *citing, Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). The First Circuit held that a request by a subpoena to a non-party requesting "all documents received, reviewed or generated by [third party deponent]. . .relating to. . .any. . .type of business affiliation with [adverse party]" was too burdensome to require a non-party's response, thus requiring the third party subpoena be quashed. *See Heidelberg, 333 F.3d at 38, 41.*

## IV. Argument

### A. There is a good faith basis for quashing plaintiff's subpoena.

The plaintiff's subpoena to the Rhode Island Department of Health seeks "...any other reports from other accrediting organizations. . .regarding South County Hospital", "[a]ll records concerning inspections and/or investigations conducted by. . . [the Department]. . .including, but not limited to...interviews and all other communications with hospital staff. . . any and all documents reviewed by [the Department]. . . .in the course of any investigation," "[a]ll records concerning. ...findings...by [the Department]...with respect to South County Hospital," "all records concerning. . . 'reportable events'", and "[a]ll records concerning actions taken pursuant to Section 7.0 of the Rules and Regulations".

There is **no** mention in the subpoena of the care or treatment rendered to the minor plaintiff, Maximus Wadensten, or to the identities of the other named defendant practitioners in this case. The subpoena is breathtaking in its scope as it seeks data regarding every single incident of any nature at South County Hospital over the previous five years, *regardless* of its applicability to the instant case. The overreaching and all-encompassing subpoena served by Plaintiff on the Department of Health is precisely the type of subpoena the *Hiedelberg* Court held must be quashed as being too burdensome. *See Heidelberg, 333 F.3d at 38, 41.*

To require the Rhode Island State Department of Health to comply with the subpoena at issue here would have a profound chilling effect. Enforcement of this subpoena would undermine the Department of Health's ability to effectively and appropriately monitor, evaluate, assess, and improve patient care throughout the State by virtue of the fact that each and every hospital in Rhode Island would likely limit the exchange of information with the Department of Health for fear of the public release of what has historically been intended by the Department of Health, our State

Legislature, and our healthcare providers, to be confidential information protected from disclosure. By requiring hospitals, including South County Hospital, to submit various reports such as those now sought by Plaintiff, it is clear that the General Assembly expected - and expects - that information to serve an important role in ensuring the quality of health care. That role is dramatically diminished if the records sought by Plaintiff, including but not limited to the records of inspections and investigation, interviews and communications with the hospital, as well as records concerning so-called reportable events, are treated like any other regularly created business or medical record.

The Department of Health serves a vital and important role ensuring quality health care through the oversight and regulation of health care facilities. The Department of Health and hospitals throughout the State, will be unnecessarily constrained from engaging in a frank and candid exchanges of information for fear that a subsequent disclosure of such information to litigants who seek information which they hope will assist them, in some way, in their lawsuits.

Full and honest reporting is necessary for the Department of Health to carry our its oversight responsibilities. As a result, the Rhode Island General Assembly decided that reports to the Department of Health such as the ones as issue here are also privileged and immune from disclosure, much the same as records of peer review committees. R.I. Gen. Laws §23-17-40(g) provides, in pertinent part, that reports made under that section of the law, "together with the peer review records and proceedings related to events and incidents so reported and the participants in the proceedings" shall be deemed "**entitled to all the privileges and immunities for peer review records set forth in §23-17-25.**"

To encourage the open discussions and candid self-analysis that peer review boards are intended to undertake, the General Assembly determined that the records of peer review boards

"shall [not] be subject to discovery or be admissible in evidence in any case. . . . " R.I. Gen, Laws §23-17-25(a).

Defendant South County Hospital respectfully submits that the language of §23-17-40, read in conjunction with §23-17-25, is clear. That section of our state law provides that the reports filed by a hospital with the Department of Health pursuant to §23-17-40 shall enjoy the same privilege and immunity as peer review records. These documents are *per se* privileged and are not subject to discovery or admissible in evidence in any case "save litigation arising our of the imposition of sanctions upon a physician." R.I. Gen. Laws §23-17-25(a). Despite this clearly worded statutory privilege, Plaintiff has requested "all records concerning and/or reflecting 'reportable events'" among her various other broadly worded requests. *See Exhibit A.*

South County Hospital has relied upon the express language of the statutes cited above, as well as the actions and representations of the Department of Health, that all the information contained in its reports to the Department of Health pursuant to §23-17-40 will be kept confidential and will not be disclosed outside of that agency. The Hospital has long relied on the same wording of that section of the law and the representations of the Department of Health that its reports, peer review records, and proceedings, would be treated with the same privileges and immunities provided to peer review records referred to in §23-17-25.

