**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN**<br>**Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS**<br>**Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MOTION FOR PROTECTIVE ORDER**
**AS TO PLAINTIFF'S REQUEST FOR INSPECTION**
**OF PREMISES OF DEFENDANT SOUTH COUNTY HOSPITAL**

Now comes defendant South County Hospital and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, hereby seeks a protective order regarding plaintiff's request for inspection of premises of defendant South County Hospital's emergency department.

This defendant respectfully submits that the inspection should not go forward inasmuch as the inspection requested is harassing, unduly burdensome, oppressive, and will cause unnecessary embarrassment to the Defendant Hospital. In addition, in light of the highly confidential nature of an emergency department and the fact that there are at all times patients present in the emergency department, confidential healthcare information readily assessable and observable within the emergency department, as well as the fact that the inspection is not reasonably calculated to lead to

the discovery of relevant evidence, is unnecessary and irrelevant to plaintiff's claims of medical negligence, lack of informed consent, EMTALA, vicarious and corporate liability, all as asserted by the plaintiff against defendant South County Hospital, there is no purpose to be served by permitting plaintiff's counsel to inspect, survey, measure, photograph or video record this defendant's emergency department.

Wherefore, this defendant respectfully requests that a protective order be entered preventing this inspection from going forward. Defendant South County Hospital submits the accompanying Memorandum of Law in further support of its motion, a Memorandum of Law which has also been submitted in support of this defendant's Objection to Plaintiff's Request for Inspection.

Respectfully submitted by:
Defendant,
**South County Hospital**
By its Attorneys,
**RATCLIFFE BURKE HARTEN & ELIAS, LLP**

Jay M. Elias, Esquire (#3050)
~~Paul F. Galamaga~~, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, and sent via facsimile on this 22 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medaglia

motion.protective order - inspection of premises.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MEMORANDUM OF LAW**
**IN SUPPORT OF ITS**
**MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S**
**REQUEST FOR INSPECTION OF PREMISES**
**OF DEFENDANT SOUTH COUNTY HOSPITAL**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, any party may serve on any other party a request to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

In this case, plaintiff has requested entry into defendant South County Hospital's emergency department for the purpose of "inspecting, measuring, surveying, photographing and videorecording the hospital's emergency department, including specific locations [*which have not been identified*], fixtures [*which have not been identified*] and equipment [*which have not been identified*] material to the claims set forth in Plaintiff's complaint". Plaintiff proposes that her counsel, of whom there

are three who have entered their appearances [Attorneys DeLuca, Weizenbaum and Eskey], as well as plaintiff counsel's nurse-paralegal, as well as a photographer/videographer, will be present during the inspection. Plaintiff submits in her request for inspection that the inspection will last "no more than two hours". Plaintiff indicates in her request that she is willing to enter into any "reasonable agreement" as to further details for the conduct of the inspection, and has proposed the date of Wednesday, June 22, 2005 at 8:00 a.m. to conduct said inspection of the Hospital's emergency department.

Defendant South County Hospital strenuously objects to plaintiff's request to inspect, survey, measure, photograph, and videotape its emergency department. A careful analysis of plaintiff's Complaint leads to the conclusion that there is **no** reasonable basis for such an inspection in this case. Plaintiff has claimed medical negligence on the part of the Hospital and other defendants in connection with care provided to the minor plaintiff, Maximus Wadensten on October 25, 2003. The claims of medical negligence are coupled with plaintiff's claims of violation of the federal regulation known as EMTALA, the Emergency Medical Treatment and Active Labor Act, a federal law enacted in response to concerns that some emergency departments were refusing to treat indigent or insured patients or were inappropriately transferring them to other facilities, a practice known as "patient dumping". Plaintiff's EMTALA claims focus on whether the minor plaintiff was provided an "appropriate" medical screening examination and whether the patient was properly transferred to Hasbro Children's Hospital at the time of the minor plaintiff's re-visit to South County Hospital later that same day.

There is **no** claim by plaintiff of the misuse of equipment or fixtures in the Hospital's emergency department, or of the malfunctioning of any equipment or fixtures. There is **no** claim that

the physical layout of the emergency department in any way hampered the provision of medical services to the minor plaintiff. There is **no** claim that the working conditions at defendant South County Hospital's emergency department were in any way a factor in the plaintiff's claims in her complaint. There are **no** claims that the premises themselves were in any way a factor in the subject matter of the action, as, for example, when a particular machine in a personal injury case or patent infringement case is at issue. *See, e.g.,* Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904 [4th Cir. 1978].

This defendant respectfully submits that its emergency department is a busy place where the primary focus of energy and attention is on providing care and treatment to the patients who present to that department. Patients who present are generally anxious and ill. The healthcare providers working in the emergency department must be free to direct their energy, efforts and communications with each other and with their patients without fear of being photographed, videotaped, or overheard by plaintiff's counsel, counsel's nurse-paralegal and a photographer/videographer walking through the department for up to two hours. Similarly, plaintiff has offered absolutely no support for her request that there is *any* purpose to be served by measuring or surveying the department, the fixtures and equipment within the department, or any "specific locations" which have not been identified.

