**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS AND STRIKE OBJECTIONS TO INTERROGATORIES PROPOUNDED TO LINDA WADENSTEN, p.p.a. MAXIMUS WADENSTEN**

South County Hospital moves, pursuant to Fed.R.Civ.P.37(a)(3), for an order striking objections and compelling plaintiff Linda Wadensten, p.p.a. Maximus Wadensten, to provide more responsive answers to interrogatories and strike objections in the manner set forth in the attached Memorandum. South County Hospital respectfully requests that this Court issue an Order granting the defendant's motion to strike objections and compel further responsive answers and requiring plaintiff to provide said responses within ten (10) days of the Court's ruling on this motion.

DEFENDANT
SOUTH COUNTY HOSPITAL
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Paul F. Galamaga

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention. While the initial motion contemplated moving on ten interrogatories, the final motion seeks an order on only four interrogatories.

Paul F. Galamaga

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 27 day of June, 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeglia

mtcmrai.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN**<br>**Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS**<br>**Defendants** | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS AND STRIKE OBJECTIONS TO INTERROGATORIES PROPOUNDED TO LINDA WADENSTEN, p.p.a. MAXIMUS WADENSTEN**

As requested by the attached Motion, South County Hospital seeks a ten (10) day Order compelling plaintiff to provide more responsive answers to interrogatories propounded to Linda Wadensten, p.p.a. Maximus Wadensten in the manner outlined below.

**INTERROGATORY #3**

3: Please describe, in detail, the events leading up to and/or requiring the minor plaintiff to be initially brought to South County Hospital on or about October 25, 2003 including in your description the following:

a. Name, address and relation to the minor plaintiff of all persons in contact with the minor plaintiff for 48 hours prior to such visit to South County Hospital; and

b. Activities the minor plaintiff was involved in for 48 hours prior to such visit to South County Hospital.

**ANSWER #3**

3: Plaintiff objects to this interrogatory to the extent that it is overbroad and unduly burdensome. Notwithstanding and answering to the best of my recollection, knowledge, and ability, I was at work and Jen Weiss was watching Max. I received a call at work from Jen who said that

Max had an accidental fall on the kitchen floor and that she wanted him to get checked out at the hospital because he had hit his head. I told Jen that I would meet her at the hospital. As to paragraphs (a) and (b) above:

a. In contact with Max for a 48-hour period prior to Max's initial visit to South County Hospital were myself, Linda Wadensten, 48 Hannas Road, Charlestown, RI 02813, mother; and Jen Wiess, 46 Harrington Road, North Kingstown, RI 02852, care-giver.

b. Forty-eight hours prior to my son's visit to South County Hospital, he was playing, rolling over, floor play, watching baby Einstein videos, sleeping, eating, Basically just being a normal little 7-month old boy.

**INFORMATION SOUGHT:**

**Defendant moves to strike plaintiff's objection as the interrogatory is neither overbroad nor unduly burdensome. It is unclear from the answer if plaintiff is withholding additional information based upon the assertion of this objection.**

**INTERROGATORY #6**

6: With respect to Count VII of your Complaint, state the factual bases for the allegation that South County Hospital "failed to provide Plaintiff Maximus with an appropriate medical screening examination within the capability of Defendant South County Hospital's Emergency Department" and for each alleged fact, provide the following information:

a. The identity of all persons having knowledge of the truth or falsity of the alleged facts and, with respect to each person, identify the specific facts of which he or she is aware; and

b. Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each alleged fact.

**ANSWER #6**

6: A complete answer to this interrogatory requires the opinions of experts not yet retained to testify at trial. Notwithstanding and answering as a layperson, I believe that South County Hospital made a huge mistake discharging my son. He had little or no medical screening examination. The hospital is obviously equipped to perform much more extensive medical screening than what was performed on Max at his first visit. Answering as to paragraphs (a) and (b) above:

a. Jen Weis and I were present during and observed Nurse Burlingame's "examination" of Max at his first visit. Also, the defendants, their

employees, servants and agents should have knowledge.

b. Objection to the extent that the interrogatory seeks information protected by the work product doctrine and attorney-client privilege. Also, plaintiff objects to the extent that the interrogatory is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Further, a complete anser to this interrogatory requires opinions of experts, not yet retained to testify at trial. Notwithstanding, and answering as a layperson, none at this time, other than the medical records.

