**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MOTION FOR LEAVE OF COURT**
**TO AMEND ITS ANSWER TO THE PLAINTIFF'S COMPLAINT**
**AND TO FILE A THIRD PARTY COMPLAINT**

Defendant South County Hospital hereby moves this Honorable Court pursuant to Rules 14(a) and 15(a) of the Federal Rules of Civil Procedure for leave of court to amend its Answer to the Plaintiff's Complaint and to file a Third Party Complaint, thereby initiating suit against Jennifer Weiss. Ms. Weiss was the plaintiff's child care provider at the time of the incident and caused the minor plaintiff's injuries by dropping the child on to the floor.

Defendant South County Hospital's request for leave to amend its Answer to Plaintiff's Complaint seeks to correct the Hospital's previous answer to allegations, and is based upon information obtained during the discovery process. Specifically, South County Hospital seeks this Court's permission to amend its Answer to Plaintiff's Complaint in order to now admit that it is a covered entity pursuant to the Emergency Medical Treatment and Active Labor Act ("EMTALA").

In addition to amending its Answer to revise its response to Plaintiff's allegations, this request for leave seeks permission of the Court to permit Defendant South County Hospital to timely add a Third Party Complaint based upon information recently discovered during the deposition of Jennifer Weiss on May 26, 2005. Rule 14(a) of the Federal Rules of Civil Procedure provides that "at any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." Defendant South County Hospital respectfully submits that this Court's permission to amend the Hospital's Answer to Plaintiff's Complaint will in no way prejudice any of the rights or interests of the parties and will, in fact, conform the pleadings to the evidence.

Wherefore, Defendant South County Hospital respectfully requests that its Motion for Leave of Court be granted, and that the Hospital's Third Party Complaint be allowed. A copy of the proposed amended Answer and Third Party Complaint is attached hereto for reference. As further support thereof, please see the attached Memorandum of Law.

DEFENDANT
**SOUTH COUNTY HOSPITAL**
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 27 day of June, 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medagl

*mot. for leave of court to file third party complaint.wpd*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION FOR LEAVE OF COURT**
**TO FILE AN AMENDED ANSWER AND**
**A THIRD PARTY COMPLAINT**

## I. Introduction

Defendant South County Hospital hereby submits this Memorandum of Law in support of it Motion for Leave of Court to file an amended Answer and to file a Third Party Complaint against Jennifer Weiss. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of Court, and that "leave shall be freely given when justice so requires." Rule 14(a) of the Federal Rules of Civil Procedure provides that "at any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff." This Defendant respectfully submits that in light of the facts and circumstances and evidence of the instant litigation, justice requires this amendment.

Jennifer Weiss is an interested party to this lawsuit. Ms. Weiss was the child care provider of Maximus Wadensten employed by Plaintiff at the time of an incident and caused the minor plaintiff's injuries by dropping the child on to the floor.

## II. Facts and Travel

The gravamen of Plaintiffs' Complaint is based upon alleged inadequacies in the medical care and treatment received by Maximus Wadensten on October 25, 2003, following an incident in which Maximus' nanny, Jennifer Weiss, admits to having dropped Maximus after she was bumped by the plaintiff's two dogs. Ms. Weiss testified on May 26, 2005 in clear and unequivocal testimony that she was careless in dropping the young child on to the hard tile floor of Plaintiff's kitchen while removing him from his stroller, thereby causing the injuries he sustained. It is those injuries which are the subject of this lawsuit. See *Weiss Depo. p.* 227-229, attached hereto as **Exhibit A.**

On or about August 6, 2004, Plaintiff filed this action, alleging malpractice in connection with the treatment Maximus received at South County Hospital on October 25, 2003 during two visits to the Emergency Department of that Hospital on that date. Plaintiff filed her Amended Complaint on September 18, 2004, and filed a Second Amended Complaint on or about December 15, 2004. Plaintiff's claims against South County Hospital set forth in her Second Amended Complaint include the following: EMTALA - Failure to Provide Medical Screening (Count VII), EMTALA - Transfer Without Stabilization (Count VIII), Medical Negligence (Count IX), Lack of Informed Consent (Count X), Corporate Liability (Count XI), and Vicarious Liability (Count XII). Plaintiff brought this suit in federal court based upon federal question jurisdiction.

The deposition of Plaintiff's nanny, Jennifer Weiss, was first noticed on April 20, 2005. The deposition was re-noticed three times based upon the unavailability of the witness. Ms. Weiss' deposition was ultimately conducted on May 26, 2005. The witness was represented at deposition by Plaintiff's counsel, who, on numerous occasions, raised Objections to defense counsel's questions. Plaintiff's counsel indicated the basis for many of their objections was the Attorney-Client privilege.

During the course of her deposition, Ms. Weiss testified that she was careless in dropping Maximus Wadensten on to a hard tile floor in Plaintiff's kitchen, thereby causing the injuries alleged to have been sustained by the child. <u>See</u> *Weiss Depo. p.* 227-229 attached hereto as **Exhibit A.**

Ms. Weiss further testified that, despite her understanding of the discharge instructions provided following the child's first visit to South County Hospital's Emergency Department which indicated that the child was to return to the Hospital <u>immediately</u> upon displaying certain symptoms, it was almost one and half hours between the time she first noticed Maximus experiencing those symptoms and the time she returned him to the Hospital. <u>See</u> *Weiss Depo. p.* 239-245 attached hereto as **Exhibit B.**

Defendant South County Hospital submits that Ms. Weiss may well be liable in part for any delay of further treatment which is claimed by Plaintiff to be a cause of the child's alleged injuries. Ms. Weiss' deposition transcript was first received by the Hospital's counsel on June 3, 2005. After careful evaluation of Ms. Weiss' testimony, after due consideration of all of the allegations asserted by Plaintiff for which she seeks remedy, after intensive deliberation and discussions with the client and its insurer, and after an analysis of applicable laws and rules, counsel for Defendant South

County Hospital in good faith has timely filed its Motion for Leave of Court to amend the Hospital's Answer to Plaintiff's Complaint and to file a Third Party Complaint.

