**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **TIMOTHY DRURY, M.D.** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**AMENDED ANSWER**
**AND**
**THIRD PARTY COMPLAINT**

Now comes defendant South County Hospital [hereinafter sometimes referred to as "this defendant"] and answers the plaintiff's Second Amended Complaint herein-filed as follows:

**FIRST DEFENSE**

**GENERAL ALLEGATIONS**

1. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of that portion of the plaintiff's Second Amended Complaint entitled "General Allegations" and therefore leaves the plaintiff to her proof thereof.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 6, 7 or 8 of that portion of the plaintiff's Second Amended Complaint entitled "General Allegations" inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically

denied.

3. This defendant admits the allegations contained in paragraph 5 of that portion of the plaintiff's Second Amended Complaint entitled "General Allegations" to the extent that the allegations allege that defendant South County Hospital is a "covered hospital" as defined by 42 U.S.C. § 1395dd(e)(2). To the extent that this paragraph makes any further allegations against this defendant, such allegations are expressly denied.

4. This defendant specifically denies the allegations contained in paragraph 9 of that portion of the plaintiff's Second Amended Complaint entitled "General Allegations".

5. This defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of that portion of the plaintiff's Second Amended Complaint entitled "General Allegations" and therefore leaves the plaintiff to her proof thereof.

## SECOND DEFENSE

## JURISDICTION

1. This defendant specifically denies the allegations contained in paragraph 11 of that portion of the plaintiff's Second Amended Complaint entitled "Jurisdiction".

## THIRD DEFENSE

## COUNT I
## NEGLIGENCE
## DEFENDANT ROBERT J. CASCI, JR., D.O.

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count I of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**FOURTH DEFENSE**

**COUNT II**
**LACK OF INFORMED CONSENT**
**DEFENDANT ROBERT J. CASCI, JR., D.O.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count I of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count II of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**FIFTH DEFENSE**

**COUNT III**
**NEGLIGENCE**
**DEFENDANT TIMOTHY DRURY, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint as if fully set forth at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6 or 7 of Count III of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied

**SIXTH DEFENSE**

**COUNT IV**
**LACK OF INFORMED CONSENT**
**DEFENDANT TIMOTHY DRURY, M.D.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count III of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count IV of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SEVENTH DEFENSE**

**COUNT V**
**NEGLIGENCE**
**DEFENDANT PAMELA BURLINGAME, RNP**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count V of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

## EIGHTH DEFENSE

### COUNT VI
### LACK OF INFORMED CONSENT
### DEFENDANT PAMELA BURLINGAME, RNP

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count V of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count VI of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

## NINTH DEFENSE

### COUNT VII
### EMTALA - FAILURE TO PROVIDE MEDICAL SCREENING
### DEFENDANT SOUTH COUNTY HOSPITAL

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant admits that care and treatment were provided to the minor plaintiff, Maximus Wadensten, by and through this defendant's emergency department; however, this

defendant specifically denies the remaining allegations contained in paragraph 2 of Count VII of the plaintiff's Second Amended Complaint.

3. This defendant makes no response to any of the allegations contained in paragraph 3 of Count VII of the plaintiff's Second Amended Complaint inasmuch as said paragraph merely states a general proposition.

4. This defendant specifically denies the allegations contained in paragraphs 4, 5, 6, 7 and 8 of Count VII of the plaintiff's Second Amended Complaint.

## TENTH DEFENSE

## COUNT VIII
## EMTALA - TRANSFER WITHOUT STABILIZATION
## DEFENDANT SOUTH COUNTY HOSPITAL

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant admits that care and treatment were provided to the minor plaintiff, Maximus Wadensten, through this defendant's emergency department; however, this defendant specifically denies the remaining allegations contained in paragraph 2 of Count VIII of the plaintiff's Second Amended Complaint

3. This defendant specifically denies the allegations contained in paragraphs 3, 4, 5, 6, 7 and 8 of Count VIII of the plaintiff's Second Amended Complaint.

## ELEVENTH DEFENSE

## COUNT IX
## NEGLIGENCE
## DEFENDANT SOUTH COUNTY HOSPITAL

1. This defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5, 6, and 7 of Count IX of the plaintiff's Second Amended Complaint.

## TWELFTH DEFENSE

## COUNT X
## LACK OF INFORMED CONSENT
## DEFENDANT SOUTH COUNTY HOSPITAL

1. This defendant incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count IX of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5, 6 and 7 of Count X of the plaintiff's Second Amended Complaint.

## THIRTEENTH DEFENSE

## COUNT XI
## CORPORATE LIABILITY
## DEFENDANT SOUTH COUNTY HOSPITAL

1. This defendant incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count IX of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5, and 6 of Count XI of the plaintiff's Second Amended Complaint.

