**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN**<br>**Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. DEFENDANT RHODE ISLAND EMERGENCY PHYSICIANS, INC. JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS**<br>**Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MOTION TO COMPEL RESPONSES AT DEPOSITION**

Now comes Defendant, South County Hospital (hereinafter sometimes referred to as "Defendant" or "Hospital"), and pursuant to Fed.R.Civ.P. 37 (a)(2)(B), hereby seeks an order compelling Jennifer Weiss to answer questions at deposition that involved demonstrating how she dropped the minor plaintiff, causing the infant's subdural hematoma that required emergency surgery. At deposition, defense counsel was requesting that the deponent, Jennifer Weiss, answer questions and demonstrate how the incident occurred wherein she dropped the minor plaintiff. Ms. Weiss was instructed by her counsel, (also plaintiff's counsel) not to respond to this inquiry. Defendant submits that the deposition should be re-convened, as the instruction not to answer questions was improper under the Federal Rules of Civil Procedure.

Defendant seeks an order compelling the re-convening of the deposition of Ms. Weiss to answer any questions from defense counsel, including questions specifically involving discussing and demonstrating how the incident occurred. Pursuant to Fed.R.Civ.P. 30 (d)(2), the defendants were allowed seven hours to conduct the deposition. Defense counsel was forced to suspend the deposition out of concern that there would not be sufficient time to ask the questions related to the fall once a Court ruled on this motion. Defendant is willing to re-convene the deposition at the Wadensten residence with use of the stroller in question.

In further support of this motion, defendant relies upon the attached memorandum of law.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medaglia

mtoion.reconvene.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **TIMOTHY DRURY, M.D.** | : | |
| **DEFENDANT RHODE ISLAND** | : | |
| **EMERGENCY PHYSICIANS, INC.** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION TO COMPEL RESPONSES AT DEPOSITION**

Now comes Defendant, South County Hospital (hereinafter sometimes referred to as "Defendant" or "Hospital"), and hereby provides this Memorandum of Law in support of South County Hospital's motion to compel answers at deposition. At deposition, defense counsel was requesting that the deponent, Jennifer Weiss, answer questions and demonstrate how she was holding the infant when she dropped him and how high she was holding the infant when she dropped him, causing the intracranial bleed. Ms. Weiss was instructed by her counsel, (also plaintiff's counsel) not to respond to this inquiry. Defendant submits that the deposition should be re-convened, as the instruction not to answer questions was improper under the Federal Rules of Civil Procedure.

## FACTS AND TRAVEL

On October 25, 2003, plaintiff Linda Wadensten left her infant, Maximus Wadensten, with her nanny, Jennifer Weiss. Ms. Weiss was watching Maximus five days a week while Linda Wadensten worked at the restaurant that she owned. According to the testimony of Ms. Weiss, she took Maximus out for a walk in a jogging stroller. When she returned to the house, she brought Maximus into the house in the jogging stroller, using the stairs of the side entrance. At that time, Ms. Weiss claims that the Wadensten's two dogs, a "mutt Lab" and a "mutt retriever", were very "riled up" because Maximus was crying. Ms. Weiss testified that the dogs are usually in crates when they are in the house, and the crates were located nearby to where the incident occurred. Ms. Weiss testified that she placed the stroller against the refrigerator in part to make sure that the dogs could not get behind the stroller. She did not place the dogs in their crates.

Ms. Weiss claims that as she was attempting to take Maximus out of the stroller, Maximus continued to cry. Ms. Weiss claims that as she attempted to turn, one of the dogs hit her leg, knocking her forward. Ms. Weiss testified that she herself weighed 203 pounds at the time of the incident. Ms. Weiss testified that as she was falling forward, she let go of Maximus and dropped him onto the tile kitchen floor. The height from which Maximus was allegedly dropped remains unclear.

At the deposition of Ms. Weiss, defense counsel was surprised to learn that plaintiff's counsel intended to represent Ms. Weiss for her deposition. Defense counsel advised plaintiff's counsel that they did not believe this was appropriate, but went forward with the deposition. The deposition was being recorded by video and stenographic means.

During the deposition, Ms. Weiss was asked to demonstrate how high she was holding the baby when she dropped the baby. She was also asked to demonstrate how she was holding the baby and how she was moving when the accident occurred. After allowing some inquiry into this area, it became clear that the testimony was not being captured adequately by the videotape. Defense counsel then asked the witness to move to an area of the conference room where the video could capture her testimony. The witness moved to a different area, and was apparently prepared to respond to additional questions when plaintiffs counsel interjected an objection. After additional colloquy, plaintiff's counsel then stated "she's not showing you anything. Ask the next question." After additional argument on the topic, the exchange ended with the following:

Mr. Nugent: We can certainly address that later on, but it's your position that this witness is not going to demonstrate anything further, is that correct?

Mr. DeLuca: That's right, she did demonstrate. (For the entire exchange, the Court is referred to Exhibit A, page 87, line 5 - page 92, line 5.)

Later on in the deposition, counsel for South County Hospital also requested the opportunity to question the deponent and ask her to demonstrate what occurred that day, and the request was denied in the following exchange.

Mr. Galamaga: And just so I can have it on the record, I am requesting that the camera be moved so she can demonstrate what happened that day and your position is you are not allowing her to do that?

Ms. Weizenbaum: Correct, it's not in the scope of the deposition, it's other than the scope of the deposition, that's our position.

