**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR PHYSICAL AND MENTAL EXAMINATIONS OF MAXIMUS WADENSTEN**

Now comes Defendant, South County Hospital, pursuant to Rule 35 of the Federal Rules of Civil Procedure, and hereby seeks mental and physical examinations of the minor plaintiff, Maximus Wadensten. Plaintiff claims that as a result of Defendant's conduct, Maximus Wadensten suffered permanent and continuing mental and physical injury and impairment. Here where plaintiff claims permanent and continuing personal injury, a medical examination by a physician of the defendant's choosing is proper, as contemplated by Rule 35.

WHEREFORE, for the reasons stated in the supporting Memorandum of Law, this Defendant respectfully requests that this Honorable Court order the examinations of Maximus Wadensten by Joel Herskowitz, M.D., pediatric neurologist, and Michael Yogman, M.D., pediatric developmental-behavioral health specialist, as sought by Defendant South County Hospital..

Respectfully submitted,
Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
~~Paul F. Galamaga~~, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 30 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medaglia

motion.IME.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION**
**FOR PHYSICAL AND MENTAL EXAMINATIONS OF MAXIMUS WADENSTEN**

Pursuant to Rule 35 of the Federal Rules of Civil Procedure, Defendant South County Hospital seeks to have Joel Herskowitz, M.D., a specialist in pediatric neurology, and Michael Yogman, M.D., a specialist in pediatric developmental-behavioral health, conduct examinations of the minor plaintiff, Maximus Wadensten. Plaintiff claims that as a result of Defendant's conduct, Maximus Wadensten suffered permanent and continuing mental and physical injury and impairment. Where Plaintiff is claiming permanent and continuing personal injury, an independent medical examination by a physician of the defendant's choosing is proper, as contemplated by Rule 35.

Rule 35 provides, in relevant part:

> When the mental or physical condition (including the blood group) of a part of or a person in the custody of under the legal control of a part, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a certified examiner or to produce for examination the person in the party's custody of legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

"A plaintiff in a negligence action who asserts mental of physical injury places that mental or physical injury clearly in controversy and providers the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).

There is no question that Maximus Wadensten's mental and physical health are in controversy in this case. Plaintiff's Second Amended Complaint alleges throughout that as a "direct and proximate result" of the Defendant's conduct, "Maximus suffered severe injuries to his mind, body, nerves and nervous system, has endured and will in the future endure extreme mental pain and suffering, emotional distress, has and will in the future be unable to perform his usual activities, will suffer a loss of earning capacity and loss of earnings, has suffered a loss of enjoyment of life, all of which injuries are permanent, and has been otherwise permanently damaged." Based upon these allegations, among others made by Plaintiff in this case, Defendant has good cause to examine Maximus Wadensten's physical and mental condition.

Defendant also recognizes that the scope of an independent medical examination is not limitless. A defendant complies with the limited scope requirement by providing the name of the examiners and a general idea of the examination's intended scope. *Cabana c. Forcier et al.*, 200

F.R.D. 9, 12 (D. Mass 2001). Defendant's proposed Order, as attached hereto, meets this requirement by identifying the physicians and limiting the scope of the examinations to procedures and testing relevant to the Plaintiff's claimed injuries. See *Nyfield v. Virgin Islands Telephone Corp. et al.*, 2001 U.S. Dist. LEXIS 5305 (D. Virgin Islands 2001). The proposed Order further provides that Defendant's notice of examination will "include the time, place and intended duration thereof as well as an outline of the type of testing to be done."

Defendant South County Hospital requests an examination be performed by Dr. Joel Herskowitz. Dr. Herskowitz is Board certified in pediatrics and specializes in child neurology. Dr. Herskowitz is expected to examine Maximus Wadensten's physical and neurological condition and to order and/or perform any relevant and necessary studies incidental to his examination.

In addition, Defendant South County Hospital requests an examination be performed by Dr. Michael Yogman. Dr. Yogman is Board certified in developmental-behavioral pediatrics and specializes in this area. Dr. Yogman is expected to examine Maximus Wadensten's condition, including his alleged developmental and cognitive delays and to order and/or perform any relevant and necessary studies incidental to his examination.

WHEREFORE, for the reasons stated herein Defendant South County Hospital respectfully requests that this Honorable Court order the mental and physical examinations of Maximus Wadensten. A proposed Order is attached hereto.

Respectfully submitted,
Defendant,
South County Hospital

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400 / 401.331.3440 [fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 30 day of June, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeiros

memo in support of motion.IME.wpd