UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN<br>Plaintiffs, | : | |
| v. | : | C.A. No. 04-326S |
| SOUTH COUNTY HOSPITAL;<br>PAMELA BURLINGAME, RNP;<br>ROBERT J. CASCI, JR., D.O.;<br>TIMOTHY DRURY, M.D.<br>RHODE ISLAND EMERGENCY PHYSICIANS, INC.;<br>JOHN DOE, ALIAS; JANE DOE, ALIAS;<br>JOHN DOE CORPORATION, ALIAS<br>Defendants. | : | |

**PLAINTIFF'S MOTION TO COMPEL INSPECTION OF DEFENDANT SOUTH COUNTY HOSPITAL'S EMERGENCY DEPARTMENT IN ACCORDANCE WITH PLAINTIFF'S REQUEST FOR INSPECTION**

NOW COMES plaintiff Linda Wadensten and hereby moves pursuant to Rule 37(a)(2)(B) for an Order of this Honorable Court compelling defendant South County Hospital to permit the inspection of its emergency department as requested by plaintiff on June 7, 2005. The parties agreed that defendant's time to respond would be shortened to June 22, 2005. While defendant filed a motion for protective order (to which plaintiff objected), the hospital has not responded that the inspection will be permitted as requested.

The undersigned hereby certifies that counsel have conferred in an attempt to resolve this matter without court intervention; however, as the filing of the defendant's motion for protective order shows, the matter could not be so resolved.

WHEREFORE, plaintiff respectfully submits that the Court ought to grant her motion and enter an order compelling the defendant hospital to permit the inspection of its emergency department as requested by plaintiff

A memorandum of law accompanies this motion.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

# CERTIFICATION

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 30th day of June, 2005 by Facsimile :

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and | : | |
| p.p.a. MAXIMUS WADENSTEN | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A. No. 04-326S |
| | : | |
| SOUTH COUNTY HOSPITAL; | : | |
| PAMELA BURLINGAME, RNP; | : | |
| ROBERT J. CASCI, JR., D.O.; | : | |
| TIMOTHY DRURY, M.D. | : | |
| RHODE ISLAND EMERGENCY | : | |
| PHYSICIANS, INC.; | : | |
| JOHN DOE, ALIAS; JANE DOE, ALIAS; | : | |
| JOHN DOE CORPORATION, ALIAS | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INSPECTION OF DEFENDANT SOUTH COUNTY HOSPITAL'S EMERGENCY DEPARTMENT IN ACCORDANCE WITH PLAINTIFF'S REQUEST FOR INSPECTION**

## INTRODUCTION

Now before the Court is plaintiff Linda Wadensten's motion to compel the inspection of defendant South County Hospital's emergency department as requested by plaintiff on June 7, 2005. *See*, Request at 1, copy attached as **EXHIBIT A**. Because the request is relevant to plaintiff's claims and the inspection reasonably can be accomplished without compromising confidential health care information, the Court ought to permit plaintiff to conduct the requested inspection.

## FACTS AND TRAVEL

On October 25, 2003, Max Wadensten, then eight-months old, was brought to the Emergency Department at South County Hospital after his head hit a hard, tile, floor at home. He was triaged as "urgent" at reception and then seen by a nurse-practitioner, defendant Burlingame for evaluation and treatment. According to defendant Burlingame's

answers to interrogatories, "X-ray [of the skull] was not taken because I was able to palpate the skull directly under the site of injury and did not find evidence of depressed or linear skull fracture." The record documenting Burlingame's evaluation and discharge was co-signed by defendant Timothy Drury, M.D., the emergency department physician responsible for supervising the care provided by Burlingame. Dr. Drury did not see the child prior to discharge. At the time of this first visit, Max had an undiagnosed skull fracture and a developing intracranial bleed. His mother was instructed by defendant Burlingame that Max should be allowed to sleep for the next two hours and to watch for "unusual breathing, vomiting." When he was difficult to awaken after his two hour nap, his mother and nanny returned with him to South County Hospital. The bleed was diagnosed at that time and Max was transported by MediVac to Hasbro Children's Hospital in Providence. As a result of a massive bleed, necessary surgery and swelling, Max is left with marked cognitive and developmental delays and impaired vision and movement on his left side.

Claiming that they sustained and will suffer significant damages as a proximate result of negligence by Dr. Drury, Dr. Casci, Nurse Practitioner Burlingame, and the hospital, Max and his mother brought this action against them. In the complaint, plaintiffs further claimed that they suffered damages as a proximate result of the defendant hospital's violation of EMTALA.

On June 7, 2005, Plaintiff served a request to inspect the hospital's emergency department pursuant to Fed. R. Civ. P. 34(a)(2). The request seeks permission to enter upon the premises of the hospital for the purpose of inspecting, measuring, surveying, photographing and videorecording the hospital's emergency department, including specific locations (*e.g.*, the room used for the examination the orientation and layout of the triage area and examination rooms, and the proximity of the emergency department to the hospital's

imaging facilities), fixtures, and equipment (*e.g.*, the location of computer equipment and electronic systems that defendants have testified were utilized to monitor the history and status of patients while in the emergency department), material to the claims set forth in Plaintiff's complaint.

