**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN**<br>**Plaintiff,**<br>v.<br><br>**SOUTH COUNTY HOSPITAL;**<br>**PAMELA BURLINGAME, RNP;**<br>**ROBERT J. CASCI, JR., D.O.;**<br>**TIMOTHY DRURY, M.D.**<br>**JOHN DOE, ALIAS; JANE DOE, ALIAS;**<br>**JOHN DOE CORPORATION, ALIAS**<br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **C.A. No. 04-326S** |

**PLAINTIFFS OBJECTION TO DEFENDANT RHODE ISLAND EMERGENCY PHYSICIANS, INC.'S MOTION TO EXTEND EXPERT DISCLOSURE DATE**

Now comes plaintiff Linda Wadensten, individually and p.p.a. Maximus Wadensten, and hereby objects to defendant Rhode Island Emergency Physicians, Inc.'s motion to amend the pretrial order and extend by 15 days the disclosure date for its expert witnesses and reports from July 31, 2005 to August 15, 2005

As grounds, plaintiff relies on the attached memorandum of law in support of her objection.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 6th day of July, 2005 by 1st Class mail:

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Tina DeLaurie

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** **Plaintiff,** | : | |
| v. | : | **C.A. No. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** **Defendants.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANT RHODE ISLAND PHYSICIANS, INC.'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINE**

## INTRODUCTION

This is a medical malpractice action in which plaintiffs claim that as a proximate result of the negligence of defendant Rhode Island Emergency Physicians, Inc., (hereinafter "RIEP"), and others in October 2003, Maximus Wadensten (who was then seven months old) suffered severe neurological injuries. Now before the Court is RIEP's motion to extend, by fifteen days, the disclosure deadline for its expert witnesses and reports. Because there are no good grounds for RIEP's untimely request, plaintiffs object and submit that the Court ought to deny the motion to extend.

## TRAVEL OF THE CASE

On October 27, 2004, this Honorable Court, after a conference with counsel for the parties and pursuant to Rule 16, of the Federal Rules of Civil Procedure, entered a pre-trial order establishing a schedule to control the subsequent course of this case. The original pre-trial scheduling order provided for fact-discovery closure on April 30, 2005, and for expert-

witness disclosure and reports on May 16, 2005 for the plaintiff, May 31, 2005 for all defendants, and all expert disclosure discovery to be closed by September 10, 2005

On February 3, 2005 and again on May 12, 2005, as a result of a request from the defendant South County Hospital and the plaintiffs, respectively, to extend the discovery schedule, an amended pre-trial order was entered extending the discovery closure date to May 30, 2005, and then to June 30, 2005. Expert witness and report disclosure dates were also adjusted from June 15, 2005 to July 16, 2005for the plaintiffs' expert witness disclosure and reports, and from June 31, 2005 to July 31, 2005 for the defendants' disclosure and reports. In the course of these modifications, the original sequence and intervals of disclosure were preserved, unchanged, and never contested by RIEP.

## ARGUMENT

This Court and the parties, when discussing the content of the proposed pretrial order in October 2004, carefully considered the time frames that would apply to each stage of the discovery process. Although the pretrial order has been amended twice to extend the time for fact discovery, the time periods for expert disclosure and reports have remained intact.

Now the defendant RIEP, after close of fact discovery and on the eve of plaintiffs' expert witness disclosure, requests the Court to extend only RIEP's time to meet its expert disclosure obligation from July 31, 2005 to August 15, 2005—an additional fifteen days. RIEP offers two reasons for its request. First, the fifteen day period between plaintiff and defendant's expert witness disclosure is "impracticable and does not give the defendants enough time to respond to opinions the plaintiff will disclose." Second, since the plaintiff is still treating and the defendant has not received "the most recent medical records"' it would be impossible for defendant's experts to offer opinions concerning Max's medical status.

The modification of an order entered by the trial court after a pretrial conference pursuant to Fed. R. Civ. P. 16 should only be allowed to prevent manifest injustice. Fed R. Civ. P. 16.; *see, e.g., Albertz-Velez v. Corporacion De Puerto,* 242 F.3d 418, 423 (1st Cir. 2001). None of the reasons offered by Defendant here meet the manifest-injustice standard for modification of the Rule 16 Pretrial Order. The suggestion by the RIEP that the deadline for expert disclosure is impractical comes too late in this litigation process. Discovery is closed and the plaintiffs are working to meet the Court's deadline of July 16, 2005 for plaintiffs' expert witness disclosure and reports. It may be as difficult for RIEP as it is for plaintiff to meet the expert disclosure deadlines agreed by the parties and written into the pretrial order, but it certainly is not manifestly unjust to hold RIEP to the expert disclosure interval that it has been aware of since the entry of the original order in October 2004. Significantly, any change in expert witness disclosure intervals and dates could, of necessity, require changes in the remainder of the filing deadlines contained in the pretrial order, including but limited to, the closure of expert discovery on October 30, 2005, and the filing of dispositive motions on July 30, 2005.

It has never been this Court's practice to change discovery dates established with the consent of the parties in a pretrial order because they appear "impractical' to one party to the litigation. The parties have known since October 2004 that each litigant had 15 days to disclose expert witnesses and give their reports. To now request an adjustment of this part of the pretrial order, some eight months later and on the eve of plaintiffs' expert witness disclosure and reports, is too little, too late. Moreover, RIEP's motion, if granted, would create a manifest injustice to the non-moving litigants since they will be required to adhere to the present schedule for expert witness disclosure and reports.

The second reason proffered by the defendant RIEP to extend the expert witness disclosure date—*i.e.*, that RIEP has not received "recent" medical reports concerning Max Wadensten's medical condition—is similarly unpersuasive. Since Max is only 27-months old and suffers from severe neurological deficits which manifest in developmental delays, partial blindness and impaired motor function, it is highly unlikely that Max will reach an end result in care and treatment by August 15, 2005. Indeed, Max's treatment is ongoing and will continue to be for the remainder of his life. The defendants have in their possession all reports of treatment through June 2005. Obviously, the plaintiffs will meet their obligations under the Rules of Civil Procedure to provide defendants with additional medical reports as they become available. It is also noteworthy that defendants have deposed several of Max's treating physicians. The areas of specialty of these physicians include neurology, pediatrics, ophthalmology, physical therapy and neurosurgery. Each physician and caregiver was questioned at length as to Max's medical condition past, present and future. Plaintiffs respectfully suggest to this Court that granting an additional 15 days to defendant RIEP for expert-witness disclosure and reports would provide RIEP with little additional information concerning Max's medical condition and, for this reason, the additional time requested is unwarranted.

## CONCLUSION

For the forgoing reasons, plaintiffs respectfully submit that the Court ought to deny RIEP's motion to extend the time within which it must disclose its expert witnesses and reports.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 6th day of July, 2005 by 1st Class Mail

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Tina DeLaurie