UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN | : | |
| | : | |
| v. | : | C.A. No. 04-326S |
| | : | |
| SOUTH COUNTY HOSPITAL, | : | |
| et al. | : | |

**SECOND DISCOVERY MANAGEMENT ORDER**

Before this Court are essentially cross-Motions for Protective Order to Prevent a Fed. R. Civ. P. 34 inspection, filed by Plaintiff Linda Wadensten (the "Plaintiff") and Defendant South County Hospital (the "Hospital") on June 22, 2005 and June 23, 2005, respectively (Document Nos. 164 and 165). Each side filed an objection. Both Motions have been referred to me for determination.

This is a medical malpractice action involving tragic injuries suffered by an infant. This Court in no way underestimates the seriousness and importance of this case to the Plaintiff (the infant's mother) and also to the Defendants (health care providers). All parties in this case are represented by highly skilled lawyers who are very experienced in medical malpractice matters and who are zealously representing their respective client's interests. In less than one year, this case has "grown" to 175 docket entries and has required significant intervention and oversight by the Court regarding pretrial discovery.

Fed. R. Civ. P. 26(c) requires that a motion for protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer...in an effort to resolve the dispute without court action." The Hospital's Motion under Fed. R. Civ. P. 26(c) does not contain such a certification and could be denied solely on that basis. As with prior discovery

motions, Plaintiff's Motion contains a one-sentence boilerplate "certification" that fails to provide any detail as to the "effort" expended in seeking to resolve the dispute.

Plaintiff seeks to inspect the Hospital's Emergency Department. The Hospital objects asserting patient confidentiality, disruption of operations, lack of relevance and other grounds. The Hospital seeks an order "preventing this inspection from going forward." The Hospital seeks to inspect Plaintiff's home, pets and other items. Plaintiff objects asserting lack of relevance and intrusiveness. Plaintiff seeks a protective order "prohibiting the Hospital from inspecting areas of [Plaintiff's] home, their pets, and other items within their home that have no relevance to any claim or defense of any party."

Subject to the relevance and other parameters of Fed. R. Civ. P. 26(c), both Plaintiff and the Hospital are entitled under Fed. R. Civ. P. 34 to serve a request for inspection on the other which specifies "a reasonable time, place, and manner of making the inspection and performing the related acts." Fed. R. Civ. P. 34(b). In discussing the history of inspections under Fed. R. Civ. P. 34, it has been noted that "experience showed that most lawyers were cooperative and that most inspections were by informal agreement." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure 2212 (2d ed. 1994). That approach seems more preferable than having the Court unilaterally impose its view of reasonableness and relevance onto the parties. The attorneys, with their experience in malpractice litigation and detailed knowledge of this case, are in a much better position to address these issues than the Court.

As both parties know, a party moving for a protective order under Fed. R. Civ. P. 26(c) bears the burden of setting forth "particular" facts to establish "good cause" for the order. Anderson v. Cryovac, Inc., 805 F.2d 1, 7-8 (1st Cir. 1986). This burden becomes heavier when one party seeks

to prohibit the other from utilizing a discovery device generally available under the Federal Rules. See, e.g., Prozina Shipping Co. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998). In this case, the Court's options are to prohibit both inspections, prohibit one and not the other, or subject one or both to limitations. The parties are likely to get a better result if they sort through these options together and work out a reasonable compromise. If the parties are unable to do so, the Court will promptly do so and impose a result that may make both sides equally unhappy.

Thus, pursuant to Fed. R. Civ. P. 26(c) and Local R. 13(d), Plaintiff's counsel and the Hospital's counsel are ordered to confer in good faith in an effort to resolve all of the disputes presented in these Motions (Documents Nos. 164 and 165). This meeting shall be held within ten (10) days of the date of this Order or at any other mutually agreeable date. Within five (5) days following this meeting, counsel are directed to submit a joint report (not exceeding five pages) to the Court detailing the efforts to resolve each of the disputes (including the length of the meeting) and to advise the Court as to the remaining items (if any) in dispute after the meeting. After reviewing the report, the Court will take the matter under advisement and take further action on the Motions as deemed appropriate.

LINCOLN D. ALMOND
United States Magistrate Judge
July 7, 2005