UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN<br>Plaintiff,<br>v.<br><br>SOUTH COUNTY HOSPITAL;<br>PAMELA BURLINGAME, RNP;<br>ROBERT J. CASCI, JR., D.O.;<br>TIMOTHY DRURY, M.D.<br>RHODE ISLAND EMERGENCY PHYSICIANS, INC.;<br>JOHN DOE, ALIAS; JANE DOE, ALIAS;<br>JOHN DOE CORPORATION, ALIAS<br>Defendants. | : | C.A. No. 04-326S |

**PLAINTIFF'S NUNC PRO TUNC MOTION TO ENLARGE PAGE LIMIT FOR EXHIBITS ACCOMPANYING PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION OF DEFENDANT SOUTH COUNTY HOSPITAL FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Now comes plaintiff in the above-captioned matter and moves for an Order of this Honorable Court granting her leave to file exhibits with her memorandum in support of her objection to defendant South County Hospital's Motion for Leave to File Third Party Complaint, in excess of the 5-page limit under General Order #2002-01 by 15 pages. As grounds, plaintiff states as follows:

1. Claiming a right of contribution from an alleged joint tortfeasor (*i.e.*, the minor plaintiff Maximus Wadensten's nanny), defendant South County Hospital seeks to add an entirely new party to this complex medical-negligence action at the close of discovery.
2. Plaintiff objects to the motion and on July 8, 2005, served and filed a 20-page memorandum of law with 20 pages of exhibits. The memorandum and exhibits showed that the Court ought to deny the motion: (a) as futile since, as a matter of law, the hospital has no right of contribution against Max's nanny; and (b) as unwarranted,

unnecessary, and unduly prejudicial since the hospital can offer no reasonable excuse for having delayed its motion to the close of discovery, it remains an option for the hospital to seek contribution from Max's nanny in a separate action, and allowing the addition of a new party at this late stage of the proceedings would derail the trial of this matter and likely require reopening and repeating costly and extensive discovery already completed.

3. Given the complexity and importance of these legal issues the submission of more extensive exhibits than that permitted under the rules was necessary to inform the Court with respect to the law and facts material to the issues that the Court ought to consider in determining the hospital's motions to amend its answer and file a third-party complaint against Max's nanny.

4. For the foregoing reasons, plaintiff requests leave *nunc pro tunc* to file 20 pages of exhibits together with her memorandum in opposition to defendant's motion

5. Plaintiff has made every attempt to be concise in accordance with the Court's rules. Notwithstanding, the additional pages of exhibits were necessary to provide the Court with meaningful support for her memoranda on the important issues raised in connection with the hospital's motion.

WHEREFORE, for the foregoing good cause shown, plaintiff respectfully requests that the Court enter an Order *nunc pro tunc* granting her leave to file exhibits with her memorandum in support of her objection to defendant, South County Hospital's, Motion for Leave to File Third Party Complaint, in excess of the 5-page limit under General Order #2002-01 by 15 pages.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 11 day of July, 2005 by 1st class mail

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903