**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION**
**TO COMPEL RESPONSES AT DEPOSITION**

Now comes plaintiff in the above-captioned action and hereby objects to Defendant South County Hospital's motion for leave to compel responses at deposition. A memorandum in support of the objection is filed herewith.

Plaintiff submits that the hospital's motion is subject to summary denial because it does not include the certification required by Fed. R. Civ. P. 37(a)(2)(B) that the movant hospital has in good faith conferred or attempted to confer with plaintiff in an effort to secure the information or material without court action. Indeed, plaintiff's counsel represents that no such effort was made by the hospital at any time concerning the subject of its motion to compel.

Notwithstanding the fact that the Court ought to deny summarily the hospital's motion to compel for non-compliance with Rule 37(a)(2)(B), in an effort to resolve this matter on the merits, plaintiff's counsel have taken the initiative to contact counsel for the

hospital and propose that the parties arrange a discovery conference and engage in a substantive good faith effort to resolve this matter without the necessity of intervention by the Court. In a telephone conference conducted on July 15, 2005, counsel for the hospital agreed to this proposal. As such, as an alternative to the summary denial of the hospital's motion for non-compliance with Rule 37(a)(2)(B), plaintiff requests that the Court refrain from considering the motion until the parties have submitted a discovery conference report to the Court.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 15 day of July, 2005 by ________________:

Jay Elias, Esq. via email and 1st class mail
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq. via 1st class mail
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Paston
____________________

FILED
2005 JUL 18 A 10:20

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **TIMOTHY DRURY, M.D.** | : | |
| **RHODE ISLAND EMERGENCY** | : | |
| **PHYSICIANS, INC.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION TO COMPEL RESPONSES AT DEPOSITION**

Now before the Court is Defendant South County Hospital's motion for leave to compel responses at deposition. As of this date, the hospital has not conferred or attempted to confer with plaintiff's counsel concerning the subject of its motion. For this reason alone, the Court ought to summarily deny the hospital's motion. Additionally, should it reach the merits, the Court ought to reject the hospital's attempt to compel a non-party deponent to stage a speculative and unreliable videotaped re-enactment of certain parts of an event that have been clearly described and demonstrated by the witness.

## FACTS AND TRAVEL

On October 25, 2003, Max Wadensten, then eight-months old, was brought to the Emergency Department at South County Hospital after his head hit a hard, tile, floor at home. He was triaged as "urgent" at reception and then seen by a nurse-practitioner, defendant Burlingame for evaluation and treatment. According to defendant Burlingame's

answers to interrogatories, "X-ray [of the skull] was not taken because I was able to palpate the skull directly under the site of injury and did not find evidence of depressed or linear skull fracture." The record documenting Burlingame's evaluation and discharge was co-signed by defendant Timothy Drury, M.D., the emergency department physician responsible for supervising the care provided by Burlingame. Dr. Drury did not see the child prior to discharge. At the time of this first visit, Max had an undiagnosed skull fracture and a developing intracranial bleed. His mother was instructed by defendant Burlingame that Max should be allowed to sleep for the next two hours and to watch for "unusual breathing, vomiting." When he was difficult to awaken after his two hour nap, his mother and nanny returned with him to South County Hospital. The bleed was diagnosed at that time and Max was transported by MediVac to Hasbro Children's Hospital in Providence. As a result of a massive bleed, necessary surgery and swelling, Max is left with marked cognitive and developmental delays and impaired vision and movement on his left side.

Claiming that they sustained and will suffer significant damages as a proximate result of negligence by Dr. Drury, Dr. Casci, Nurse Practitioner Burlingame, and the hospital, Max and his mother brought this action against them. In the complaint, plaintiffs further claimed that they suffered damages as a proximate result of the defendant hospital's violation of EMTALA.

As a result of his injuries, Max treats with a number of physicians and treatment providers, including a pediatrician, a pediatric neurologist, vision and hearing specialists, neurosurgeons, occupational and physical therapists, and visiting nurses. Max treats nearly every day with two to three therapists, beginning most days at 8:00 a.m., finishing some days

as late as 5:00 p.m. Additionally, Max receives services through various programs, including Early Intervention and Visiting Nurses.

