**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**REPLY MEMORANDUM**
**IN RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

## I. Introduction

Defendant South County Hospital [hereinafter sometimes referred to as the "Hospital"] hereby submits this Reply Memorandum in response to Plaintiff's Objection to the Hospital's Motion for Leave to File a Third Party Complaint against a joint tortfeasor, Jennifer Weiss. This defendant respectfully submits that Plaintiff's Objection misconstrues the Rhode Island Uniform Contribution Among Tortfeasors Act (hereinafter the "Act") and applicable case precedent. Although Plaintiff suggests the Hospital only seeks to delay, derail, and unravel the discovery process by filing this impleader; nothing could be further from the truth. The Hospital's failure to add Ms. Weiss as a party defendant would be *inexcusable* in light of critical evidence derived only through the discovery process.

## II. Proper Interpretation of the Act and Case Precedent Clearly Supports the Hospital's Motion for Leave to File a Third Party Complaint.

Plaintiff has failed to cite a single binding precedent to support her assertion that there is an "absence of legal grounds" for impleading Jennifer Weiss. Plaintiff's argument ignores all First Circuit, District of Rhode Island, and State of Rhode Island precedent to the contrary.

Plaintiff relies heavily on the case of *Wilson v. Krasnoff.* There, the Rhode Island Supreme Court held that "[a] tortfeasor originally causing an injury and a physician who subsequently causes a new injury are not joint tortfeasors." *560 A.2d 335 (R.I. 1989).* The Court distinguished the *Wilson* case from the Act, and found the Act provides that "joint tortfeasors' means two (2) or more persons jointly or severally liable in tort for the *same injury* to person...." *Id.* [emphasis in original].

In *Wilson*, the plaintiff was first injured after falling down the stairs of a defendant landowner. Any similarities between that case and the instant lawsuit end there. In *Wilson*, plaintiff's expert was prepared to testify that the plaintiff's only injury at that point in time was a strain, for which she did not then require surgical intervention. Eight days later, two of the defendant physicians performed what the plaintiff alleged was unnecessary surgery on her, causing her to suffer separate and distinct injuries. Five months passed, and the plaintiff either re-injured herself or her condition regressed as the result of getting up from a toilet. Six months following this re-injury, plaintiff had a second surgery by the third defendant physician and subsequently was wheelchair bound. *See Wilson,* 560 A.2d at 335. In total, the events which constituted the plaintiff's care in that case occurred over a span of eleven months.

The *Wilson* case involved *multiple* injuries, some of which were allegedly inflicted solely

by the physicians's negligence and were not causally related to the initial fall. The Court in *Wilson* concluded there was no *nexus*, and refused to recognize the defendants as joint tortfeasors, holding that the allegedly tortious conduct occurred at distinct times and caused distinct injuries. *See* *Wilson,* 560 A.2d at 340. Contrary to Plaintiff's argument here, the First Circuit Court of Appeals recognizes that a tortfeasor defendant can be held jointly liable for an injury caused by the malpractice of a health care provider where there is a common injury. *See* *Day v. Wynne, D.O. Inc.*, 702 F.2d 10, 12 (1st Cir. 1983).

By definition, Jennifer Weiss is a joint tortfeasor; in light of the Plaintiff's allegations in this case and in light of Ms. Weiss' own testimony, it is incumbent upon the Hospital to bring a Third Party action against her. The injury claimed by Plaintiff to have been caused when Ms. Weiss dropped the child to the floor is the **same injury** for which Plaintiff alleges the Hospital is liable. The term '*same injury*' as referred to in the Act refers to the initial injury occasioned by jointly negligent parties. *New Amsterdam Casualty Company v. Holmes et al.*, 435 F.2d 1232, 1234 (1st Cir. 1970). In *Holmes*, the First Circuit Court of Appeals held that the Act established a broad equitable principle obligating all who negligently contributed to another's injury and who are thus culpable. *Id.* The First Circuit Court of Appeals expressly distinguished *Wilson* and chose not to apply the holding in *Wilson* to a situation involving a single element of damage which could not be apportioned separately between two tortfeasors. *See* *North Atlantic Fishing, Inc. v. Geremia et al.*, 153 B.R. 607, 612 n1 (D. R.I. 1993). In the context of a medical malpractice case arising out of a physician's treatment of injuries caused by another defendant, the First Circuit has recognized that to the extent a physician and another tortfeasor are liable to a plaintiff for a common injury, they are deemed "joint tortfeasors" as a matter of law under the

Act. *Day v. Wynne, D.O. Inc.*, 702 F.2d 10, 12 (1[st] Cir. 1983).

