**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MOTION TO VACATE THE ORDER DATED 7/13/05 AND FOR LEAVE *NUNC PRO TUNC* TO FILE OBJECTION TO DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Now comes plaintiff in the above-captioned matter and moves for an Order of this Honorable Court vacating its Order of July 13, 2005, granting her leave *nunc pro tunc* to file an objection and accompanying memorandum to defendant South County Hospital's Motion for Leave to File Third Party Complaint. As grounds, plaintiff incorporates by reference the accompanying memorandum of law.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 18th day of July, 2005 by 1st class mail

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO VACATE THE ORDER DATED 7/13/05 AND FOR LEAVE *NUNC PRO TUNC* FOR TO FILE OBJECTION TO DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Now before the Court is plaintiff's motion for an Order vacating the Court's Order of July 13, 2005, and granting her leave *nunc pro tunc* to file an objection and accompanying memorandum to defendant South County Hospital's Motion for Leave to File Third Party Complaint.

As grounds, plaintiff states as follows:

1. On June 30, 2005, defendant South County Hospital served on plaintiff a motion for leave to file a third-party complaint seeking to add a new party to this action based on a claim of contribution from an alleged joint tortfeasor, Jennifer Weiss, the nanny of the minor plaintiff, Maximus Wadensten.
2. On July 11, 2005, within the time permitted for response under Local Rule 12(a)(2), plaintiff timely served and filed a Memorandum in Support of Objection to Motion for Leave to File Third Party Complaint. Plaintiff's memorandum shows that Ms. Weiss is

not a joint-tortfeasor as a matter of law and that the hospital's motion is untimely and unduly prejudicial and that, for these reasons, it ought to be denied.

3. Also on July 11, 2005, plaintiff filed motions for relief from the page limits on memoranda and exhibits and intended to file a separate pro-forma objection.

4. On July 13, 2005, after plaintiff filed her motions for page-limit relief, but before she filed her pro-forma objection, the Court returned all copies of plaintiff's memorandum and its accompanying exhibits, indicating that they "violated Amended General Order 2002-01" and that "no objection [was] filed." *See* Order 7/13/05 (copy attached as **EXHIBIT A**).

5. Notwithstanding the return of all filed copies of plaintiff's memorandum and exhibits for non-compliance with the page-limitation requirements of Amended General Order 2002-01, the court *granted* plaintiff's *nunc pro tunc* motions for relief from those limitations. *See* Order 7/15/05 (copy attached as **EXHIBIT B**). Implicitly, that Order effectively vacated or superceded that part of the Court's prior Order of July 13, 2005, which returned plaintiff's memorandum based on non-compliance with Amended General Order 2002-01.

6. Notwithstanding the fact that plaintiff's memorandum clearly indicated that it was in opposition to defendant's motion for leave to file a third party complaint, plaintiff inadvertently neglected to file a pro-forma objection together with its 20-page memorandum in response and opposition to defendant's motion before the Court entered the July 13, 2005, order from which relief is sought. A copy of a pro-forma objection that plaintiff seeks to file *nunc pro tunc* is attached as **EXHIBIT C**.

7. Plaintiff's opposition to the hospital's attempt to add a new party to the action after the close of discover on a permissive third-party claim that the hospital certainly knew

existed from the time that plaintiff filed her complaint has merit and in the interest of judicial and party economy warrants consideration by the Court.

8. For the reasons stated in plaintiff's 20-page memorandum of law in opposition to the hospital's motion for leave to file a third-party complaint against Ms. Weiss, the hospital's motion is without merit as a matter of law and, to prevent it from de-railing the scheduling of this matter and the re-opening and repeat of costly discovery already completed, ought to be summarily denied.

9. Indeed, given the importance of rejecting the hospital's motion for leave to file a third-party complaint to the conduct of the case, the Court ought to grant the within motion, issue an order granting plaintiff leave to file her objection *nunc pro tunc* and to re-file her accompanying memorandum of law and exhibits; after filing of these materials, the Court ought to schedule a hearing and decide that matter forthwith.

WHEREFORE, for the foregoing reasons, plaintiff respectfully requests that the Court enter an Order granting her leave to file *nunc pro tunc* an objection and to re-file her accompanying memorandum of law and exhibits to defendant, South County Hospital's, Motion for Leave to File Third Party Complaint.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 18th day of July, 2005 by 1st class mail.

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

REC'D JUL 15 2005

TO: Amato DeLuca, Esq.

