UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN | : | |
| | : | |
| v. | : | C.A. No. 04-326S |
| | : | |
| SOUTH COUNTY HOSPITAL, et al. | : | |

**ORDER**

Before the Court are several discovery motions which have been referred for determination. 28 U.S.C. §636(b)(1)(A); Local R. 32(b). A hearing was held on July 27, 2005. This Court's rulings made at the hearing are summarized below.

1. Prior to the July 27, 2005 hearing, the parties agreed to the resolution of South County Hospital's Motion to Compel More Responsive Answers to Interrogatories Propounded to Linda Wadensten, Individually (Document No. 166). The Court therefore DENIES, as moot, that Motion.

2. Prior to the July 27, 2005 hearing, the parties agreed to the resolution of the majority of South County Hospital's Motion to Compel More Responsive Answers and Strike Objections to Interrogatories Propounded to Linda Wadensten, P.P.A. Maximus Wadensten (Document No. 167). The parties were unable to agree, however, as to Interrogatory No. 6. After hearing argument, the Court DENIES South County Hospital's Motion, and finds Linda Wadensten's supplemental response to Interrogatory No. 6 to be sufficient.

3. The Court GRANTS South County Hospital's Motion to Compel Response at Deposition (Document No. 169) and will allow South County Hospital to reconvene the deposition of Jennifer Weiss for a period not to exceed three (3) hours. At such reconvened deposition, South County Hospital may inquire further of Ms. Weiss as to the October 25, 2003 dropping incident and may ask

her to demonstrate her actions which led up to, and resulted in, such incident. Defendants may use the balance of time to inquire as to any other discoverable matters not addressed at the first deposition of Ms. Weiss. The parties are directed to confer and determine a mutually agreeable time and location for the reconvened deposition.

4. The Court GRANTS South County Hospital's Motion for Physical and Mental Examination of Maximus Wadensten (Document No. 171), without prejudice to Plaintiff filing a motion for protective order if necessary and appropriate. South County Hospital shall promptly provide Plaintiff with a detailed description specifying the "time, place, manner, conditions and scope of the examination[s] and the...persons by whom [they are] to be made." Fed. R. Civ. P. 35(a). After such description is produced, the parties are directed to confer regarding the parameters of the examinations. Further, the Court DENIES South County Hospital's request that Ms. Wadensten be compelled to provide information during Maximus' examination(s), but the Court advises Ms. Wadensten that she may voluntarily do so if she chooses, and notes that South County Hospital has indicated that it may use her failure to provide information as the basis to move to exclude certain of Plaintiff's expert evidence at trial.

5. The Court GRANTS Rhode Island Emergency Physician Inc.'s Motion to Strike Objections and Compel Production of Documents (Document No. 174). The Court finds that Jennifer Weiss is a material fact witness in this action, her notes were prepared one day after the events that are the subject of this action, and that the notes were not prepared at the direction of an attorney, or after consulting with an attorney. Further, the notes were not prepared in anticipation of litigation. Therefore, the notes are not protected from disclosure by either the attorney-client or

the attorney work product privilege. Plaintiff's counsel is directed to produce the notes to the Defendants' counsel within five (5) days, or to exercise Plaintiff's right under 28 U.S.C. §636(b)(1) to appeal this Order and request a stay of production from District Judge Smith pending resolution of the appeal.

6. The Court DENIES as moot South County Hospital's Motion for Protective Order as to Linda Wadensten's Rule 30(b)(6) deposition of the Rhode Island Department of Health (Document No. 157) in view of Plaintiff's "withdrawal and cancellation" of such deposition notice and subpoena. This denial is, however, without prejudice to South County Hospital filing a new motion setting forth facts which have arisen since this Motion for a Protective Order was originally filed and seeking further relief from the Court regarding the documents in issue.

LINCOLN D. ALMOND
United States Magistrate Judge
July 28, 2005