**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** <br> **Plaintiff,** <br> v. <br><br> **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** <br> **Defendants.** | : | **C.A. No. 04-326S** |

**PLAINTIFF'S OBJECTION TO**
**THE MAGISTRATE JUDGE'S ORDER DATED JULY 28, 2005**

Now comes plaintiff in the above-captioned action and, pursuant to Fed. R. Civ. P. 72(a) and Local Rule 32(b)(2), hereby objects to the following parts of the Magistrate Judge's Order dated July 28, 2005 (copy attached as as **EXHIBIT A**):

1. That part of Paragraph No. 3 where, in granting the hospital's motion to compel response at deposition—in essence, to force a non-party witness, Jennifer Weiss, to stage a videotaped reenactment of how Maximus Wadensten dropped to the floor—the motion justice:

(a) Allowed the hospital "to reconvene the deposition of Jennifer Weiss for a period not to exceed three (3) hours;"

(b) Allowed the hospital to "inquire further of Ms. Weiss as to the October 25, 2003 dropping incident;" and,

(c) Allowed defendants to "use the balance of time to inquire as to any other discoverable matters not addressed at the first deposition of Ms. Weiss."

The subject Order issued following a hearing and rulings by the magistrate judge (Almond, M.J.) on July 27, 2005, on several non-dispositive pretrial discovery motions filed by defendants South County Hospital and Rhode Island Emergency Physician Inc. Plaintiff submits that the challenged parts of the order are clearly erroneous and contrary to law and therefore that the Court ought to modify or set them aside. A transcript of the hearing has been ordered.

As grounds for the objection, plaintiff states as follows:

**I. Particularly in light of the fact that defendant requested only fifty minutes, the magistrate judge's allowance of up to three hours to defendants to reconvene the deposition of Jennifer Weiss for a staged, videotaped reenactment of how Maximus Wadensten dropped to the floor and "to inquire as to any other discoverable matters not addressed at the first deposition of Ms. Weiss" is arbitrary, unreasonable, and unnecessary.**

Jennifer Weiss was caring for Maximus Wadensten as his nanny when he sustained the injuries that plaintiff claims proximately resulted from defendants' negligent failure to timely diagnose and treat Maximus, and the hospital's violation of EMTALA.

On May 26, 2005, defendants deposed Ms. Weiss for six hours and ten minutes. During that time, defendants' counsel repeatedly questioned Ms. Weiss on the details of how Max hit his head. In response, Ms. Weiss testified positively that as a result of being unexpectedly bumped from behind by a dog, she accidentally dropped Max from about waist high and that Max hit the tiled, kitchen floor, bottom first, and then fell backward and hit his head. *See, e.g.,* Depo. Jennifer Weiss 5/26/05 at 92-102, 111-12, 232-33 (copy attached as EXHIBIT B).

In addition to her oral testimony, Ms. Weiss demonstrated the occurrence to defendants' counsel during the deposition. She was not, however, permitted to perform a staged, videotaped reenactment based on her counsel's objections, *inter alia*, that the

attempted reenactment could not be lawfully compelled and would be inaccurate, unreliable, misleading, and unnecessary (in light of the fact that Ms. Weiss showed counsel what happened and could clearly and positively testify and describe the incident).

Mindful of the seven-hour time limit on depositions, counsel for defendants elected to terminate questioning of Ms. Weiss after six hours and ten minutes in order to *reserve* time to stage a videotaped reenactment of how Max dropped to the floor and to pursue other issues, should a court order Ms. Weiss's deposition to be reconvened for those purposes. Weiss Depo. at 266-69.

Notwithstanding the fact that Ms. Weiss testified that Max fell from her waist height (and showed defendants' counsel how that occurred), the hospital served and filed a motion to reconvene Ms. Weiss's deposition, claiming that a videotaped reenactment was necessary to determine the height of the fall. Reiterating its election to suspend the deposition after six hours and ten minutes in order *to reserve fifty minutes* to stage a reenactment and/or to examine Ms. Weiss in other areas, the hospital in the memorandum accompanying its motion wrote "as to the scope of the re-convened deposition" it sought, that:

> defense counsel was [*sic*] concerned that they were running out of their allotted seven hours pursuant to Fed. R. Civ. P. 30(d)(2), and were forced to suspend the deposition when it became apparent that the questioning had already run over six hours. Defendant should be allowed their [*sic*] remaining fifty minutes of questioning * * * given that the defendants were forced into suspending the deposition * * * .

Mem. at 6 (emphasis added)(copy attached as **EXHIBIT C**). In the concluding paragraph of its memorandum, the hospital again expressly requested that the court issue "an order allowing for the re-convening of the deposition of Ms. Weiss up to the seven hour time allowed under the rules." Mem. at 6 (emphasis added).

