UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINDA WADENSTEN, individually and p.p.a. Maximus Wadensten
*Plaintiff*

vs. C.A. No.: 04-0326 S

SOUTH COUNTY HOSPITAL;
PAMELA BURLINGAME, RNP;
ROBERT J. CASCI, JR., DO;
TIMOTHY DRURY, MD;
RHODE ISLAND EMERGENCY PHYSICIANS, INC.;
JOHN DOE, Alias; JANE DOE, Alias;
and JOHN DOE CORPORATION, Alias
*Defendants*

**DEFENDANT PAMELA BURLINGAME, R.N.P.'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF MEDICAL LITERATURE and NOTES**

Now comes defendant Pamela Burlingame, RNP ( "Burlingame") and hereby objects to the plaintiff's motion to compel production of the notes she prepared after the events of October 25, 2003, as well as certain medical literature for the reasons stated herein.

**Facts.**

On October 25, 2003, Pamela Burlingame, RNP, initially examined Maximus Wadensten at the South County Hospital emergency room for a complaint of a bump on the back of his head after being dropped by Jen Weiss, his nanny. Thereafter, Maximus was discharged from the hospital and instructions for his care and observation were provided to the plaintiff and the Nanny. When the child did not respond after his normal nap period, the Nanny decided to give him a bath to wake him up, contrary to the specific instructions to return to the hospital. The plaintiff and the Nanny subsequently brought Maximus back to the emergency department

almost four hours after the first visit. Maximus was diagnosed with an epidural hematoma and airlifted that night to Rhode Island Hospital, where doctors performed a craniotomy.

On October 26, 2003, defendant Burlingame created some notes regarding the events at the Emergency Room which were made in anticipation of litigation. There is no doubt that Burlingame was aware of the serious nature of child's injuries and the unusual circumstances of the two visits when she made these notes. She knew that there was a chance that a medical malpractice claim could be made and, in fact, she actually refers to potential litigation in her notes of October 26, 2003. It is therefore undisputed that these notes were prepared in anticipation of litigation. On October 28, 2003, at the request of the hospital risk manager Debbie Randall, defendant Burlingame created further notes which are similarly privileged which the plaintiff is also seeking in her motion to compel.

**Pamela Burlingame, RNP, Notes**.

Plaintiff seeks to compel production of the notes that defendant Burlingame prepared on October 26, 2003 and October 28,2003 and for which the defendant has claimed a privilege. As a basis for this motion to compel, the plaintiff states that:

> "Given defendant Burlingame's deposition testimony, even assuming *arguendo* that defendant properly asserted work-product and attorney-client objections to the production of the materials, there is no merit in her refusal to produce the requested materials based on work-product and attorney-client objections." Plaintiff's motion to compel, p.3, #7 (citations omitted).

The plaintiff's motion does not challenge defendant Burlingame's privilege assertion with any facts which would support their request. The plaintiff should be required to assert some facts as a good-faith basis to question the defendant's claim of privilege. Pamela Burlingame, RNP, is a defendant in this lawsuit and she had seen Maximus Wadensten in the emergency department four hours prior to his returning to the hospital with a large epidural bleed. The notes

were clearly made during a time when questions were being raised concerning the events in the ER and the treatment of a child who was airlifted to Hasbro for surgery.

Moreover, it appears that the plaintiff is attempting to compel production of these notes on the sole basis that they were reviewed by defendant Burlingame "during the course of preparing her answers to interrogatories…". It is important to note, however, that she prepared her answers to interrogatories with the assistance of counsel. Furthermore, since the notes of October 26th and 28th were made in anticipation of litigation, defendant Burlingame did not waive her privilege if they were actually used by her during that litigation. In other words, it was for that very purpose that she prepared them in the first place.

Defendant Burlingame also explained that she did not review these notes in preparation for her deposition. As defendant Burlingame testified at her deposition:

> Q. So I asked you a little bit ago what you had reviewed in preparation for today's deposition; and you said you reviewed your answers to interrogatories and your professional resume, is that right?
> A. Yes.
> Q. Anything else?
> A. No. " (Burlingame Deposition, p. 19 )

Finally, the plaintiff's attorney has received Burlingame's interrogatory answers and questioned her at length during her deposition for a period of almost seven hours. Any documents reviewed or discussed with counsel in order to draft answers to those interrogatories are clearly protected under the attorney-client privilege and as attorney work product. As such, the motion to compel defendant Burlingame's notes should be denied.

**Medical Literature**.

The plaintiff's motion to compel the medical literature should also be denied for the reasons stated above. Defendant Burlingame did not review any medical literature to prepare for her deposition and any reference to said materials was either in anticipation of litigation, or in conjunction with the preparation of her written discovery in this case.

In support of their motion to compel medical literature, the plaintiff states that

> "Defendant Burlingame further testified that at her deposition that she reviewed and consulted specific medical texts and literature to refresh her memory with respect to care and treatment of the injury that Max presented with on October 25, 2003. See, Burlingame Dep. at 19-24." (Plaintiff's motion to compel, pp. 1-2)

This, however, misstates defendant Burlingame's deposition testimony. Defendant Burlingame was asked a question about medical literature that she had reviewed "at any time." Further, she explicitly denied reviewing any materials in preparation for her deposition other than her interrogatory answers and professional resume. The plaintiff has thus failed to identify any legal basis to compel the defendant to produce such medical literature or documents. The plaintiff's request for production is also overly broad, in that it seeks any and all medical literature reviewed by defendant Burlingame, "but not limited to the literature referenced in your deposition . ." Such an overly broad request, if enforced, might even require the disclosure of medical literature that defendant Burlingame reviewed with counsel while preparing to defend this medical malpractice action.

Wherefore, based on all of the above stated reasons, and those arguments at hearing on this motion, defendant Burlingame requests that this Honorable Court enter an Order denying the plaintiff's motion to compel production of medical literature and notes.

PAMELA BURLINGAME, RNP
By her Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 4 day of August, 2005 a true copy of the foregoing was mailed, postage pre-paid to:

Counsel for Plaintiff
Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Counsel for Co-Defendant Hospital
Paul F. Galamaga, Esq.
Ratcliffe, Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903



594937v1