UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Linda Wadensten, Individually and p.p.a. Maximus Wadensten,<br><br>Plaintiff,<br><br>v.<br><br>South County Hospital; Pamela Burlingame, RNP; Robert J. Casci, Jr., D.O.; Timothy Drury, M.D.; Rhode Island Emergency Physicians, Inc.; John Doe, Alias; John Doe Corporation, Alias,<br><br>Defendants. | C.A. No. 04-326S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

I. Introduction

On October 25, 2003, Maximus Wadensten, then 7 months old, was dropped head-first on a hard tile floor by his nanny, Jennifer Weiss. Thereafter, he was brought to South County Hospital, where he was examined by Nurse Practitioner Pamela Burlingame. Nurse Burlingame did not find any evidence of a fracture when she palpated the skull, and so she discharged him without further examination, and with instructions to watch for signs of duress, unusual breathing, or vomiting. When Max was difficult to awaken at the end of his two hour nap, his mother and nanny returned him to South County Hospital, where he was diagnosed with a subdural

hematoma requiring surgery. As a result of the foregoing events, Max has been left with various developmental impairments.

Plaintiffs filed suit against the named Defendants (the "Defendants"), and the Defendants now seek to add a third party complaint against Jennifer Weiss, the nanny. The Defendants contend Weiss was negligent, both in dropping the baby and delaying before returning the baby to the hospital the second time, and therefore claim Weiss is potentially liable to the Defendants as a joint tortfeasor.

## II. Analysis

Fed. R. Civ. P. 14(a) provides that:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.

Rule 14(a) requires both a liability nexus between the third party plaintiff and the proposed third party defendant, as well as a showing that allowing the impleading will not "unduly delay or otherwise prejudice the ongoing proceedings." Lehman v. Revolution Portfolio LLC, 166 F.3d 389, 393 (1st Cir. 1999).

### 1. Are Defendants and Weiss Joint Tortfeasors Under Rhode Island Law?

The parties agree that Weiss's liability to Defendants, if any, is to be analyzed under R.I. Gen. Laws § 10-6-1 et seq., the Uniform Contribution Among Tortfeasors Act (the "Act"). The

parties' arguments revolve around the proper interpretation and application of Wilson v. Krasnoff, 560 A.2d 335 (R.I. 1989). In Wilson, the Supreme Court of Rhode Island laid out an analytical roadmap for determining whether individuals are joint tortfeasors under the Act.

> Upon examining the statutory language, we discern two requirements in order for parties to be joint tortfeasors under the act. First, the parties must be "liable in tort." The phrase "liable in tort" has been construed to mean to have negligently contributed to another's injury. Second, the statute refers to the same injury. The same injury is caused by parties who engage in common wrongs. To constitute joint tortfeasors under the act, both parties must have engaged in common wrongs.

Id. at 339 (internal citation omitted) (quoting R.I. Gen. Laws § 10-6-2).

As in Wilson, the "liable in tort" element does not appear to be in dispute here. The issue is whether Defendants and Weiss are responsible for the "same injury," or, put another way, committed a "common wrong." Id. In determining whether there is a common wrong, the Wilson court stated that "two important factors will be the time at which each party acted or failed to act and whether a party had the ability to guard against the negligence of the other." Id. at 340. By way of example, the Wilson court distinguished the case where the two potential defendants are the driver of an automobile causing a car accident and the doctor providing negligent treatment thereafter, from cases where the two potential defendants are the owner and driver of a vehicle involved

in a single automobile collision or alleged co-protagonists in a single assault and battery. The former situation did not involve joint tortfeasors because "the acts of the original wrongdoer and the negligent doctor occurred at different times and [] neither had the opportunity to guard against the other's negligence." Id. at 339.

In applying this criteria to the facts before it, the Wilson court concluded that a landowner who was responsible for plaintiff's fall on June 5, 1981, and the doctors who provided treatment on June 13, 1981, and January 29, 1982, were not joint tortfeasors. See id. at 340-41 (noting that "Krasnoff, the building owner, had possession and control of the stairs in the building in which Wilson worked. None of the other defendants had control over or knowledge of the condition of the stairs. Thus the physicians did not have the opportunity to guard against Krasnoff's negligence. Similarly, Krasnoff had no opportunity to guard against the negligence of the doctors. Each physician conducted his own treatment of Wilson . . . .").[1] In reaching this conclusion, the Wilson court made a point of noting that the Rhode Island law differs from traditional common-law principles of tort causation because "[u]nder Rhode Island law, a tortfeasor is liable only for the injury caused by his or her negligence. An initial

---

[1] The court did find that two of the doctors who jointly performed one of the operations were liable as joint tortfeasors, if they were liable at all.

tortfeasor is not liable for additional harm caused by subsequent medical malpractice as such malpractice is an independent intervening cause." Id. at 340.

