**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S REPLY MEMORANDUM IN RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S ORDER**

Defendant files this reply memorandum in response to plaintiff's objection to Magistrate Judge Lincoln D. Almond's Order. Defendant asserts that plaintiff's objection fails to cite to any legal support for the bold assertion that Judge Almond's ruling was "clearly erroneous and contrary to law". Plaintiff's counsel chose to represent Ms. Weiss at her deposition, despite the clear conflict of interest. Plaintiff's counsel interfered inappropriately with the questioning of defense counsel, as recognized by Judge Almond. Plaintiff's interference greatly affected defendant's ability to depose this critical witness in the manner defendant desired. Judge Almond's ruling was an appropriate response to plaintiff's inappropriate interference and was well within the wide discretion the Court has to frame remedies for discovery violations.

Plaintiff also is requesting that the scope of the deposition be limited, claiming that Judge Almond "unreasonably, arbitrarily, and unfairly" allows defendant to inquire of any discoverable matters. Defendant specifically requested that the scope of the re-convened deposition not be limited. Inquiry into any discoverable matter is the scope of any deposition, and defendants

should not be limited in the scope of the continuation of the deposition. To limit the line of questioning as requested by plaintiff's counsel would only serve to reward plaintiff's counsel for their actions at Mrs. Weiss's deposition. There would be no disincentive to interfere with future depositions and instruct witnesses not to answer questions if the only remedy was to allow the specific question asked to be asked again

and this memorandum, defendant respectfully submits that Judge Almond's order should stand.

Defendant
**SOUTH COUNTY HOSPITAL**
By its attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire #3050
Paul F. Galamaga, Esquire #5803
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was hand-delivered on this 12 day of August 2005 to:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison Mahoney and Miller, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeiros

*Reply memo - PLAINTIFFS OBJECTION TO ORDER.wpd*