UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

AUG 30 2005
By

LINDA WADENSTEN :
:
v. : C.A. No. 04-326S
:
SOUTH COUNTY HOSPITAL, :
et al. :

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Compel Production of (1) Medical Literature and (2) Notes of Defendant Pamela Burlingame, RNP. (Document No. 210). Defendant Burlingame objects to Plaintiff's Motion. (Document No. 220). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on August 25, 2005. For the reasons discussed below, Plaintiff's Motion is GRANTED in part and DENIED in part.

**Background**

Defendant Burlingame was deposed on May 20, 2005. During her deposition, she testified that she reviewed two medical texts after the October 25, 2003 incident which forms the basis for this litigation. Defendant Burlingame testified that she retrieved the two texts herself "to clarify [her] mind what actually had become the final diagnosis in the emergency room and to sort of see if there was anything that I might have done differently or wasn't aware of." Burlingame Dep. at pp. 19-21. Defendant Burlingame also testified regarding two sets of notes (one dated October 26 and the other October 28) she created after the October 25 incident. She indicated that she believed she had referenced these notes in preparing her answers to Plaintiff's interrogatories "to refresh [her] recollection as to the incident." Id. at 17. She further stated that she reviewed the interrogatory

answers in preparing for her deposition testimony. Id. at 19. The existence of the notes was disclosed to Plaintiff prior to Defendant Burlingame's deposition in a supplement interrogatory answer. Id. at 236.

Both sets of notes have been submitted to the Court for in camera review. Defendant Burlingame testified that the October 26 notes were:

> produced for [her] own recollection, to put it down while it was fresh in [her] mind in case of peer review, joint commission review, ultimately in case there was a litigation involved; but, primarily, for [her] own recollection to put down specifics that I didn't have an opportunity or space to document on the record."

Burlingame Dep. at pp. 236-37 (emphasis added). The October 28 note deals only with the verbal discharge instructions given to the mother and nanny by Defendant Burlingame at the time of the minor patient's discharge after his first Emergency Room visit on October 25. The October 28 note was created by Defendant Burlingame at the request of the Risk Manager for Defendant South County Hospital.

## Discussion

### A. Medical Literature

This portion of the dispute can only be characterized as silly. Defendant Burlingame identified the two medical texts in question at her deposition, and, more specifically, in response to Plaintiff's Request for Production. Plaintiff's counsel indicated an unwillingness to purchase these texts and to speculate as to the portions reviewed by Defendant Burlingame. Defendant Burlingame's counsel expressed concern about the burden of copying the texts – one of which is 450 pages in length.

Defendant Burlingame has also asserted the attorney-client privilege and attorney work-product doctrine as protecting these texts from disclosure. Defendant Burlingame, however, completely failed to meet her burden of establishing that either of these texts are privileged from disclosure. First, Defendant Burlingame has identified the texts at her deposition and in discovery responses and thus has waived any possible privilege as to the identity of the texts. Second, as to attorney-client privilege, reading these texts can in no way be characterized as a confidential communication between Defendant Burlingame and her attorney. Finally, as to work-product, Defendant Burlingame did not review the texts with – or at the direction of – counsel, or in anticipation of litigation. As noted above, Defendant Burlingame testified at her deposition that she retrieved the texts on her own initiative to seek clarification after the events of October 25. Burlingame Dep. at pp. 20-21.

Plaintiff's Motion to Compel as to the medical texts is GRANTED. Defendant Burlingame's counsel shall either provide copies to Plaintiff's counsel of the portions of the texts Defendant Burlingame reviewed after the incident or, alternatively, make the texts available for review and copying by Plaintiff's counsel with identification of the portions so reviewed.

**B. The October 26 and 28 Notes**

Defendant Burlingame contends that these two sets of notes are "clearly protected under the attorney-client privilege and as attorney work product." Plaintiff contends that Defendant Burlingame has not met her burden of establishing the existence of either privilege and, even if a privilege applied, Plaintiff argues that it was waived because she relied upon the notes, at least

indirectly, in preparing for her deposition.[1] Finally, the parties dispute the extent to which, if any, the notes were prepared in anticipation of litigation.

Defendant Burlingame does not dispute that she, as the party asserting a privilege, bears the burden of establishing that the attorney-client privilege and/or the attorney work-product doctrine applies. See, e.g., FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000).

First, as to the October 28 note, it is undisputed that the note was not prepared by Defendant Burlingame on her own initiative. It was prepared nearly three full days after the incident and done so at the request of the Hospital's Risk Manager. This Court has reviewed the one-page October 28 note, and it simply outlines the verbal discharge instructions given by Defendant Burlingame to the mother and nanny on October 25. All three of these individuals have been deposed and questioned about these instructions.

Defendant Burlingame testified at her deposition that the Risk Manager asked her to document the verbal discharge instructions. Burlingame Dep. at p. 11. She further testified that she believed that the reason was "they wanted to have a complete understanding of the written and the verbal instructions" given to the mother at the time of discharge. Id. at 11-12. It is self-evident that one of the primary functions of a Risk Manager is to anticipate and coordinate the defense of liability claims against a hospital including medical malpractice claims. Risk Managers also typically work closely with defense counsel in coordinating litigation avoidance and defense. It is also reasonable

---

[1] As Defendant Burlingame did not directly review the notes in preparation for her deposition, and there is no indication that any reference to the notes was necessary to refresh her memory for purposes of testifying at the deposition, this Court finds that Plaintiff has not met her burden of establishing any waiver of either the attorney-client privilege or work-product protection, if applicable.

to conclude that the potential for litigation was plainly on everyone's radar screen based on the unfortunate outcome of the October 25 injury and Emergency Room visit.

