**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

# AMENDED NOTICE OF EXAMINATION

**Person to be examined:** **Maximus Wadensten**

**Examiner:** **Michael Yogman, M.D.**
**Developmental Behavioral Pediatrics**

**Location:** **575 Mount Auburn Street, Suite #202**
**Cambridge, MA 02138**

**Date & Time:** **5:30 p.m. - 6:30 p.m. (approximate end time)**
**September 26, 2005**

**Examination to be performed:**

Dr. Yogman will be performing an examination of the minor plaintiff to assess his claims of disability and injury as a result of the head injury that is the subject of this litigation. Dr. Yogman will be focusing his assessment on plaintiff's claims of cognitive and developmental delays. Specific claimed injuries to be assessed include claims of right sided weakness and/or paralysis of the right side, including a clenched fist, sensitivity, difficulty walking, and difficulty and delay in speaking and interacting with others.

As part of the examination, Dr. Yogman requests the opportunity to interview Linda Wadensten, as this will assist in his evaluation of the minor plaintiff. Dr. Yogman will perform a routine physical examination of the minor plaintiff (height, weight, head circumference, physical inspection of body, check lungs, heart, ears, throat, etc.). Dr. Yogman will interact with the minor plaintiff to assess him by doing things such as playing with toys with the child. Dr. Yogman's examination will focus on clinical development. The examination will be non-invasive. Dr. Yogman will be assessing the motor, social and cognitive elements of what he observes from Maximus Wadensten. Dr. Yogman's examination will include an assessment of reflexes and motor tone, including observation of the quality of movement. There is no specific testing "protocol" planned for Maximus Wadensten by Dr. Yogman.

While Dr. Yogman would prefer an unrestricted opportunity to speak with Ms. Wadensten, the scope of his questioning of Linda Wadensten will be limited to questions regarding Maximus Wadensten's overall health condition, including questions regarding Maximus's physical and cognitive development. The questions can include questions regarding Maximus's condition and how it has changed over time. The questions may include questions regarding Maximus's condition at any time prior to and after the alleged injury, up to the present, with the exception of the time of the incident as discussed below. Dr. Yogman may inquire into Maximus's overall physical and mental health, including inquiry into Linda Wadensten's interactions with Maximus and any past, current, and anticipated future limitations and difficulties of Maximus Wadensten. This may include questions regarding Linda Wadensten's own difficulties in her interactions and caring for Maximus Wadensten.

Dr. Yogman will not inquire of Linda Wadensten regarding the events surrounding the incident, including how the injury happened, what happened before the first visit to South County Hospital, what happened during the two visits to South County Hospital, or what transpired between the two visits. Put simply, there will be no inquiry regarding the events of October 25, 2003. Dr. Yogman will not inquire regarding Linda Wadensten's personal life other than her interactions and dealings with her son Maximus.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Paul F. Galamaga

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 19 day of September, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeglia

*IME notice.yogman.amended.wpd*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**AMENDED NOTICE OF EXAMINATION**

**Person to be examined:** **Maximus Wadensten**

**Examiner:** **Joel Herskowitz, M.D.**
**Pediatric Neurologist**

**Location:** **463 Worcester Road**
**Framingham, MA 01701**

**Date & Time:** **1:00 p.m. - 2:30 p.m.**
**October 3, 2005**

**Examination to be performed:**

Dr. Herskowitz will be performing a neurologic examination of the minor plaintiff to assess his claims of disability, including claims of cognitive delays, developmental delays, and neurologic injury and deficits as a result of the alleged brain injury that is the subject of this litigation. Specific claimed injuries to be assessed include claims of right sided weakness and/or paralysis of the right side, including a clenched fist, sensitivity, difficulty walking, and vision loss.

As part of the examination, Dr. Herskowitz requests the opportunity to speak with Linda Wadensten during the examination, as Maximus cannot speak for himself. Dr. Herskowitz would be asking questions pertinent to his examination including questions regarding Maximus's current condition, abilities, and overall health status. Dr. Herskowitz will initially spend time interacting with Maximus in order to ensure that Maximus is comfortable with the process and examination.

Dr. Herskowitz's examination will not include any invasive testing, no sedation, and no radiology testing. There will be no EEG testing and no fundoscopic examination. Dr. Herskowitz will be performing a neurologic examination which will consist of a combination of observation and evaluation. The examination will include checking reflexes and responses, including a Babinski response, as well as an evaluation of Maximus's interaction with Dr. Herskowitz.

The exact course that the examination will take will be dictated by the circumstances of the examination and what is observed by Dr. Herskowitz during the examination. That being said, the examination will be largely observational, with a relatively limited physical touch component. Dr. Herskowitz will be examining tone and checking extremities by flexing and extending extremities. Part of the observation of Maximus will include juggling by Dr. Herskowitz. Dr. Herskowitz also will allow Maximus to explore toys and explore his medical bag and medical instruments. There is no specific testing "protocol" planned for Maximus Wadensten by Dr. Herskowitz.

While Dr. Herskowitz would prefer an unrestricted opportunity to speak with Ms. Wadensten, the scope of his questioning of Linda Wadensten will be limited to questions regarding Maximus Wadensten's overall health condition, including questions regarding Maximus's physical and cognitive development. The questions can include questions regarding Maximus's condition and how it has changed over time. The questions may include questions regarding Maximus's condition at any time prior to and after the alleged injury, up to the present, with the exception of the time of the incident as discussed below. Dr. Herskowitz may inquire into Maximus's overall physical and mental health, including inquiry into Linda Wadensten's interactions with Maximus and any past, current, and anticipated future limitations and difficulties of Maximus Wadensten. This may include questions regarding Linda Wadensten's own difficulties in her interactions and caring for Maximus Wadensten.

Dr. Herskowitz will not inquire of Linda Wadensten regarding the events surrounding the incident, including how the injury happened, what happened before the first visit to South County

Hospital, what happened during the two visits to South County Hospital, or what transpired between the two visits. Put simply, there will be no inquiry regarding the events of October 25, 2003. Dr. Herskowitz will not inquire regarding Linda Wadensten's personal life other than her interactions and dealings with her son Maximus.

Respectfully submitted by:

Defendant,
South County Hospital
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Paul F. Galamaga

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid and forwarded via facsimile, on this 19 day of September, 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeglia

*IME notice.herskowitz.wpd*