**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S REQUESTS FOR ADMISSION DIRECTED TO SOUTH COUNTY HOSPITAL**

Now comes Defendant South County Hospital and, pursuant to Fed.R.Civ.P.26(c), hereby seeks a Protective Order regarding the 145 Requests for Admission propounded by plaintiff to South County Hospital. Defendant South County Hospital respectfully submits that it should not now be required to respond to these 145 Requests inasmuch as the Requests were propounded by plaintiff approximately three months **after** the close of discovery in this case, they will not significantly narrow the range of disputed factual issues, and are excessive to the point of being abusive and overwhelmingly burdensome.

WHEREFORE, for the reasons stated in the supporting Memorandum of Law, this Defendant respectfully requests that a Protective Order be entered in response to the plaintiff's Requests for Admission propounded to South County Hospital on September 14, 2005.

Respectfully submitted by:

Defendant,
**South County Hospital**
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION OF GOOD FAITH

I hereby certify that I have in good faith conferred or attempted to confer with opposing counsel in an effort to resolve this matter prior to court intervention.

**CERTIFICATION**

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 30 day of Sept., 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medeiros

Mot prot order req for admissions.wpd

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. NO. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants** | : | |

**MEMORANDUM OF LAW**
**OF**
**DEFENDANT SOUTH COUNTY HOSPITAL**
**IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**
**AS TO PLAINTIFF'S REQUESTS FOR ADMISSION DIRECTED**

## I. Introduction

Now comes Defendant South County Hospital and, pursuant to Fed.R.Civ.P.26(c), hereby seeks a Protective Order precluding it from having to respond at this point in the litigation process to the145 Requests for Admission only recently propounded by plaintiff.

By Order of this Honorable Court, discovery in this case closed on June 30, 2005. Now, approximately three months after that close of discovery, plaintiff has propounded **145 Requests for Admission** to South County Hospital. These requests relate to a wide spectrum of issues and topics and are clearly not tailored to significantly narrow the range of factual dispute in this case. The Requests, including attachments, total **128 pages**. To now require Defendant South County Hospital

to respond to 145 *untimely* Requests for Admission simply borders on harassment; it serves only to add an additional burden on this Defendant at too late a stage in the litigation. South County Hospital should not now be required to respond to these Requests which were only first propounded three months after the close of discovery. The Requests and any responses will not significantly narrow the range of disputed factual issues in this case; the Requests are excessive to the point of being abusive.

## II. Facts and Travel

On or about August 6, 2004, Plaintiff filed this action regarding treatment received on October 25, 2003 by the minor child, Maximus Wadensten, during two visits to the Emergency Department of the defendant, South County Hospital. Plaintiff subsequently filed an Amended Complaint on September 18, 2004, and a Second Amended Complaint on or about December 15, 2004. Discovery in the case closed, by Order of this Court, on June 30, 2005.

Recently, on September 16, 2005, Plaintiff served 145 Requests for Admission on South County Hospital - approximately three months after the close of discovery. Plaintiff has neither moved to extend the discovery deadline nor to reopen discovery, she has simply unilaterally continued the discovery. South County Hospital files this motion, pursuant to Rule 26(c), based upon the untimeliness and excessiveness of Plaintiff's Requests for Admission.

## III. Statement of Law

### A. *Standard for Issuance of a Protective Order*

To the extent that liberal pretrial discovery gives rise to abuse, courts may issue protective

orders which restrict permissible discovery that would unduly annoy or burden the other party. Fed. R. Civ. P. 26(c), *Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). Good cause for issuance of a protective order exists where requests for admission are untimely and/or excessive to the point of being abusive. *Joseph L.*, 225 F.R.D. at 403.

**B. *Requests for Admission***

Rule 26(a)(5) of the Federal Rules of Civil Procedure provides that requests for admission are a form of pretrial discovery:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and otehr purposes; physical and mental examinations; **and requests for admission.** [emphasis supplied.] Fed. R. Civ. P. 26(a)(5).

The purpose of requests for admission is to narrow and define issues rather than obtain new information. Although requests for admission may not be considered discovery devices *per se,* they should be treated as discovery devices for purposes of the Court's scheduling order. See *Joseph L. v. Connecticut Department of Children and Families et al.*, 225 F.R.D. 400, 402-403 (D. Ct. 2005) (holding that 163 requests for admission propounded one day before the close of discovery and requiring a response amounts to a massive discovery request one month after the close of discovery and is untimely and excessive to the point of being abusive.); citing *Coram Health Care Corp. of Ill. v. MCI Worldcom Communications, Inc.*, No. 01-C1096, 2001 U.S. Dist. LEXIS 18909 at *3 (N.D. Ill. 2001) (holding that a request for admission is a tool of discovery subject to discovery cutoff dates); *Revlon Consumer Products, Corp. v. Estee Lauder Cos.*, No. 00-C5960, 2001 U.S. Dist. LEXIS 6616 at *1 (S.D.N.Y. 2001) (holding that requests for admission are subject to

