UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Linda Wadensten, Individually and p.p.a. Maximus Wadensten,<br><br>Plaintiff,<br><br>v.<br><br>South County Hospital; Pamela Burlingame, RNP; Robert J. Casci, Jr., D.O.; Timothy Drury, M.D.; Rhode Island Emergency Physicians, Inc.; John Doe, Alias; John Doe Corporation, Alias,<br><br>Defendants. | C.A. No. 04-326S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before this Court is an objection from Defendant Pamela Burlingame, RNP ("Burlingame") to Magistrate Judge Lincoln Almond's Memorandum and Order dated August 30, 2005. This Court reviewed Burlingame's objection and the response from Plaintiff Linda Wadensten ("Wadensten").

Burlingame objects to three of Judge Almond's findings. First, she disagrees with the determination that her October 26, 2003 notes were not prepared in anticipation of litigation. Second, she objects to the conclusion that her October 26, 2003 notes were prepared as a continuation of Maximus Wadensten's medical record. Finally, she disagrees with Judge Almond's statement that "it would be an incongruous result to order

production of the nanny's October 26 notes but not Defendant Burlingame's October 26 notes." Mem. & Order at 8.

In response, Wadensten first argues that Burlingame's objection is untimely, thus depriving this Court of jurisdiction. When a party objects to a magistrate judge's ruling on a nondispositive matter such as this, Rule 72(a) of the Federal Rules of Civil Procedure provides the parties ten days within which to serve and file objections. It is undisputed that Judge Almond's decision is dated August 30, 2005 and it is undisputed that Burlingame's objection was filed on September 12, 2005.

Although Wadensten dedicates five paragraphs to her untimeliness argument, she overlooks Rule 6 of the Federal Rules of Civil Procedure. This rule specifies that "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Rule 6 further instructs that Labor Day is a legal holiday. Id. Since the time period allowed here is less than eleven days, the Saturdays (September 3 and September 10), the Sundays (September 4 and September 11), and Labor Day (September 5) must all be excluded from computation. Therefore, Burlingame filed her objection well within the prescribed time period.

Wadensten next urges this Court to uphold Judge Almond's conclusion that Burlingame must produce her October 26 notes.

Wadensten first points to the deferential standard of review for a Magistrate Judge's Order. Wadensten then notes that it is Burlingame's burden to prove that her August 26, 2005 notes are protected either by the attorney-client privilege or as work-product. Finally, Wadensten elaborates on the problems with Burlingame's efforts at demonstrating that her notes were prepared in anticipation of litigation and should therefore be protected.

Despite Burlingame's timeliness, none of her objections demonstrate that Magistrate Judge Almond's Memorandum and Order is clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a). Accordingly, Burlingame's objection is DENIED and Magistrate Judge Almond's Memorandum and Order dated August 30, 2005 is AFFIRMED.

ORDER:

By: Doreen P. Baldwell
Deputy Clerk

ENTER:

WESmith
William E. Smith
U.S. District Judge

Date: 10/6/05