**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

LINDA WADENSTEN, Individually and :
p.p.a. MAXIMUS WADENSTEN :
Plaintiffs, :
:
v. : C.A. No. 04-326S
:
SOUTH COUNTY HOSPITAL; :
PAMELA BURLINGAME, RNP; :
ROBERT J. CASCI, JR., D.O.; :
TIMOTHY DRURY, M.D. :
RHODE ISLAND EMERGENCY :
PHYSICIANS, INC.; :
JOHN DOE, ALIAS; JANE DOE, ALIAS; :
JOHN DOE CORPORATION, ALIAS :
Defendants. :

**PLAINTIFF'S OBJECTION TO**
**DEFENDANT SOUTH COUNTY HOSPITAL'S**
**MOTION FOR PROTECTIVE ORDER**
**AS TO PLAINTIFF'S REQUESTS FOR ADMISSION**

Now comes the plaintiff in the above-captioned matter and hereby objects to defendant, South County Hospital's, Motion for Protective Order as to Plaintiff's Requests for Admission. As grounds, plaintiff incorporates by reference the attached memorandum of law.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 11 day of October, 2005 by hand delivery

Jay M. Elias, Esq.
Paul F. Galamaga, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and<br>p.p.a. MAXIMUS WADENSTEN<br>Plaintiffs, | : | |
| v. | : | C.A. No. 04-326S |
| SOUTH COUNTY HOSPITAL;<br>PAMELA BURLINGAME, RNP;<br>ROBERT J. CASCI, JR., D.O.;<br>TIMOTHY DRURY, M.D.<br>RHODE ISLAND EMERGENCY<br>PHYSICIANS, INC.;<br>JOHN DOE, ALIAS; JANE DOE, ALIAS;<br>JOHN DOE CORPORATION, ALIAS<br>Defendants. | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANT SOUTH COUNTY HOSPITAL'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S REQUEST FOR INSPECTION**

NOW COMES plaintiff Linda Wadensten and hereby objects to defendant South County Hospital's Motion for Protective Order as to plaintiff's requests for admissions. As grounds, plaintiff submits that separately and collectively plaintiff's requests for admission propounded on the hospital are both proper – the defendant hospital sets forth no substantive objections to plaintiff's requests – and timely – discovery is not closed but still being actively pursued by the defendant hospital. However, the defendant hospital asks this Court to allow it to entirely avoid a good faith response and instead sit back while the parties, the Court and the jury to sit through lengthy and unnecessary testimony and proof to establish facts it would today admit if required.

## I. Introduction

The requests propounded by the plaintiff are narrowly focused to accomplish the mandate of the Federal Rules as stated in the Advisory Committee Notes:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.

The plaintiff has propounded requests that would identify documents and identify those facts not in dispute.[1] Each of the several rationales offered by the defendant to avoid admitting or denying plaintiff's Requests for Admission are without force:

- Rule 36 is consistently recognized by commentators and courts as a tool properly employed after the discovery of facts in order to narrow the scope of litigation.
- Discovery is not concluded in the instant action as the defendant hospital continues to engage in production to the plaintiff and has yet to complete its own discovery, much of it propounded on the date set for "discovery closure", June 30, 2005.
- Defendant South County Hospital cannot claim it is prejudiced plaintiff's Requests for Admission where a trial is at best several months away and, even when asked, the hospital will not identify any requests that are unduly burdensome or prejudicial.

In addition, the plaintiff asks this Court to recognize that the plaintiff could not have propounded her requests earlier as extensive relevant discovery was either delayed by the defendant hospital until after critical depositions or simply not provided, notwithstanding plaintiff's discovery requests.

## II. Rule 36 requests for admission are intended to narrow issues for trial and are not a device limited to the "discovery period."

Many courts and commentators have recognized that because of the role requests for admission play in pre-trial litigation, they fall outside of the time frame for discovery. In a passage frequently cited many courts, Wright and Miller, et al. have stated: "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede

[1] See Plaintiff's Requests for Admission, with exhibits, attached as Exhibit 1.

their genuineness." 8A Wright & Miller, *Federal Practice and Procedure;* Civil § 2253[2]. Similarly, in 10A Federal Procedure § 26:544 (Lawyer's Edition 1994) the commentators write:

> Although included in the Federal Rules of Civil Procedure with various discovery rules, FRCP 36 is not designed to discovery facts, and is strictly speaking not a discovery device, but rather is designed as a device by which at least some of the material facts of a case may be established without the necessity of formal proof at trial … Described as a device by which "to separate the wheat from the chaff," FRCP 36 is intended to circumscribe contested factual issues in the case so that issues which are disputed might be clearly and succinctly presented to the trial of facts;

