UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN<br>Plaintiff,<br>v.<br><br>SOUTH COUNTY HOSPITAL;<br>PAMELA BURLINGAME, RNP;<br>ROBERT J. CASCI, JR., D.O.;<br>TIMOTHY DRURY, M.D.<br>JOHN DOE, ALIAS; JANE DOE, ALIAS;<br>JOHN DOE CORPORATION, ALIAS<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 04-326S |

**PLAINTIFF'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES FROM DEFENDANT PAMELA BURLINGAME, RNP**

Now comes plaintiff Linda Wadensten and moves pursuant to Fed. R. Civ. P. 33 and 37(a)(2), and Local Rule 12 for an Order of this Court compelling defendant Pamela Burlingame, R.N.P. to provide more responsive answers to interrogatories. Plaintiff sets forth information sought as follows:

**INTERROGATORY**

21. With respect to the following defense: "If the plaintiff was injured as alleged, which is denied, the same was due to the acts and omissions of others for whom this defendant is not responsible", please state:

a. The name of each person who committed such act or omission,
b. A complete description of such act or omission,
c. Precisely how such act or omission caused and/or contributed to Maximus' injury,
d. Which act or omission you contend constitutes negligence, and
e. All facts upon which you base this defense.

**ANSWER**

21. Objection to this interrogatory to the extent that it attempts to shift the burden of proof from the plaintiff who must establish all of the facts alleged in the complaint in this action. This defendant also states that discovery is ongoing and additional information will be provided. Without waiving this objection, this defendant states that the minor plaintiff's nanny, Jen Weiss, apparently dropped the child and caused the head trauma.

This individual also had custody of the child between the first and second visits to the Emergency Department.

**FIRST SUPPLEMENTAL ANSWER OF APRIL 21, 2005**

21. At this date, discovery depositions are planned and additional information will be provided upon completion in a supplemental answer.

**INTERROGATORY**

22. Please provide any and all facts upon which you base your assertion that "The Plaintiff assumed the risk of his injuries."

**ANSWER**

22. Objection to this interrogatory to the extent that this questions seeks a legal opinion and refers to an affirmative defense pleaded by my attorneys. Without waiving this objection, this defendant states that discovery is ongoing and further information may be provided.

**FIRST SUPPLEMENTAL ANSWER OF APRIL 21, 2005**

22. At this date, discovery depositions are planned and additional information will be provided upon completion in a supplemental answer.

**INFORMATION SOUGHT**

On April 12, 2005, with respect to each of these interrogatories, this Court ordered the following:

> "Defendant's objection stricken. Defendant Burlingame shall provide 'additional information' in response as was represented in her original answer."

At this late stage of litigation, the plaintiff is entitled to the substance of the defendant's defense. This defense was asserted in September 2004 in defendant Burlingame's answer to the plaintiff's original complaint and described generally in defendant Burlingame's February 2005 original answer to Interrogatories 21 and 22. Since that time, all discovery depositions sought by counsel for defendant Burlingame have been completed and the defendant can provide a response to these interrogatories. In fact, when counsel first responded to plaintiff's good faith efforts, he assured the plaintiff that the

supplemental answers only needed signatures, would be going out relatively soon, and that no problems were expected.

Defendant Burlingame may assert, as she has recently to plaintiff's counsel, that more responsive answers cannot be provided until the deposition of the babysitter, Ms. Weiss, is reconvened. This argument for delay is entirely without basis. First, the reconvened deposition of Ms. Weiss was not even sought by defendants Burlingame and/or Drury, but by South County Hospital. Second, although this reconvened deposition could have proceeded at any time after July 28, 2005, none of the defendants have made any efforts at all to proceed with this deposition, despite a request by Ms. Weiss's own counsel. See Letter from Paul Reynolds, Esq. attached as Exhibit 1. Finally, and most to the point, it is inconceivable that, assuming that the defendant still intends to assert the affirmative defenses referenced in the interrogatories at issue, she can maintain in good faith that she has no additional information with which to supplement Interrogatories 21 and 22.

Based upon the foregoing, the plaintiff moves this Honorable Court for an Order compelling immediate and complete supplementation of Interrogatories 21 and 22.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 31 day of October, 2005 by hand delivery

Jay M. Elias, Esq.
Paul F. Galamaga, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Pawson