**B. Plaintiff's specific requests are inappropriate in the instant litigation.**

None of the records sought by plaintiff can conceivably be thought of as being calculated to lead to the discovery of evidence to any of Plaintiff's claims.

Plaintiff's subpoena directed to the Department of Health requests ***any and all*** materials related to accreditations, inspections, investigations, interviews and findings of the Department and/or other agencies regarding ***any incident*** at South County Hospital at ***any point in time*** over the previous five years. Threshold issues involving claims of medical negligence, lack of informed consent, EMTALA, corporate liability and vicarious liability claims in this case involving the care of the plaintiff's minor are not even remotely related to the broadly worded subpoena. Plaintiff's subpoena borders on harassment, and at the very least, is so far reaching that it is unnecessarily intrusive.

Even *if* this occurrence was reported by the Hospital to the Department of Health, records within that Department's possession would have no bearing on plaintiff's claims against South County Hospital sounding in medical negligence, lack of informed consent, violations of the federal law known as EMTALA, or Plaintiff's theories of vicarious and corporate liability.

Here, Plaintiff seeks **all** records concerning reportable events, **all** records concerning denial, suspension, revocation of license, curtailment of activities or cessation of operation, **all** records of any findings against South County Hospital, **all** records of **all** communications by the Department of Health with South County Hospital staff and administration concerning investigation, **all** records of **all** inspections of the Department of South County Hospital, and **all** reports by **all** accrediting organizations. **These records bear no relevance to the care of treatment of Maximus Wadensten which is the subject of the instant lawsuit.** In addition to being harassing, annoying and oppressive, this subpoena and its request for production of documents far exceeds the scope of discovery contemplated by the Federal Rules.

The instant litigation is not a forum for plaintiff's attorney's to create a database of every incident over the past five years at South County Hospital involving the Department of Health, nor is it the proper place for them to seek new business.

## V. Conclusion

The material sought by plaintiff's subpoena is over broad and wholly irrelevant to the allegations contained in their complaint. There exists clear and unambiguous language under Rhode Island state law which is intended to encourage the free flow of information between our state's hospitals and our State Department of Health, all in the interest of providing better and safer services to the public. The privileges and immunities afforded peer review records, proceedings, and activities, provide a well recognized level of protection for comprehensive analysis of medical outcomes in the healthcare setting, and it is equally well recognized that such internal peer review activities are both favored and encouraged to further the interests of public health in Rhode Island. South County Hospital submits that it is for the very same reasons that our State Legislature clearly and unambiguously chose in §23-17-40 to bestow the same privileges and immunities from disclosure.

Requiring the State of Rhode Island Department of Health to produce any of the documents referred to in Exhibit "A' of the subject Subpoena is contrary to Rhode Island law, contrary to public policy, contrary to the best interests of the public, and irrelevant to the instant lawsuit. Quashing the subpoena will avoid a profound and chilling effect on South County Hospital and the Departments' abilities to effectively and appropriately monitor, evaluate, assess, and improve patient care. It will preserve the frank exchange of information expected by South County Hospital and every other hospital in Rhode Island, as intended by the Department of Health and the State Legislature.

WHEREFORE, for the reasons stated herein, this Defendant respectfully requests that a protective order be entered regarding the deposition of the Keeper or Records of the Rhode Island Department of Health and quashing the deposition.

Respectfully submitted by:
Defendant,
**South County Hospital**
By its Attorneys,
**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION OF GOOD FAITH**

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention.

**CERTIFICATION**

I hereby certify that a true copy of the within hand delivered on this 10 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medagh
_______________________

memo motion.protective order RIDOH.wpd