The adverse effect of permitting plaintiff's counsel and their entourage to undertake an inspection and survey of the emergency department, and to photograph and videotape the department serves no purpose relevant to the subject matter of the case. There is a significant likelihood not only of embarrassment and hardship which will be caused to the Hospital by having patients witness these persons inspecting and photographing the emergency department, but also the risk of infringing on patient privacy and confidentiality. There is, by necessity, patient information readily accessible to

healthcare providers, including the use of computer monitors located throughout the department. Similarly, the nature of an emergency department, unlike an office or factory or even a private medical office, requires the healthcare providers working within the department to be able to freely communicate with one another without fear of being overheard by plaintiff's malpractice counsel. These hardships must clearly outweigh any potential benefit to be served by an inspection here.

Plaintiff has failed to articulate any need for the inspection, survey, measurement or videotaping of the Hospital's emergency department. Rule 34 was not intended to provide a party to a lawsuit the ability to simply inspect and survey, videotape and photograph, or measure another party's place of business where there is no relevant purpose to be served.

Although Rule 26(b) of the Federal Rules is interpreted to allow liberal discovery of information reasonably calculated to lead to the discovery of admissible evidence, the scope of any entry onto the designated property of another party is limited to discoverable material. Entry and inspection of a hospital's emergency department of a hospital, where patients expect the highest level of privacy and where healthcare providers must have the ability to freely communicate confidential healthcare information among themselves, demands a more searching inquiry into the need for inspection. *Equal Employment Opportunity Commission v. United States Bakery*, 2004 U.S. Dist. Lexis 11350[Doreg. 2004] citing *Belcher v. Bassett Furniture*, 588 F.2d 904 [4th Cir. 1978]. "In this respect, the degree to which the proposed inspection will assist the moving party and a search for truth must be weighted against the concordance hardships and hazzards created by the inspection". Id. *See also* *Hickman v. Taylor*, 329 U.S. 495 [1947].

In the context of this case, the Hospital submits that plaintiff's request for entry upon its emergency department should be disfavored where neither the hospital's premises nor its equipment

are at issue. *See* EEOC v. United States Bakery, Id. Here, the only purpose that can be served by plaintiff's inspection of the emergency department is to attempt to gain access to information not otherwise obtainable through the discovery process. If plaintiff claims that there is something about the physical layout of this defendant's emergency department, then this defendant can provide a floor plan of its emergency department. If plaintiff claims that because of the size of the emergency department there was a delay in treating the minor plaintiff because of the inability of a healthcare provider to reach the minor plaintiff's location in time to provide some form of medical intervention, then perhaps an inspection of the premises would be in order. If the plaintiff claims that a particular fixture or piece of equipment malfunctioned or was not used appropriately, then perhaps an inspection would be appropriate. If plaintiff claims that the condition of the emergency department was somehow a factor in the care and treatment of the minor plaintiff, then perhaps an inspection would be warranted. Here, though, an inspection of the premises is not relevant to any of plaintiff's claims. Plaintiff does not allege that the physical layout or features of South County Hospital's emergency department contributed in any way to the alleged negligence or alleged EMTALA violations. Neither the overall conditions under which this defendant or any other defendant worked, nor the physical layout of the hospital's emergency department is at issue in this case. *See, e.g.,* *EEOC v. United States Bakery.* *Id.*

As in the case of *EEOC v. United States Bakery*, defendant South County Hospital submits that to permit plaintiff's counsel and her entourage to inspect the emergency department would "likely unnecessarily disrupt defendant's operations and its employees" and, in this case, would jeopardize and compromise patient privacy as well as the ability of healthcare providers to communicate and the provision of medical care and treatment.

Plaintiff's counsel has had the ability to and, in fact, has conducted, the depositions of numerous individuals who can describe their working conditions and the equipment, fixtures and physical layout of the emergency department, if plaintiff requires such information. For example, witnesses have the ability to describe the physical layout of the emergency department without burdening the hospital, the healthcare providers, or the patients. There is no purpose to be served in this case to permit plaintiff's access to the emergency department.

For the reasons set forth in this Memorandum of Law, defendant South County Hospital respectfully submits that a physical inspection of its emergency department based upon the facts and allegations in this case, is wholly unwarranted. The effect of such an inspection by plaintiff's counsel would be only to embarrass, annoy and oppress this defendant, and such an inspection would cause an undue burden and hardship on the Hospital and its ability to provide care and treatment in its emergency department. This case simply does not warrant the level of intrusion which plaintiff seeks.

For the reasons set forth in the Memorandum of Law, defendant South County Hospital respectfully requests that this Honorable Court **deny** plaintiff's request for inspection of premises of defendant South County Hospital.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
~~Paul F. Galamaga~~, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, and sent via facsimile on this 22 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

*Memo in Support of Mot for Protective Order - Inspection of Premises.wpd*