**INFORMATION SOUGHT:**

**Defendant seeks the complete response to the interrogatory. Plaintiff's answer provides no factual basis for the allegation that South County Hospital failed to provide plaintiff with an appropriate medical screening examination. Plaintiff simply claims he had little or no screening examination and further indicates that the hospital was equipped to perform a much more extensive medical screening examination. Defendant seeks from plaintiff a specific identification of the screening examination they are aware of that was conducted at South County Hospital. Defendant also seeks identification of what "much more extensive medical screening" plaintiff is asserting should have been conducted.**

**INTERROGATORY #13**

13: With respect to Count XII of your Complaint, state the factual bases for the allegation that South County Hospital "failed to promulgate and enforce policies and procedures to insure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as a hospital" and, for each alleged fact, please provide the following information:

a. The identity and source of the policies and procedures referred to;

b. The identity of all persons having knowledge of the truth or falsity of the alleged facts and, with respect to each person, identify the specific facts of which he or she is aware; and

c. Identify and describe all documents or other tangible things relating to, containing information about, or supporting or refuting each alleged fact.

**ANSWER #13**

13: A Complete answer to this interrogatory requires the opinions of experts not yet retained to testify at trial and requests information not yet available to plaintiff at this point in discovery. Notwithstanding and answering as a layperson, South County Hospital is responsible for the actions of their employees, servants and agents. It should have policies and procedures

that must be followed to ensure that its patients receive the proper care and treatment. It is also responsible for ensuring the timely transport of critical patients. Answering as to paragraphs (a) through (c) above:

a. An answer to this interrogatory requires information not yet available to plaintiff at this point in discovery.
b. An answer to this interrogatory requires information not yet available to plaintiff at this point in discovery.
c. An answer to this interrogatory requires information not yet available to plaintiff at this point in discovery.

**INFORMATION SOUGHT:**

**Defendant seeks a full response to this interrogatory as plaintiff's initial answer fails to provide any factual basis for the allegation that South County Hospital "failed to promulgate and enforce policies and procedures to ensure the delivery of ordinary medical group care and otherwise failed to discharge its responsibilities as hospital" as alleged in the complaint. Plaintiff simply asserts that South County Hospital should have policies and procedures that must be followed to ensure that patients receive proper care and treatment.**

**Defendant seeks an Order requiring plaintiff to provide all factual basis for plaintiff's allegation. Plaintiff is required to have a good faith basis for her allegation prior to filing her complaint. Plaintiff should not be allowed to simply assert that the defendant is requesting information that is not yet available to the plaintiff at this point in discovery. Defendant also seeks a full answer to subsections (a), (b) and (c) as all subsections are reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY #22**

22: Give an itemized statement (and identify each provider) of the expenses, if any, which the minor plaintiff has incurred or which you claim he will incur as a result of the incident(s) described in the complaint and as to those expenses which have been incurred, the date or dates when each was rendered or supplied, the charge for each, and identify which expenses have been paid or reimbursed in part or in full by a third-party payor.

**ANSWER #22**

22: I am unable, at this time, to provide an itemized statement of the expenses which max has incurred or will incur as a result of this incident. Plaintiff reserves the right to supplement this answer in accordance with the Rules of Civil Procedure.

**INFORMATION SOUGHT:**

**Defendant seeks the information requested at this time. Plaintiff has been provided ample opportunity to obtain the requested information.**

DEFENDANT
SOUTH COUNTY HOSPITAL
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Paul F. Galamaga

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION OF GOOD FAITH**

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention. While the initial motion contemplated moving on ten interrogatories, the final motion seeks an order on only four interrogatories.

Paul F. Galamaga

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 27 day of June, 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medagh

memo mtcmrai (Minor).wpd