## III. Statement of Law

### a. Amending Defendant South County Hospital's Answer

Rule15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleading by Leave of Court, and such "leave shall be freely given where justice so requires." A Motion to Amend is usually liberally granted; and some justification is required for a refusal. *Desrosiers v. Hartford Life and Accident Ins. Co.*, 354 F. Supp. 2d. 119, 129 (D. R.I. 2005); *citing*, *Ondis v. Barrows*, 538 F.2d 904, 909 (1st Cir. 1976).

### b. Filing of a Third Party Complaint.

Rule 14(a) of the Federal Rules of Civil Procedure provides that "[a]t any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third party plaintiff."

The United States Supreme Court has unanimously determined that once there is a claim arising out of a federal question, 28 U.S.C. § 1367(a) provides a jurisdictional basis for litigating in the federal forum "not only state-law claims against the defendant named in the federal claim, but also state law claims that involve the joinder or intervention of additional parties." *Exxon Mobil*

*Corporation v. Allapattah Services, Inc. et al. v. Star-Kist Foods, Inc.*, 2005 U.S. LEXIS 5015, *75 (2005); citing *Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

Rule 14(a) impleader does not require a discharge of more than a *pro rata* share of common liability before commencing the third party action. See *Marcus v. Marcoux v. Alpert*, 41 F.R.D. 332, 337 (D. R.I. 1967). "If the court should find that the defendant is not liable to the plaintiff, it will end the litigation as between the third-party plaintiff and the third-party defendant. If, however, it is found that the defendant and the third-party defendant were negligent then the defendant may obtain a money judgment against the third-party defendant after he has paid all or more than his pro rata share of the judgment against him." *Id.*

**IV. Argument**

**a. Defendant's Amended Answer Will Conform the Pleadings to the Evidence.**

While South County Hospital in no way concedes any liability for wrongdoing under EMTALA, it recognizes that it is a "covered entity" pursuant to the provisions of EMTALA. Accordingly, this Defendant seeks to amend its Answer to properly reflect this fact.

**b. Defendant's Third Party Complaint is Proper Because Jennifer Weiss is Potentially Liable to the Defendant in the Event that the Defendant is Found Liable.**

By Jennifer Weiss' very own testimony, she was careless in dropping Maximus Wadensten on to a hard tile floor and causing him injury. She also testified regarding an hour and a half delay between the onset of certain delineated symptoms and the child's return to the Emergency Department at South County Hospital. South County Hospital submits that based upon the nature

of Plaintiff's allegations of negligence here, joinder of Ms. Weiss as an interested party is both warranted, appropriate, necessary and required.

Plaintiff's counsel represented Ms. Weiss at her deposition, and seem to have similarly recognized the fact that Ms. Weiss is an interested party. In fact, counsel for Plaintiff voiced objection to defense counsel's questioning of Ms. Weiss concerning her carelessness in dropping the baby. In one instance when defense counsel sought to inquire about the circumstances surrounding Ms. Weiss having dropped the child to the floor, Plaintiff's counsel objected and stated the following: *"Sue her [Ms. Weiss] and you can ask her those questions." See* ***Exhibit A***, *Weiss depo. p. 227-228.*

This Defendant respectfully submits that granting its Motion to Amend its Answer and File a Third Party Complaint will in no way prejudice any of the parties, and will better serve the interests of justice and fairness. This case remains within the applicable three year Statute of Limitations; adding Ms. Weiss, an interested party, would not be time-barred under any circumstance.

## V. <u>Conclusion</u>

The Federal Rules of Civil Procedure permit a defendant to implead a third-party defendant who may be liable to the defendant *at any time* during the litigation. Ms. Weiss' own testimony demonstrates the necessity of such impleader in the instant action.

Plaintiff has alleged that her young son has been permanently injured as the result of the care and treatment he received by Defendant South County Hospital and by the other named party

defendants. Among other things, Plaintiff has alleged that the care and treatment provided at South County Hospital were the proximate cause of her son's injuries. As the result of evidence adduced during the course of pre-trial discovery, counsel for the Hospital has learned that Plaintiff's nanny has admitted to her own carelessness in dropping the child on to a hard tile floor. Ms. Weiss played a key role not only with regard to the cause of the child's injuries, but with regard to the Plaintiff's claims of negligence as they relate to the care and treatment provided at the Hospital. Ms. Weiss was present at the time discharge instructions were provided at the Hospital's Emergency Department. The child was in her care exclusively for a significant period of time following his discharge from South County Hospital. She testified she dropped the child while he was in her care, custody and control, and the child was reported to have then struck his head on a hard industrial tile kitchen floor. Ms. Weiss testified that even after she observed some of the symptoms for which she had been instructed to watch, and which symptoms she knew were described in the discharge instructions provide at the Hospital as requiring the immediate return to the Emergency Department, it took an hour and a half for her to bring Maximus back to the Emergency Department. The Hospital was located only miles away from the home. Defendant South County Hospital submits that Ms. Weiss is an interested party.

Wherefore, Defendant South County Hospitals respectfully requests that its Motion for Leave of Court be granted, and South County Hospital's Third Party Complaint be allowed. A copy of the proposed Amended Answer and Third Party Complaint is attached hereto as **Exhibit C** for the Court's reference.

DEFENDANT
**SOUTH COUNTY HOSPITAL**
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was mailed postage prepaid on the 21 day of June, 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

memo in support of mot for leave to file third party compl#2.wpd