**FOURTEENTH DEFENSE**

**COUNT XII**
**VICARIOUS LIABILITY**
**DEFENDANT SOUTH COUNTY HOSPITAL**

1. This defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the plaintiff's Second Amended Complaint and Counts I through XII of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant specifically denies the allegations contained in paragraphs 2, 3, 4, 5, and 6 of Count XII of the plaintiff's Second Amended Complaint.

**FIFTEENTH DEFENSE**

**COUNT XIII**
**NEGLIGENCE**
**RHODE ISLAND EMERGENCY PHYSICIANS, INC.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6 or 7 of Count XIII of plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SIXTEENTH DEFENSE**

**COUNT XIV**
**LACK OF INFORMED CONSENT**
**DEFENDANT RHODE ISLAND EMERGENCY PHYSICIANS, INC.**

1. This defendant hereby incorporates by reference its responses to the allegations contained

in paragraphs 1 and 2 of Count XIII of the plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6 or 7 of Count XIV of plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**SEVENTEENTH DEFENSE**

**COUNT XV**
**CORPORATE LIABILITY**
**DEFENDANT RHODE ISLAND EMERGENCY PHYSICIANS, INC.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XIII of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, or 6 of Count XV of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**EIGHTEENTH DEFENSE**

**COUNT XVI**
**VICARIOUS LIABILITY**
**DEFENDANT RHODE ISLAND EMERGENCY PHYSICIANS, INC.**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint and Counts I through XV of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, or 6 of Count XVI of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

## NINETEENTH DEFENSE

### COUNT XVII
### NEGLIGENCE
### JOHN DOE, M.D., ALIAS AND JANE DOE, M.D., ALIAS

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count XVII of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

## TWENTIETH DEFENSE

### COUNT XVIII
### LACK OF INFORMED CONSENT
### JOHN DOE, M.D., ALIAS AND JANE DOE, M.D., ALIAS

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XVII of plaintiff's Second Amended Complaint as if set forth fully at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count XVIII of the plaintiff's Second Amended Complaint inasmuch as said

paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTY-FIRST DEFENSE**

**COUNT XIX**
**NEGLIGENCE**
**DEFENDANT JOHN DOE CORPORATION**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count XIX of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTY-SECOND DEFENSE**

**COUNT XX**
**LACK OF INFORMED CONSENT**
**DEFENDANT JOHN DOE CORPORATION**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XIX of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, 6, or 7 of Count XX of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTY-THIRD DEFENSE**

**COUNT XXI**
**CORPORATE LIABILITY**
**DEFENDANT JOHN DOE CORPORATION**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 and 2 of Count XIX of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, or 6 of Count XXI of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTY-FOURTH DEFENSE**

**COUNT XXII**
**VICARIOUS LIABILITY**
**DEFENDANT JOHN DOE CORPORATION**

1. This defendant hereby incorporates by reference its responses to the allegations contained in paragraphs 1 through 11 of plaintiff's Second Amended Complaint and Counts XIX through XXI of plaintiff's Second Amended Complaint as if set forth fully and at length herein.

2. This defendant makes no response to any of the allegations contained in paragraphs 2, 3, 4, 5, or 6 of Count XXII of the plaintiff's Second Amended Complaint inasmuch as said paragraphs are not directed to it; however, to the extent the allegations contained therein purport to state a claim against this defendant, said allegations are specifically denied.

**TWENTY-FIFTH DEFENSE**

This defendant specifically denies that the plaintiff is entitled to any of the relief sought in any of the paragraphs of her Second Amended Complaint.

**TWENTY-SIXTH DEFENSE**

This defendant specifically denies all remaining and heretofore unanswered allegations contained in the plaintiff's Second Amended Complaint.

**TWENTY-SEVENTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with the plaintiff's failure to state a claim upon which relief may be granted.

**TWENTY-EIGHTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable affirmative defenses relating to or in connection with lack of subject matter jurisdiction.

**TWENTY-NINTH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with lack of personal jurisdiction.

**THIRTIETH DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to or in connection with a failure to join a necessary and indispensable party.

**THIRTY-FIRST DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts that the plaintiff may have been guilty of conduct that caused and/or contributed to the injury and/or damages complained of, and this defendant asserts any and all applicable affirmative defenses relating to or in connection with comparative negligence and contributory negligence.

**THIRTY-SECOND DEFENSE**

In the event the plaintiff or the minor plaintiff sustained or suffered any injuries and/or damages as a result of the incidents and events described in the plaintiff's Second Amended Complaint, all of which allegations are specifically denied by this defendant, then this defendant avers that any such injuries and/or damages were neither caused nor contributed to, either directly or indirectly, by any acts or omissions of this defendants, its agents, servants, or employees, but said injuries and/or damages, if any, were the result of intervening acts or omissions of persons or entities other than this defendant, its agents, servants, or employees, for which acts or omissions this defendant is neither liable nor responsible.