Mr. Galamaga: And we disagree with that position, but we'll resolve that issue later. (Deposition p. 225, line 21 - page 226, line 5.)

## ARGUMENT

One of the key issues for the defense of this case is determining what exactly happened when this child was dropped. The exact height of the fall is important to know, both to understand the mechanism of injury as well as to assess the accuracy of Ms. Weiss' story. The height of the fall, as reported by Ms. Weiss, impacted the decision making of Nurse Practitioner Burlingame during her initial evaluation of the infant. Asking Ms. Weiss to demonstrate how she was holding the baby and how incident occurred is directly relevant to this case. It is undisputed that the dropping of the infant by Ms. Weiss caused the child's injury.

Fed.R.Civ.P. 30 (d)(1) states, in pertinent part, "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Plaintiff's counsel's instructions not to answer were not based upon any of these three requirements and, therefore, the instructions not to answer were not appropriate. There was no privilege being asserted, there was no limitation directed by the court, and plaintiff did not seek to present a motion under Rule 30(d)(4). Fed.R.Civ.P. 37 (a)(2)(B) provides in pertinent part "If a deponent fails to answer a question propounded or submitted under Rule 30...the discovering party may move for an order compelling an answer..". Defendant is seeking an order allowing for the re-convening of the deposition to allow counsel for South County Hospital to question Ms. Weiss regarding how exactly the event occurred, including requests that she demonstrate how high she was holding the infant, how her body was moving at the time of the incident, where the dog allegedly struck her leg, etc.

After a break in the deposition, counsel for the plaintiff cited to case law in support of their decision to instruct this witness not to answer questions involving demonstration of what transpired.

Plaintiff relies on *In Re: Air Crash Disaster at Sioux City, Iowa*, 131 F.R.D. 127 (N.D. Ill. 1990). In this case, the Court ruled that the plaintiffs could not compel the pilots to re-enact the airplane crash in a flight simulator. Defendant respectfully submits that there is no comparison between asking someone to re-enact an accident in a flight simulator and what defendant was asking of Ms. Weiss at her deposition. *In Re: Air Crash* discusses numerous other factors for why the flight simulator was not allowed, including the fact that the flight simulator is not a duplicate of a real DC-10, and the court was concerned that is may have been "logistically impractical" to videotape in the simulator. The court also believed that the parties had enough direct evidence through the voice recorder, the digital data flight recorder, and the crew members. These factors do not exist with Ms. Weiss. Defendant asserts that the rules clearly allow for such inquiry, as has been recognized by other courts. *See Brown v. General Instrument Corporation*, 1995 U.S. Dist. LEXIS 5472 (U.S.D.C. Southern Dist. N.Y. 1995) (Defendants allowed to videotape deposition of plaintiff wherein plaintiff is to operate betting ticket machinery plaintiff currently uses at their work); *Gillen v. Nissan*, 156 F.R.D. 120 (U.S.D.C. E.D. Penn. 1994) (Defendant allowed to conduct deposition requiring plaintiff to bring her automobile to deposition to demonstrate alleged defect with seatbelt).

One of the primary reasons given for the instruction not to answer questions involving demonstration was plaintiff's concern that the demonstration would not be an accurate representation of what happened on the date of the incident. The following exchange occurred:

Ms. Weizenbaum: That's because the space is too small, it's just not the same....

Mr. Nugent: Are you suggesting we go back to the Wadensten home and film it there?

Mr. DeLuca: Get a court order to do that and do that.

Ms. Weizenbaum: If you want to file a motion and do an inspection like that, you know, give it a shot.

First and foremost, concerns about the accuracy of the demonstration goes to the admissibility of testimony at trial; it does not provide a sufficient basis upon which to instruct the witness not to answer the questions. *See Gillen*, 156 F.R.D. at 123 (Court reminds parties that videotape will not necessarily be admissible as evidence at trial). That being said, if plaintiff's would prefer that we conduct this questioning at the Wadensten residence with the actual stroller in question, defendants are willing to do so.

As to the scope of the re-convened deposition, defense counsel was concerned that they were running out of their allotted seven hours pursuant to Fed.R.Civ.P. 30(d)(2), and were forced to suspend the deposition when it became apparent that the questioning had already run over six hours. Defendant should be allowed the remaining fifty minutes of questioning, including questions regarding demonstrating how the incident occurred along with any other questions, given that the defendants were forced into suspending the deposition due to plaintiff's inappropriate instruction not to answer questions.

**CONCLUSION**

Fed. R. Civ. P. 30 (d)(1) sets forth the only bases upon which an instruction not to answer can be given. Plaintiff's instruction to Ms. Weiss regarding demonstrating how she dropped the infant does not fall into any of the delineated bases for such an instruction. The information sought is relevant and permissible under the Federal Rules of Civil Procedure. Defendant requests an order allowing for the re-convening of the deposition of Ms. Weiss up to the seven hour time allowed under the rules, to question Ms. Weiss regarding how the accident occurred, including demonstration, as well as any other questions defendants deem appropriate. Defendant is willing

to have the deposition re-convened at the Wadensten residence if plaintiff believes that will more accurately convey what transpired on the date of the incident.

WHEREFORE, for the reasons stated in this memorandum, South County Hospital respectfully requests that defendant's motion to compel responses at deposition be granted.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 29 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medagl.

memo.reconvene.wpd