Plaintiff's request reasonably informed the hospital that her counsel, her counsel's nurse-paralegal, and a photographer/videographer would be present during the inspection and that premises would be photographed and videotaped. Plaintiff's request further informed that the inspection would take no more than two hours. Indeed, it is more likely that it will not take more than one. The request finally informed the hospital that plaintiff was willing to enter into any reasonable agreement as to further details for the conduct of the inspection (*e.g.*, conducting the inspection on a date and at a time when it is unlikely that the emergency department will be busy; arranging a "rain date" to conduct the inspection at another time should it be too busy at the scheduled time to reasonably accommodate an inspection; restrictions on photographing or otherwise capturing images of patients present in the emergency department during the visit).

Without responding to the request with proposed conditions and limitations (as plaintiff did in response to the hospital's request to inspect the Wadensten home), the hospital filed an objection to the request and a motion for a protective order seeking to preclude plaintiff from conducting any inspection of the hospital. Plaintiff objected to the hospital's motion for protective order and asked the Court to deny it and enter an order permitting plaintiff to conduct the requested inspection. Additionally, plaintiff filed a motion to compel the inspection as requested and similarly seeks an order permitting the requested inspection.

## ARGUMENT

**I. The proposed inspection is warranted.**

Plaintiff's request seeks inspection of specific locations, fixtures, and equipment material to the claims set forth in plaintiff's complaint. As such, it is plainly calculated to lead to the discovery of admissible evidence. There has been a significant amount of testimony (sometimes conflicting) and other evidence generated during discovery concerning the location of persons, facilities, and equipment at various times during plaintiff's two visits to the defendant hospital's emergency room. At the very least, the proposed inspection will be instrumental in permitting plaintiff to verify the accuracy of the testimony as well as to fully evaluate and comprehend the significance of this evidence and weigh it in the context of the actual physical environment within which the critical conduct, action, and events referenced in the complaint occurred.

Moreover, the visit is likely to lead to the discovery of admissible evidence relative to particular elements of plaintiff's claims. For example, in part EMTALA requires the performance of an adequate screening examination within the capabilities of a hospital's emergency department. *Cf., e.g., United States v. National Steel Corp.*, 26 F.R.D. 603, 606 (S.D. Tex. 1960)(inspection of facility warranted where it was likely to show capability of plant to produce competing products and provide counsel with better understanding of production process). Moreover, a site visit and visual examination of a hospital's facilities is highly likely to reveal important information concerning a hospital's capabilities that simply cannot be appreciated through other discovery methods.

Plaintiff offered in her request to "enter into any reasonable agreement as to further details for the conduct of the inspection." Request at 2. The hospital's refusal to consider and suggest reasonable terms to protect confidential healthcare information while permitting

the inspection is patently unreasonable. Indeed, Plaintiff's counsel has been permitted in a prior case (*Michael Waldron v. Rhode Island Hospital,* R.I. Super. Case No. PC 98-2279) to conduct precisely the type of inspection proposed here of the emergency department of Rhode Island Hospital. If the emergency department at Rhode Island Hospital can accommodate an inspection, then the defendant community hospital can too.

## CONCLUSION

For the foregoing reasons, the Court ought to grant plaintiff's motion to compel and enter an order permitting plaintiff to conduct the requested inspection.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 30th day of June, 2005 by FACSIMILE:

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

EXHIBIT
A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN Plaintiffs, | : | |
| v. | : | C.A. No. 04-326S |
| SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS Defendants. | : | |

**PLAINTIFF'S REQUEST FOR INSPECTION OF PREMISES OF DEFENDANT SOUTH COUNTY HOSPITAL**

NOW COMES plaintiff Linda Wadensten and, pursuant to Fed. R. Civ. P. 34(a)(2), in accordance with an oral request previously discussed between counsel at a discovery conference on May 25, 2005, requests Defendant South County Hospital to permit Plaintiff to enter upon the premises of the hospital for the purpose of inspecting, measuring, surveying, photographing and videorecording the hospital's emergency department, including specific locations, fixtures, and equipment material to the claims set forth in Plaintiff's complaint.

Plaintiff proposes that her counsel, her counsel's nurse-paralegal, and a photographer/videographer will be present during the inspection.

The premises will be photographed and videotaped.

No more than two hours will be needed for the inspection.

Plaintiff is willing to enter into any reasonable agreement as to further details for the conduct of the inspection.

Plaintiff proposes the following date and time for the inspection: Wednesday, June 22, 2005, at 8:00AM.

Plaintiffs,
By their Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was served on counsel of record listed below on this 7th day of June, 2005 by first class mail.

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903