Jennifer Weiss was caring for Max as his nanny when he sustained the injury that plaintiff claims proximately resulted from defendants' negligent failure to timely diagnose and treat and the hospital's violation of EMTALA. On May 26, 2005, defendants deposed Ms. Weiss for over six hours and, during that time, repeatedly questioned on the details of how Max hit his head. In sum, Ms. Weiss testified positively that as a result of being unexpectedly bumped from behind by a dog, she accidentally dropped Max from about waist high and that Max hit the tiled, kitchen floor bottom first and then fell backward and hit his head. *See, e.g.,* Depo. Jennifer Weiss 5/26/05 at 92-102, 111-12, 232-33. Ms. Weiss demonstrated her body position at that time, but was not permitted to perform a staged, videotaped re-enactment based on plaintiff's objections, *inter alia*, that the attempted re-enactment would be inaccurate, misleading, and unnecessary (in light of the fact that Ms. Weiss could clearly testify as to what happened), and that performing a staged re-enactment was beyond the scope of the notice of videotaped deposition.

Notwithstanding the fact that Ms. Weiss testified that Max fell from her waist height, the hospital claims in its motion to compel a videotaped re-enactment is necessary to determine the height of the fall.

## ARGUMENT

**I. The Court ought to summarily deny the hospital's motion for non-compliance with the good-faith conference requirement of Fed. R. Civ. P. 27(a)(2)(B).**

The hospital's motion does not contain the certification required by Fed. R. Civ. P. 37(a)(2)(B) that the movant hospital has in good faith conferred or attempted to confer with plaintiff in an effort to secure the information or material without court action.

Plaintiff's counsel represents that no such effort was made by the hospital at any time concerning the subject of its motion to compel.

The Court ought to deny summarily the hospital's motion to compel for non-compliance with Rule 37(a)(2)(B).

**II. The Court ought to reject the hospital's attempt to compel a non-party deponent to stage a speculative, unreliable, and unnecessary videotaped re-enactment of certain parts of an event that have been clearly described and demonstrated by the witness.**

Fed. R. Civ. P. 30 "does not expressly authorize a party to require a deponent to reenact the events underlying the litigation." *In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989*, 131 F.R.D. 127, 128 (N.D. Ill. 1990). While some courts have permitted such re-enactments, where the accuracy and evidentiary value of a forced re-enactment are questionable, courts have reasonably rejected them. *See, id,* 131 F.R.D. at 128 (forced videotaped re-creation of events leading to air crash in flight simulator not permitted where re-creation would not be accurate depiction of actual event and would have questionable value, would not be beneficial to jury, and, most importantly, the party seeking forced re-creation had reliable direct evidence of the events); *Greenidge v. Ruffin,* 927 F.2d 789, 793 (4th Cir. 1991)(no abuse of discretion in refusing to allow videotaped re-enactment at deposition

of police officer in civil rights proceeding alleging excessive use of force where officer was readily available and accuracy of any reenactment of shooting could not be assured).

Here, most importantly, there is reliable direct evidence of the information that the hospital unpersuasively claims must be discovered through a forced re-enactment. Ms. Weiss positively testified that Max dropped to the floor from her waist height. Depo. J. Weiss at 232-33. The hospital's attempt to force a speculative and misleading re-enactment so that it can discover the "exact height of the fall" is unconvincing and ought to be rejected by the Court. The Court ought to further reject the hospital's forced re-enactment because (1) inevitable issues over the accuracy of a videotaped re-enactment would be unnecessarily detract from the real issues in this case; (2) a videotaped re-enactment would only confuse, not add to an understanding of, the issues in the case; (3) a video-taped re-enactment would have questionable evidentiary value. Put simply, there are many pitfalls and no countervailing necessity to compelling a videotaped re-enactment by Ms. Weiss. As such, the Court ought not to permit it.

## CONCLUSION

For the foregoing reasons, the Court ought to deny the hospital's motion to compel responses at deposition.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 15 day of July, 2005 by ________________ :

Jay Elias, Esq., via email + 1st class mail
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq., via 1st class mail
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

______________________________