The case at bar is readily distinguishable from *Wilson*. Here, the child suffered a head bleed, an epidural hematoma, as the result of being carelessly dropped by Jennifer Weiss. Plaintiff's treating neurologist, Karameh Hawash, M.D., has testified that the sole cause of the bleed was the baby being dropped. Any alleged injuries that Maximus Wadensten has suffered were without question caused by the bleed. Given that all of the injuries were caused by the bleed, and Jennifer Weiss dropping the baby is the sole cause of the bleed, it is absurd for plaintiff to claim that she is not a joint tortfeasor in the context of this case. There can be no doubt here - this is the same injury Plaintiff alleges the Hospital failed to properly treat. Plaintiff contends the Hospital's actions caused the child's deficits and injuries. In light of Ms. Weiss' sworn deposition testimony, there is simply no way to construe the facts in such a manner that Ms. Weiss and South County Hospital can possibly be considered to be separate and distinct tortfeasors. That is not this case.

**III. The Hospital's Motion is Both Necessary and Timely.**

Any suggestion here that the Hospital's Motion is untimely, unnecessary or prejudicial, is untrue. Plaintiff suggests the Hospital has delayed filing its Third Party claim for over twenty-one months. Were that true, this Court must then conclude that the Hospital had an affirmative duty to sue Ms. Weiss the moment she walked through the Emergency Department in October 2003, twenty-one months ago. In fact, the deposition of Ms. Weiss was first noticed for April 22, 2005, was re-noticed twice at Plaintiff counsel's request, and was conducted on May 26, 2005. The transcript was received on **June 3, 2005.** This Motion was filed on **June 27, 2005**. Serving the true purpose of discovery, Ms. Weiss' deposition testimony provided the Hospital with a

clearer picture of the relevant facts and its first opportunity to bring this impleader action in good faith and in the exercise of due diligence. The reason why the Hospital seeks to implead Ms. Weiss is clear: she testified she believed she was "careless" in dropping Maximus. *Weiss Depo., p. 229.* Similarly, she testified she has not watched Maximus or any other child since this incident because she feels somewhat responsible for what happened. *Weiss Depo., p. 205.*

This deposition testimony, **for the first time**, provided South County Hospital with a clear picture of what transpired on October 25, 2003 prior to both of Maximus' trips to the Emergency Department. For Plaintiff to suggest that this critical information was within the realm of the Hospital's knowledge at any time prior to the deposition testimony of Ms. Weiss belies this witness' very own words. It was *her* own testimony which provided the Hospital with the basis for impleading Ms. Weiss as a Third Party Defendant. It was, in fact, the Plaintiff who long had the benefit of knowing Ms. Weiss' involvement in the incident here. Plaintiff's own legal counsel represented Ms. Weiss at her deposition, further evidencing the fact that not only the Plaintiff, but her attorneys, were aware of the extent of Ms. Weiss' involvement in causing the child's injuries years prior to Ms. Weiss' deposition.

## IV. Conclusion

Defendant's Motion is timely and appropriate. The Hospital has neither delayed nor engaged in dilatory tactics in its effort to implead this most essential participant and joint tortfeasor. There is no doubt: Jennifer Weiss has admitted she was careless in dropping the child, causing the very injuries for which the Hospital is now alleged to be liable.

WHEREFORE, Defendant South County Hospital respectfully requests this Honorable Court grant its Motion for Leave to file a Third Party Complaint against Jennifer Weiss.

Defendant
**SOUTH COUNTY HOSPITAL**
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Paul F. Galamaga

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was hand-delivered on this 15th day of July 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
Michael T. Eskey, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

*Reply memo - mot for leave to file third party complaint.2.wpd*