RE: CA 04-326 S

Wadenstein v. So. Cty. Hospital

ORDER

I have reviewed your document(s) presented to the Clerk's Office on 7 / 11 / 05 and have made the following determination:

______ I hereby direct the Clerk to file the document(s) in the form in which it was presented to the Court.

✓ Your document(s) are hereby refused and returned to you for the following reason(s):

____ 1. Pleadings, motions, other papers are not signed. (Fed. R. Civ. P. 11)

____ 2. All motions and objections must be filed in duplicate, with accompanying memoranda filed in triplicate. (Local Rule 12 and General Order 02-01 as amended)

____ 3. Memorandum of law must accompany all motions and objections, with the exceptions of Motions to Compel and Motions to Extend Time. (Local Rule 12)

____ 4. New cases must be accompanied by:
a) Civil Cover Sheet (Local Rule 11)
b) Summons (Fed. R. Civ. P. 4)
c) Filing fee of $150.00 (28 U.S.C. § 1914) or $5.00 for Petitions for Habeas Corpus filed under 28 U.S.C. § 2254 and 28 U.S.C. § 2241.

____ 5. Papers will not be accepted for filing without Certification of Service. (Local Rule 12)

____ 6. Interrogatories and Answers or Objections thereto (Fed. R. Civ. P. 33), Initial Disclosures, Admissions, and Requests for Production, Responses and Objections (Fed. R. Civ. P. 34 & 36) shall NOT be filed with the Court. A party moving to compel (Fed. R. Civ. P. 37 (a)(2) ), shall file all pertinent portions of discovery material with the motion and copies (Local Rule 13).

____ 7. All Checks must be made payable to **Clerk, U.S. District Court.**

X 8. Document violates Amended General Order 2002-01.

X 9. Other: No objection filed

ENTER:

United States Magistrate Judge

Date: 7/13/05

cc: Counsel of Record

EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN
Plaintiff,

v.

C.A. No. 04-326S

SOUTH COUNTY HOSPITAL;
PAMELA BURLINGAME, RNP;
ROBERT J. CASCI, JR., D.O.;
TIMOTHY DRURY, M.D.
RHODE ISLAND EMERGENCY PHYSICIANS, INC.;
JOHN DOE, ALIAS; JANE DOE, ALIAS;
JOHN DOE CORPORATION, ALIAS
Defendants.

7/15/05; GRANTED, USMJ

**PLAINTIFF'S NUNC PRO TUNC MOTION TO ENLARGE PAGE LIMIT FOR PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION OF DEFENDANT SOUTH COUNTY HOSPITAL FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Now comes plaintiff in the above-captioned matter and moves for an Order of this Honorable Court granting her leave to file a memorandum in support of her objection to defendant South County Hospital's Motion for Leave to File Third Party Complaint, in excess of the 10-page limit on memoranda under Local Rule 12(a) and General Order #2002-01 by 10 pages. As grounds, plaintiff states as follows:

1. Claiming a right of contribution from an alleged joint tortfeasor (*i.e.*, the minor plaintiff Maximus Wadensten's nanny), defendant South County Hospital seeks to add an entirely new party to this complex medical-negligence action at the close of discovery.

2. Plaintiff objects to the motion and on July 8, 2005, served and filed a 20-page memorandum of law which showed that the Court ought to deny the motion: (a) as futile since, as a matter of law, the hospital has no right of contribution against Max's nanny; and (b) as unwarranted, unnecessary, and unduly prejudicial since the hospital can

[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LINDA WADENSTEN, Individually and :
p.p.a. MAXIMUS WADENSTEN :
Plaintiffs, :
:
v. : C.A. No. 04-326S
:
SOUTH COUNTY HOSPITAL; :
PAMELA BURLINGAME, RNP; :
ROBERT J. CASCI, JR., D.O.; :
TIMOTHY DRURY, M.D. :
RHODE ISLAND EMERGENCY :
PHYSICIANS, INC.; :
JOHN DOE, ALIAS; JANE DOE, ALIAS; :
JOHN DOE CORPORATION, ALIAS :
Defendants. :

**PLAINTIFF'S OBJECTION TO DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT**

Now comes plaintiff in the above-captioned matter and hereby objects to the motion of defendant, South County Hospital for Leave to File a Third Party Complaint. As grounds, plaintiff incorporates by reference the accompanying memorandum of law in opposition to the hospital's motion.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this _____ day of _______________, 2005 by _________________ :

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

_______________________________________