Notwithstanding citation of authority and argument supporting a decision that Ms. Weiss's deposition ought not to be reconvened for a videotaped reenactment,[1] the magistrate judge granted the hospital's motion to reconvene the deposition. Importantly, in spite of the fact that the hospital requested only fifty minutes to complete the deposition, the magistrate judge allowed the hospital "to reconvene the deposition * * * for a period not to exceed three hours" and, in addition to a reenactment and questions related thereto, permitted defendants to "use the balance of time to inquire as to any other discoverable matters not addressed at the first deposition of Ms. Weiss." Order at 1-2 (emphasis added).

While plaintiff and Ms. Weiss disagree with the decision to grant the motion to reconvene Ms. Weiss's deposition for a reenactment and reserve all rights to challenge its admissibility if offered at trial, the within objection does not seek review of the magistrate judge's decision to allow the reconvening of Ms. Weiss's deposition to permit defendants to stage a reenactment and pose questions material thereto. The objection does, however, seek modification to fifty minutes (as requested by defendant) of that part of the magistrate judge's order which unreasonably, arbitrarily, and unnecessarily permitted defendants to question Ms. Weiss for up to three hours.

Rule 30(d)(2) sets a time limit for depositions of one day of seven hours. While the rule provides that a party may file a motion to extend that limitation, it does not authorize

---

[1] *See, In re Air Crash Disaster at Sioux City, Iowa, on July 19, 1989*, 131 F.R.D. 127, 128 (N.D. Ill. 1990)(forced videotaped re-creation of events leading to air crash in flight simulator not permitted where re-creation would not be accurate depiction of actual event and would have questionable value, would not be beneficial to jury, and, most importantly, the party seeking forced re-creation had reliable direct evidence of the events); *Greenidge v. Ruffin*, 927 F.2d 789, 793 (4th Cir. 1991)(no abuse of discretion in refusing to allow videotaped re-enactment at deposition of police officer in civil rights proceeding alleging excessive use of force where officer was readily available and accuracy of any reenactment of shooting could not be assured).

the court to extend it *sua sponte*. Presumably owing to the fact that a reenactment will not take long and the fact that defendants have aggressively insisted on plaintiff's compliance with the seven-hour limitation in other depositions, neither defendant here requested the magistrate judge to grant them any time beyond the seven hours allotted under Rule 30(d)(2) to conduct a reconvened deposition of Ms. Weiss. Indeed, the hospital expressly requested only the *remainder* of the allotted seven hours—*i.e.*, fifty minutes—and the other defendants requested no more.

As no party requested anything but the remainder of the allotted seven hours, the record contains no showing whatsoever of "good cause" to extend Ms. Weiss's deposition beyond Rule 30(d)(2)'s seven-hour limitation. Without such a showing, it would be a clear abuse of discretion for a court to extend a deposition beyond the seven-hour limitation. *Cf.* The Advisory Committee Note to the 2000 Amendment to Rule 30(d)(2) ("The party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order."). Plainly, the magistrate judge's order extending *sua sponte* the seven hour limitation on Ms. Weiss's deposition was unwarranted and contrary to law. As such, the Court ought to modify it, limiting the reconvened deposition to fifty minutes, consistent with Rule 30(d)(2), as requested by defendants.

In addition to the time-limit modification of the order, the objection further seeks to have set aside that part of the magistrate judge's order which unreasonably, arbitrarily, and unfairly allows defendants, aided by time to reflect and a written transcript, to take another bite at the apple, and inquire of Ms. Weiss as to "<u>any other discoverable matters not addressed at the first deposition</u>." Order at 1-2 (emphasis added). Defendants thoroughly questioned Ms. Weiss in the six hours and ten minutes that they deposed her. Defendants

had every opportunity during that time examine Ms. Weiss concerning "discoverable matters." As written, the magistrate judge's order unfairly permits defendants to reflect on Ms. Weiss's deposition and, with the benefit of a written transcript, to clean-up areas, pursue lines of inquiry, and ask follow up questions in areas that were or could have been covered during her deposition, but, for whatever reason (*e.g.* oversight, inattentiveness, neglect) were not.

The magistrate judge's order effectively reopens Ms. Weiss's deposition and permits defendants a second opportunity to examine her on any material matter that they either intentionally or inadvertently failed to inquire into during her deposition. In fairness, the Court ought to limit inquiry during Ms. Weiss's reconvened deposition to the reenactment sought by the hospital and questions relevant thereto. Anything else extends to defendants a windfall opportunity to effectively re-depose Ms. Weiss rather than, as the hospital requested, to reconvene her deposition for fifty minutes for the limited purpose of allowing defendants to stage a videotaped reenactment of how Maximus dropped to the floor.

## CONCLUSION

For the forgoing reasons, the Court ought to modify and set aside those parts of the magistrate judge's order granting the hospital's motion to reconvene Ms. Weiss's deposition which extend the time allotted for that proceeding beyond the seven hour limitation under Rule 30(d)(2) and which allows defendants to inquire into matters outside of reenactment.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

## CERTIFICATION

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 2nd day of August, 2005 by 1ST Class Mail

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903