This is a close case. However, applying Wilson to the facts of this case for purposes of Defendants' Motion, the Court concludes that Weiss and the Defendants are not joint tortfeasors. The actions of Weiss and Defendants giving rise to potential liability here took place at separate times. While not as temporally distinct as the incidents in Wilson, they are also not as temporally joined as the examples of nearly simultaneous wrongs set forth by the court in that opinion. Also, Weiss did not have any opportunity to guard against the Defendants' negligence and the Defendants had no opportunity to guard against the negligence of Weiss.[2] This finding is supported by the relevant case law.[3]

---

[2] Defendants argue that the hospital had (and exercised) the opportunity to guard against the negligence of Weiss (at least as to her delay in returning the baby) by providing her with detailed discharge instructions calling for the baby to be returned to the hospital if he was difficult to arouse from his nap. Conversely, they argue Weiss had the opportunity to guard against the negligence of the hospital by following those discharge instructions properly. In Wilson, the Rhode Island Supreme Court concluded two doctors performing surgery together were in a position to guard against each other's negligence. 560 A.2d at 341. Clearly, the Defendants and Weiss were not so intimately aligned, and this Court declines to extend the concept of "opportunity to guard" so far as Defendants seek to stretch it here.

[3] Defendants have also cited Day v. J. Brendan Wynne, D.O., Inc., 702 F.2d 10 (1st Cir. 1983), New Amsterdam Casualty Co. v. Holmes, 435 F.2d 1232 (1st Cir. 1970), and N. Atl. Fishing, Inc. v. Geremia, 153 B.R. 607 (D.R.I. 1993), to advance their cause.

However, to the extent this is a close call, the "undue prejudice" analysis under Rule 14(a) tips the scale in favor of denying the Defendants' Motion.

2. Would Granting Defendants' Motion Unduly Prejudice These Proceedings?

The timeliness of the Motion is a factor for this Court to consider in exercising its discretion. See Perez Cruz v. Fernandez Martinez, 551 F. Supp. 794, 799 (D.P.R. 1982). Plaintiffs make a good argument that Defendants have known from almost the beginning of this suit that: (1) Max was dropped by Weiss after she was bumped by a dog; (2) four hours elapsed between the initial evaluation and the child's return to the hospital; and (3) Weiss did not immediately return Max to the hospital after rousing him from his nap. At the hearing on this Motion, Defendants presented various pieces of evidence going to Weiss's negligence that were not available to them until they deposed Weiss. However, Weiss's potential role as a third party defendant seemingly stands out from the beginning of this suit. Therefore, the timeliness factor weighs against Defendants here.

---

However, both Day and Holmes were explicitly distinguished in Wilson as not properly interpreting the Act, and Geremia was premised on a lower court's ruling that one tortfeasor's negligence was the foreseeable result of another tortfeasor's negligence as a matter of law--a situation this Court is not presented with here. The Court, therefore, does not view these cases as compelling a different conclusion.

In addition to timeliness, there is the issue of imposing undue delay on the proceedings. See Lehman, 166 F.3d at 393. As was made clear at the summary judgment conference, impleading Weiss at this time -- after discovery has for the most part been completed -- could result in significant delays. While the parties dispute the amount of delay, they agree there will be at least some. Thus, this factor also weighs against Defendants.

Finally, Defendants will not be prejudiced by this decision. To the extent liability is found, nothing in this decision should be understood to preclude Defendants from bringing a separate action against Weiss for whatever portion of Defendants' damages they feel she is liable for. In fact, the reality that Weiss will only have to defend against such an action following a recovery against Defendants only adds to the efficiency of not forcing her to defend herself in this case before any liability has been established.

III. Conclusion

In light of all the foregoing, the Court DENIES Defendants' Motion to File a Third Party Complaint.

IT IS SO ORDERED.

William E. Smith
United States District Judge
8/15/05