Even if counsel had not yet been retained regarding the October 25 incident, the Hospital's Risk Manager had a reasonable basis to anticipate litigation, and her request that Defendant Burlingame document her recollection of the verbal discharge instructions was done in anticipation of such litigation. Thus, the October 28 note is protected from disclosure by the attorney work-product doctrine. Plaintiff has not attempted to – and, in any event, could not – make a showing of "substantial need" to overcome the work-product protection. See Rule 26(b)(3), Fed. R. Civ. P. Defendant Burlingame, the mother and nanny have all been deposed regarding the subject of the October 28 note which constitutes a substantially equivalent source of the information available to Plaintiff. Id.

Second, as to the October 26 note, it presents a much closer question. The October 26 note indicates that it was prepared at 2:30 a.m. This was shortly after Defendant Burlingame completed her shift in the Emergency Room for that night and, at a time when the events of October 25 should have been vivid in her mind. The October 26 note was prepared less than ten hours after the minor patient's first Emergency Room visit and shortly after his transfer to and emergency surgery at the Hasbro Children's Hospital.

The applicability of either privilege to the October 26 note is guided by the purpose Defendant Burlingame had in mind at the time she drafted the note. The only evidence before this Court on that issue are excerpts from Defendant Burlingame's deposition testimony. It is undisputed that Defendant Burlingame was not represented by counsel regarding this matter at the time she prepared the October 26 note, and she did not indicate at her deposition that the note was intended

to be a communication to her attorney for the purpose of seeking future legal advice or assistance. The October 26 note is not addressed to counsel and does not seek any legal advice or assistance. Rather, it provides a nearly contemporaneous narrative report of the events of October 25 and early October 26. Defendant Burlingame has not met her burden of establishing that the October 26 note is protected by the attorney-client privilege.

As to the attorney work-product doctrine, the October 26 note, unlike the October 28 note, was not prepared at the request of counsel or counsel's agent. In her own words, Defendant Burlingame testified that she prepared the October 26 note "for [her] own recollection." Burlingame Dep. at p. 236. She also said it was to document "specifics" that she "didn't have an opportunity or space to document on the record." Id. at 236-37. Plaintiff persuasively argues that Defendant Burlingame herself characterized the October 26 note as a continuation or addendum to the medical record made only a few hours after the patient's transfer to Hasbro for emergency surgery.

In the First Circuit, a document is considered to have been prepared "in anticipation of litigation" if:

> in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared...because of the prospect of litigation.

Maine v. U.S. Dep't of Interior, 298 F.3d 60, 69 (1st Cir. 2002) (emphasis in original). In adopting this "because of" rule, the First Circuit rejected a more stringent "primary motivating factor" test. Id. at 67. Even applying the less stringent "because of" test, this Court finds that Defendant Burlingame has not met her burden of establishing attorney work-product protection. The issue of "anticipation of litigation" involves three fundamental concepts: litigation, anticipation and causation. In re Grand Jury Subpoena, 220 F.R.D. 130, 146 (D. Mass. 2004). Defendant Burlingame

clears the litigation and anticipation hurdles but stumbles as to causation. As noted above, it was reasonable to assume as of the minor patient's transfer by helicopter to Hasbro for emergency surgery that future litigation was a real possibility. The issue of causation directly implicates the First Circuit's "because of" test. In other words, the issue is whether Defendant Burlingame prepared the October 26 note because of this realistic potential for future litigation.

Although Defendant Burlingame mentions the possibility of litigation in her deposition testimony, and in the October 26 note, it is never asserted as the reason why she created the October 26 note. The reference to litigation in the October 26 note is made in connection with efforts to safeguard the medical record and not as the reason for preparing the note. The balance is ultimately tilted in favor of Plaintiff based on Defendant Burlingame's testimony. She states that the October 26 note was produced "for [her] own recollection" and significantly that it was "primarily, for my own recollection to put down specifics that I didn't have an opportunity or space to document on the record." Burlingame Dep. at pp. 236-37. It logically follows from Defendant Burlingame's testimony that if she did have the "opportunity or space" to document those specifics in the "record," she would have done so – a medical record which is, of course, fully discoverable in a case such as this.

Finally, Plaintiff points out that this Court previously overruled similar privilege claims and ordered, over Plaintiff's objection, the production of notes of the events of October 25 prepared by the nanny on October 26. See Order dated July 28, 2005 (Document No. 213). As with Defendant Burlingame's October 26 notes, the nanny's notes were prepared shortly after the events of October 25. The nanny was not represented by counsel at the time she prepared the notes and thus they were not prepared at the direction of counsel or to seek advice or assistance from counsel. This Court

agrees that it would be an incongruous result to order production of the nanny's October 26 notes but not Defendant Burlingame's October 26 notes given the similar circumstances under which the two sets of notes were created.

**Conclusion**

For the reasons discussed above, Plaintiff's Motion to Compel (Document No. 210) is GRANTED as to the medical texts, DENIED as to the October 28 note and GRANTED as to the October 26 note. Defendant Burlingame shall comply with this ORDER within fourteen (14) days.

LINCOLN D. ALMOND
United States Magistrate Judge
August 30, 2005