discovery cutoff dates); *Toone v. Federal Express Corp.*, No. 96-C2450, 1997 U.S. Dist. LEXIS 11637 at *8 (D.D.C. 1997) (denying motion to compel requests for admission because request was served on the date for completion of discovery); *Jarvis v. Wal-Mart Stores, Inc.*, 161 F.R.D. 337, 339 (N.D. Miss. 1995) (treating "requests for admission as a discovery device for purposes of established the deadline for service upon the other party."); *Kershner v. Beloit Corp.*, 106 F.R.D. 498, 499 (D. Me. 1985) (holding that "any general deadline for completion of discovery facially applies to requests for admissions"); *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 758 (2002) (noting that requests for admission are a discovery device under the Federal Rules of Civil Procedure); *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 639 n.13 (1990) (concurring opinion) (defendant "can use relatively inexpensive methods of discovery, such as ...requests for admission[.]"); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 905 (7th Cir. 2003) (characterizing requests for admission as discovery); *DP Aviation f. Smiths Indus.*, 268 F.3d 829, 842 (9th Cir. 2001) (same).

## IV. Argument

### A. *Plaintiff's Requests for Admission are Untimely*

The text and structure of the Federal Rules of Civil Procedure indicate that requests for admission should be treated as discovery subject to service within the time frame permitted by the Scheduling Order. *Joseph L.*, 225 F.R.D. at 403. Service of 145 requests for admission three months after expiration of the discovery deadline does not comport with either the letter or the spirit of the Federal Rules or this Court's Scheduling Order. South County Hospital will most certainly be unnecessarily prejudiced by the extraordinary burden of responding to such a massive discovery

request *after* the discovery deadline if it is required to respond to the Plaintiff's untimely requests for admission.

**B. *Plaintiff's Requests Do Not Significantly Narrow Factual Issues for Trial and are Excessive to the Point of Being Abusive.***

In addition to being untimely, the requests for admission are wide-ranging in their subject matter and not tailored to significantly narrow the range of disputed factual inquiry in this case. Plaintiff's Complaint against South County Hospital alleges violations of EMTALA - Failure to Provide Medical Screening (Count VII), EMTALA - Transfer Without Stabilization (Count VIII), Medical Negligence (Count IX), Lack of Informed Consent (Count X), Corporate Liability (Count XI), and Vicarious Liability (Count XII).

The requests for admission go beyond the allegations contained in Plaintiff's Complaint, focusing on such issues as prior investigations by the Rhode Island Department of Health, licensure issues, accreditation and certification, and other areas of inquiry clearly beyond the focus of Plaintiff's Complaint. There are requests for admission regarding co-Defendant Burlingame's ability to treat gastrointestinal illness despite the fact that this case involves neurological issues, and in no way involves gastrointestinal issues. These requests are excessive to the point of being abusive and a Protective Order properly should enter. See *Joseph L.*, 225 F.R.D. at 400 (163 requests for admission spanning a wide range of subjects from accounting procedures, computer entry procedures and procedures for handling SSI benefits where plaintiff's claim focuses on initial denial of a treatment plan hearing to challenge his living situation denied as being excessive to the point of being abusive.)

## V. Conclusion

As outlined above, Defendant South County Hospital respectfully requests that the 145 Requests for Admission propounded by plaintiff are untimely, excessive to the point of being abusive, and will not significantly narrow the range of disputed factual issues in dispute in this case. Plaintiff should not now be permitted to circumvent and abuse the discovery process in this manner.

WHEREFORE, for the reasons stated herein, this Defendant respectfully requests that a Protective Order be entered protecting this defendant from now having to respond to the Requests for Admission propounded to South County Hospital on September 14, 2005.

Respectfully submitted by:

Defendant,
**South County Hospital**
By its Attorneys,
RATCLIFFE BURKE HARTEN & ELIAS, LLP

Jay M. Elias, Esquire (#3050)
Paul F. Galamaga, Esquire (#5803)
1600 Financial Plaza
Providence, RI 02903
401.331.3400
401.331.3440 [Fax]

## CERTIFICATION

I hereby certify that a true copy of the within was mailed, postage prepaid, on this 30 day of Sept., 2005, to the following:

Amato A. DeLuca, Esquire
Miriam Weizenbaum, Esquire
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Mark T. Nugent, Esquire
Paul V. Sullivan, Esquire
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Peggy Medaglia

Memo Mot prot order req for admissions.wpd