The 1993 amendments to Rule 36 specifically addressed the timing of requests for admission, precluding parties from propounding requests until the parties had conferred concerning discovery and arrived at a discovery plan, pursuant to Rule 26(f). The operation of Rule 26 in conjunction with Rule 16(b) effectively puts off the service of requests for admission until at least two or three months after the complaint is filed. Significantly, Rule 36(a) sets no point during the litigation beyond which Requests for Admission may no longer be propounded. *See* Grenig & Kinsler, *Handbook of Federal Civil Discovery and Disclosure*, § 11.10, noting that "Requests should be served to allow sufficient time to complete the process before the discovery cut-off or trial deadline", citing *Leach v. Quality Health Servs.*, 162 F.R.D. 40, 42 (E.D.Pa.1995); *McLaughlin v. Drackett Products Co.*, 20 FedR.Serv.2d 1081, 1082 (D.Mass.1975); *In re Carousel Candy Co.*, 38 B.R. 927, 936 (Bankr. E.D.N.Y. 1984).

Significantly, many of the cases relied upon and cited by defendant South County Hospital do not support the proposition that all requests for admission must be served prior to "discovery closure." In *Kershner v. Beloit Corp.*, 106 F.R.D. 498 (D.C.Me. 1985), the

---

[2] In support Wright & Miller cites at footnote 1 the following cases: *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th cir. 1986), *Pickens v. Equitable Life Assur. Soc.*, 413 F.2d 1390, 1393 (5th Cir. 1969), *Diederich v. Department of Army*, 132 F.R.D. 614, 616 (D.C.N.Y 1990), *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 375 (D.C.N.Y. 1989), *Vermont v. Staco, Inc.*, 684 F.Supp. 822, 829 (D.C.Vt. 1988), and *Wigler v. Electronic Data Systems Corp.*, 108 F.R.D. 204, 206 (D.C.Md. 1985).

District Court considered precisely the matter before this Court and denied a motion to quash, requiring responses to requests for admission served after the discovery closure date. While recognizing that serving requests after this date "leaves [the party] exposed, as here, to objection for untimeliness", the Court held to the purposes that undergird Rule 36.

> The principle use of admissions of fact is to serve the purpose of expediting the trial and to relieve the parties of the burdens and expense of proving at trial facts which are undisputed. The achievement of such purposes serves the interests of the Court, the parties, and the public in the administration of justice. For this reason, Rule 36 is to be liberally construed in its application. *Walsh v. Connecticut Mut. Life Ins. Co.*, 26 F.Supp. 566, (D.C.N.Y.1939) … **There is no reason, other than a motivation to rigidly enforce the technical requirements of the procedural rules, not to require the Plaintiffs to respond to these requests. Here that motivation would produce only a result counterproductive to the interests of the parties and the interests of judicial economy.**
> *Kershner v. Beloit Corp.*, 106 F.R.D. at 499-500. (emphasis supplied)

See also *O'Neill v. Medad,* 166 F.R.D. 19, 21 (D.C.E.D.Mich. 1996) ("… requests for admissions are similar in nature to a pretrial order, which narrows issues and eliminates those issues with which there is no dispute."); *State of Vermont v. Staco, Inc.*, 684 F.Supp. 822, 829 (D.C.D.Vermont 1988)("Rule 36, in essence, is not a discovery device. Rather, it provides the means and method for obtaining concessions in the record of facts already known to the parties.")

Other cases cited by defendant SCH are either distinguishable on their facts or simply do not stand for the proposition for which they are cited.

In *Joseph L. v. Connecticut Department of Children, Youth and Family, et al.*, 225 F.R.D. 400 (D.Ct. 2005) the Court specifically found "relatively few of these requests for admission are even relevant and [found] them excessive to the point of being abusive. Good cause therefore exists for a protective order." *Id.* at 401. Other than a blanket assertion that "the requests and any responses will not significantly narrow the range of disputed factual issues in this case" (Def. Mot. Protective Ord. at 2), Defendant South County Hospital cannot, and

does not even attempt to, demonstrate for this Court a gap between plaintiff's requests and the proof necessary in this case.[3]

In *Toome v. Federal Express Corp.*, No. 96-C2450, 1997 U.S.Dist. Lexis 11637, 1997 WL 446257, the Court found that given the trial date, the requests served upon the close of discovery would not have been complete at the beginning of trial and, in any event, would not alter the outcome of summary judgment. By contrast, not only is no trial date set in this case, defendant South County Hospital itself is seeking a period of eight months until trial.

The United States Supreme Court cases in the hospital's "string cite" do not in any way concern the timing of Rule 36 requests, but rather are general discussions of the discovery provisions of the federal rules. See *Federal Maritime Com'n v. South Carolina State Ports Authority*, 535 U.S. 743, 122 S.Ct. 1864 (2002) and *Burnham v. Superior Court of California, County of Marin,* 495 U.S. 604, 110 S.Ct. 2105 (1990).