**THIRTY-THIRD DEFENSE**

Without assuming any burden of proof by so doing, this defendant asserts any and all applicable defenses relating to assumption of the risk.

**THIRTY-FOURTH DEFENSE**

This defendant specifically denies that it is guilty of any negligence alleged in the plaintiff's Second Amended Complaint.

**THIRTY-FIFTH DEFENSE**

This defendant specifically reserves the right to supplement or amend its Answer to the plaintiff's Second Amended Complaint, adding further affirmative or other defenses as facts become known or discovered during the course of pre-trial discovery.

WHEREFORE, defendant South County Hospital respectfully prays that the plaintiff be awarded no relief by and through the above-captioned action, that this Honorable Court grant judgment in favor of this defendant and against the plaintiff, and that this defendant be awarded all reasonable attorneys' fees and costs incurred in the defense of the above-entitled action.

**DEFENDANT SOUTH COUNTY HOSPITAL'S THIRD PARTY COMPLAINT AGAINST JENNIFER WEISS**

**GENERAL ALLEGATIONS**

1. Defendant and Third Party Plaintiff South County Hospital is a Rhode Island corporation with a principal place of business located in Wakefield, Rhode Island.

2. Third Party Defendant Jennifer Weiss is a Rhode Island resident currently residing at 46 Harrington Road, North Kingstown, RI 02852.

3. Third Party Defendant Weiss was providing child care for the minor Plaintiff Maximus Wadensten on or about October 25, 2003.

**JURISDICTION**

3. Jurisdiction of this court is proper pursuant to 28 U.S.C. §1367.

**COUNT I**

**CONTRIBUTION AS TO JENNIFER WEISS**

4. Defendant and Third Party Plaintiff South County Hospital hereby incorporates by reference paragraphs 1 through 4 of its Third Party Complaint as if fully set forth at length herein.

5. By Summons and Complaint dated August 6, 2004, Plaintiff commenced this action against South County Hospital and other defendants alleging personal injuries arising out of the care and treatment received on October 25, 2003 by Maximus Wadensten during two visits to the Emergency Department of South County Hospital. Plaintiff subsequently filed an Amended Complaint on September 18, 2004 and a Second Amended Complaint on or about December 15,

2004.

6. Plaintiff alleges in Counts VII through XII six separate and distinct theories of liability against South County Hospital and claims a right to recovery for the plaintiff's personal injuries. South County Hospital expressly denies any and all liability for plaintiff's personal injuries.

7. On or about October 25, 2003, Jennifer Weiss undertook for valuable consideration to provide child care for plaintiff Maximus Wadensten.

8. During the course of providing child care to Maximus Wadensten, Third Party Defendant Jennifer Weiss was negligent in dropping Maximus Wadensten, causing plaintiff to sustain personal injury.

9. During the course of providing child care to Maximus Wadensten, Third Party Defendant Jennifer Weiss was negligent in delaying return to the South County Hospital Emergency Department contrary to the Emergency Department's discharge instructions, causing plaintiff to suffer personal injury.

10. As a result of the Third Party Defendant's negligence, the minor Plaintiff Maximus Wadensten suffered the injuries alleged by the plaintiff in the Second Amended Complaint.

11. The injuries suffered by the minor Plaintiff Maximus Wadensten are the direct result of the negligent care and treatment provided by the Third Party Defendant.

12. Pursuant to Rhode Island General Laws §10-6 *et seq.*, South County Hospital asserts that if, notwithstanding its denial of negligence or other responsibility to the plaintiff, this defendant is found liable to the plaintiff, this defendant claims entitlement to recovery and contribution from Jennifer Weiss based on:

a. Jennifer Weiss' negligence in dropping Maximus Wadensten, causing plaintiff to sustain personal injury.

b. Jennifer Weiss' was negligence in delaying return to the South County Hospital Emergency Department contrary to the Emergency Department's discharge instructions, causing plaintiff to sustain personal injury.

WHEREFORE, Defendant and Third Party Plaintiff South County Hospital is entitled to contribution from Third Party Defendant Weiss for any injuries sustained by Plaintiff Linda Wadensten or the minor Plaintiff Maximus Wadensten as a result of the care provided to Maxiums Wadensten by the Third Party Defendant.

Defendant,
**SOUTH COUNTY HOSPITAL**
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

______________________________
Jay M. Elias, Esquire (#3050)
Paul M. Galamaga (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**JURY DEMAND**

Defendant South County Hospital hereby claims a trial by jury and designates Jay M. Elias, Esquire and Paul M. Galamaga, Esquire as trial counsel.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this ______ day of June 27, 2005 to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

______________________________

*Answer-Second Amended Complaint*