Both *Jarvis v. Wal-Mart Stores, Inc.,* 161 F.R.D. 337 (N.D.Miss. 1995) and *Coram Health Care Corp. of Ill. v. MCI Worldcom Communications, Inc.*, No. 01-C1096, 2001 U.S.Dist. LEXIS 18909 (N.D.Ill. 2001) involved very explicit discovery orders and, unlike this case, no ongoing discovery by the party seeking to preclude Rule 36 requests.

In addition to claiming that plaintiff's requests are untimely, the defendant claims that it "will most certainly be unnecessarily prejudiced by the extraordinary burden of responding to such a massive discovery request *after* the discovery deadline if it is required to respond to the Plaintiff's untimely requests for admission." (Def. Mot. Protective Ord. at 4-5). In an effort to resolve this issue before hearing on the instant Motion, the plaintiff asked

[3] In an effort to comply with the "good faith" requirements of the federal rules, the plaintiff asked defendant South County Hospital to identify all requests which it considered not "tailored to significantly narrow the range of factual dispute in this case" as alleged in its Motion. See Exhibit 2, letter of October 4, 2005. In its response, the defendant would not identify any requests which it considers to fall in such a category. See Exhibit 3, letter of October 5, 2005.

the defendant hospital to "detail how defendant South County Hospital will be prejudiced by responding to plaintiff's requests before trial rather than during trial." See Letter of October 4, 2005, attached as Exhibit 2. The defendant hospital cited no bases for prejudice in its response, attached as Exhibit 3, other than "sheer number." Of course, the fact that a great deal of facts must ultimately be proven – either by way of admission or through more time consuming and less efficient proof at trial – does not rise to prejudice, particularly in the absence of any time constraints where the defendant itself has proposed a trial date over seven months from now.[4]

Many federal courts and many distinguished commentators recognize that Rule 36 requests for admission are a type of discovery device that should not be cramped into the time for closure of discovery, but should be employed in order to advance the "vital purposes" of the rule – facilitate proof and narrow issues for trial.

**III. Discovery is not concluded in the instant action as the defendant hospital continues to engage in production to the plaintiff and has yet to complete its own discovery, much of it propounded on the date set for "discovery closure", June 30, 2005.**

Although June 30, 2005 was set as the date for completion of discovery, defendant South County Hospital served pleadings and "last minute" discovery requests that precluded the completion of discovery by the closure date:

| | |
|---|---|
| 6/14/05 | South County Hospital's Fourth Request for Production, due July 14. |
| 6/29/05 | Motion for Protective Order, to prevent inspection of South County Hospital Emergency Department requested on June 7, 2005. |
| 6/29/05 | Motion for Leave to File Third Party Complaint |
| 6/29/05 | Motion to Amend Answer to Complaint |

[4] The defendant hospital makes reference in Exhibit 3 to the Dept. of Health documents referenced in plaintiff's Rule 36 requests, claiming they fall "well beyond the allegations" but not that the hospital is prejudiced by their inclusion.

| | |
|---|---|
| 6/29/05 | Motion to Compel Deposition Testimony, from original deposition of May 26, 2005. |
| 6/30/05 | Motion for Physical Examination of Plaintiff Maximus Wadensten |
| 6/30/05 | Defendant's Fifth Request for Production to Plaintiff. |
| 6/30/05 | Motion to Compel More Responsive Answers to Interrogatories, **answered by the plaintiff on January 5, 2005**. |

Also on June 30, 2005, defendant South County Hospital provided its ninth, tenth and eleventh supplemental responses to plaintiff's requests for production, in response to requests propounded on **January 5, 2005**. In the end, the defendant did not even object to the production of many of these documents, that is, **production was simply delayed with no objections even interposed**.

At the time of the filing of this memorandum, the following discovery remains outstanding[5]:

Defendant South County Hospital's Response to Plaintiff's Interrogatory No. 13, ordered on June 30, 2005 by Magistrate Almond.

Defendant South County Hospital's second physical evaluation of Maximus Wadensten – not scheduled.

Defendant South County Hospital's continued deposition of Jennifer Weiss – not scheduled.

Plaintiff's inspection of Defendant South County Hospital's Emergency Department – all issues resolved, dates for inspection requested by the plaintiff on 9/9 and 9/16, no dates have been provided.

Defendant South County Hospital's production of redacted records in response to plaintiff's discovery requests, revised per order of June 30, 2005 by Magistrate Almond. A response in the form of a table without redacted records was produced on October 4 and 7, 2005 with new objections to plaintiff's requests as revised per order.

Defendant South County Hospital's inspection of the Wadensten home – no response to plaintiff's last proposal of 9/16.

---

[5] The plaintiff continues to update medical records as they are received; other than the production of records not yet received, no discovery from the plaintiff is outstanding.

Expert disclosure and depositions – since the last order for expert disclosure was rendered moot by defendant's 6/30/05 Motion for Third Party Complaint, the defendant hospital first submitted a proposed a schedule on September 22, 2005, providing for completion of disclosure on November 4, 2005 and completion of expert depositions by March 31, 2006 and trial in May of 2006.[6]

The defendant hospital would have this Court apply a "double standard" that permits the hospital to continue its discovery well beyond the date set for closure but would preclude the plaintiff from obtaining identification of documents and narrowing areas that are truly at issue in the case. Where the hospital has refused to identify <u>any</u> substantive deficiencies in plaintiff's Rule 36 requests for admission[7], fairness simply cannot allow a defendant exemption from a discovery deadline which is then applied punitively, rather than substantively, to the plaintiff.

## IV. Plaintiff's requests for admission could not have been produced prior to the "discovery closure" date given the late production and discovery of documents requested of South County Hospital

Plaintiff's requests for admission generally address three types of documents – hospital policies, hospital governance documents, and findings by the Department of Health. These documents are critical to the plaintiff's case and are interwoven with facts elicited at depositions and in answers to interrogatories. Although many of these hospital documents were ultimately provided without objection, the hospital nevertheless and without justification simply delayed their production up to, and beyond, May 27, 2005, including the following emergency department policies:

- Assessment
- Emergency Department Physician Policies
- Preparing Patients for Examination
- Clinical Privileges for Emergency Department
- Discharge from Department of Emergency Medicine and Follow-Up Care
- Medical Records and Reports

[6] See September 22, 2005 letter, attached as Exhibit 5.
[7] See footnote 2, *supra*, and Exhibits 2 and 3.

- Triage
- Emergency Department Committee
- Transfer to Other Facilities

Also disclosed a mere four weeks before the close of discovery, and likewise produced without objection, were the South County Hospital Medical Staff Rules and Regulations, Medical Staff Bylaws and Credentialing Procedures Manual, in effect in 2003.

By the time these documents were received, five months after they were requested and one month before the discovery closure date, the plaintiff had already completed depositions of several key people. These depositions were conducted without knowing the content – in some cases not even knowing the existence – of these policies and the hospital administrative materials. Plaintiff's Rule 36 requests for admission close some of the gaps between the testimony elicited and the documents produced after deposition.

Documentation of Department of Health investigations of South County Hospital, findings of deficiencies within the hospital and its emergency room, and "corrective action plans" agreed to by South County Hospital were never produced by the hospital but obtained by the plaintiff pursuant to R.I.G.L. §32-2-1 – Access to Public Records on June 10, 2005, likewise after conclusion of key depositions.

In fact, the Department of Health documents should have been disclosed and produced by the defendant hospital as they are directly responsive to several of plaintiff's interrogatories, requests for production and questions posed at deposition. For example, plaintiff's first deposition, conducted pursuant to Rule 30(b)(6), sought testimony and documents concerning "**guidelines and practices pertaining to supervision** … of nurse practitioners … in the Emergency Department."[8] The witness asserted that none existed. However, by 2002 the Department of Health had made findings that Nurse Practitioner

---

[8] See Notice of Deposition and Request for Documents, attached as Exhibit 4.

Burlingame had been permitted to function outside the scope of her privileges and as a result the hospital was required to follow a "corrective action plan" pursuant to which "**all patients cared for by a Registered Nurse Practitioner (RNP) will have physician oversight. This oversight will be evidence by a physician's signature on the medical record**." The witness produced in response to plaintiff's 30(b)(6) notice not only later admitted that "oversight" as used in the Department of Health documents means "supervision", she was the member of hospital administration who submitted the 2002 corrective action plan to the state. See Exhibit 1, Plaintiff's Request for Admission, and exhibit 6 attached thereto.

While these documents were obtained in time for the plaintiff to conduct depositions of key members of the hospital's governing body, they were likewise not discovered until after the depositions of defendant and Emergency Department Chief Timothy Drury, M.D. and defendant Pamela Burlingame, R.N.P. Again, the plaintiff's Rule 36 requests for admission are drafted to authenticate the Department of Health documents as received by South County Hospital and to narrow the issues these documents do and do not raise.

Given the defendant's response to plaintiff's discovery requests, it would have been impossible for the plaintiff to have propounded her requests for admission prior to the "discovery closure" date. The plaintiff should not now be penalized for arriving at an efficient and focused means of completing identification of facts for trial, particularly in light of the obstacles thrown in her path by the defendant hospital.

WHEREFORE, Plaintiff respectfully submits that the Court ought to deny the defendant hospital's motion for protective order as to plaintiff's requests for admission and order the defendant hospital to respond to plaintiff's requests within 15 days.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 11th day of October, 2005 by hand delivery:

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903