**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., D.O.; TIMOTHY DRURY, M.D. RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, ALIAS; JANE DOE, ALIAS; JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF ATTORNEY**

I, Miriam Weizenbaum (#5182), hereby certify that pursuant to Rule 37(2) of the Federal Rules of Civil Procedure, I engaged in the following good faith efforts to confer with opposing counsel to resolve plaintiff's Motion to Compel More Responsive Answers to Interrogatory Nos. 21 and 22 from Defendant, Pamela Burlingame, RNP, filed with this Court on the 31st day of October, 2005:

| | |
|---|---|
| October 13, 2005 | Letter to Mark T. Nugent, Esq., attached, requesting updated answers to interrogatories. |
| October 18, 2005 | Letter to Mark T. Nugent, Esq., attached, requesting updated answers to interrogatories. |
| October 21, 2005 | Letter to Mark T. Nugent, Esq., attached, requesting updated answers to interrogatories. |
| October 21, 2005 | Phone message from Mark T. Nugent, Esq., advising he "does not have signatures on the interrogatories but are going to be getting them out relatively soon." |
| October 26, 2005 | Phone conversation with Mark T. Nugent, Esq. advising that one supplemental answer will not be provided until after the deposition of Ms. Weiss |
| October 26, 2005 | Letter to Mark T. Nugent, Esq., attached, with an offer to resolve the discovery dispute. |
| October 27, 2005 | Letter from Mark T. Nugent, attached, advising updated answers will not be provided by agreement until the conclusion of depositions of plaintiff's experts. |

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 31st day of October, 2005 by hand delivery

Jay M. Elias, Esq.
Paul F. Galamaga, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston

DeLuca & Weizenbaum, Ltd.

Attorneys at Law

199 North Main Street
Providence RI 02903
phone: 401. 453. 1500
fax: 401. 453. 1501
firm@delucaandweizenbaum.com

Amato A. DeLuca*
Miriam Weizenbaum**
Michael T. Eskey

Ann M. Pinheiro, RN

*also Member of Massachusetts Bar
**also Member of Pennsylvania Bar

October 13, 2005

VIA FACSIMILE AND U.S. MAIL

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

RE: *Linda Wadensten vs. South County Hospital, et al.*

Dear Counselors:

In his Order of April 12, 2005, Judge Almond granted plaintiff's Motion to Strike Objections to interrogatories of defendants Drury and Burlingame with respect to interrogatories number twenty-one and twenty-two. In their supplemental responses, defendants Drury and Burlingame indicate that "additional information will be provided upon completion [of discovery] in a supplemental answer." Given the fact that no further discovery by your clients remains outstanding, other than production of your client's notes to the plaintiff, I ask that you update these answers at this time.

Please let me know whether you are willing to update these answers by agreement and, if so, whether you expect such updates to take more than ten days. Clearly it is only fair that the plaintiff receive your updated answers prior to expert disclosure, which will likely be ordered very shortly. If you are not willing to agree to update these answers, or to provide a reasonable period of time within which you will update them, please let me know as soon as possible.

This correspondence is being sent in a good faith effort to resolve any issues that pertain to defendant's supplementation of these interrogatories, and I am available to discuss this with you by phone at any time.

Very truly yours,
DeLuca & Weizenbaum

Miriam Weizenbaum

MW/jh

DeLuca & Weizenbaum, Ltd.

Attorneys at Law

199 North Main Street
Providence RI 02903
phone: 401. 453. 1500
fax: 401. 453. 1501
firm@delucaandweizenbaum.com

Amato A. DeLuca*
Miriam Weizenbaum**
Michael T. Eskey

Ann M. Pinheiro, RN

*also Member of Massachusetts Bar
**also Member of Pennsylvania Bar

October 18, 2005

VIA HAND DELIVERY

Mark T. Nugent, Esq.
Paul Sullivan, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

RE: *Linda Wadensten vs. South County Hospital, et al.*

Dear Counselors:

In addition to seeking updates to the interrogatories I referenced in my letter to you of October 12, 2005, I would also ask that you supplement defendant Drury's answer to interrogatory number sixteen without the need for further court action.

Again, I ask that you let me know as soon as possible whether you are willing to update this answer and whether you expect an update to take more than ten days.

This correspondence is being sent in a good faith effort to resolve any issues that pertain to defendant's supplementation of interrogatories number sixteen, twenty-one and twenty-two, and I am available to discuss this with you by phone at any time.

Very truly yours,
DeLuca & Weizenbaum

Miriam Weizenbaum

MW/jh

DeLuca & Weizenbaum, Ltd.

Attorneys at Law

199 North Main Street
Providence RI 02903
phone: 401. 453. 1500
fax: 401. 453. 1501
firm@delucaandweizenbaum.com

Amato A. DeLuca*
Miriam Weizenbaum**
Michael T. Eskey

Ann M. Pinheiro, RN

*also Member of Massachusetts Bar
**also Member of Pennsylvania Bar

October 21, 2005

VIA FACSIMILE AND HAND DELIVERY

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

RE: *Linda Wadensten vs. South County Hospital, et al.*

Dear Counselors:

I have yet to hear from you regarding Dr. Drury's and Nurse Practitioner Burlingame's more responsive answers to interrogatory numbers twenty-one and twenty-two or Dr. Drury's supplemental answer to interrogatory number sixteen. In addition, as I stated in my phone message to you yesterday, I would like to know when we can expect to receive Nurse Practitioner Burlingame's notes, as Court ordered. I am available to discuss this with you by phone at any time. I can be reached today on my cell phone today at (401) 862-6635.

Very truly yours,
DeLuca & Weizenbaum

Miriam Weizenbaum

MW/jh

DeLuca & Weizenbaum, Ltd.

Attorneys at Law

199 North Main Street
Providence RI 02903
phone: 401. 453. 1500
fax: 401. 453. 1501
firm@delucaandweizenbaum.com

Amato A. DeLuca*
Miriam Weizenbaum**
Michael T. Eskey

Ann M. Pinheiro, RN

*also Member of Massachusetts Bar
**also Member of Pennsylvania Bar

October 26, 2005

VIA FACSIMILE AND HAND DELIVERY

Mark T. Nugent, Esq.
Morrison, Mahoney & Miller, LLP
One Providence Washington Plaza
Providence, RI 02903

RE: *Linda Wadensten vs. South County Hospital, et al.*

Dear Mr. Nugent:

In your phone message of Friday October 21, you advised that you would be providing the more responsive answers sought by the plaintiff "in a few days." Based upon our conversation earlier today regarding this, it is my understanding that there is one interrogatory you do not intend to respond to until after completion of the reconvened deposition of Ms. Weiss, for which no dates have ever been requested. As I indicated when we spoke, I believe it is only fair that the plaintiff receive your client's more responsive answers sufficiently in advance of expert disclosure to allow time for our experts to respond.

As you know, plaintiff's expert disclosure is now less than three weeks away. In order to resolve this matter, I ask that you provide all but the one more responsive answer you referenced by the end of this week, conduct the continued deposition of Ms. Weiss by November 4 and agree to provide your client's more responsive answer by November 7. Towards that end, I will provide you tomorrow with as many dates as possible during the week of October 31 for her deposition.

I hope we can resolve this matter as set forth above. If I do not hear from you by Friday October 28, I will assume we have not reached an agreement and I will proceed with a Motion to Compel.

Very truly yours,
DeLuca & Weizenbaum

Miriam Weizenbaum

MW/jh

cc: Jay M. Elias, Esq.
Paul F. Galamaga, Esq.

REC'D OCT 28 2005

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

121 SOUTH MAIN STREET, SUITE 600
PROVIDENCE, RHODE ISLAND 02903-7141
401-331-4660
FACSIMILE: 401-351-4420

MASSACHUSETTS
Boston
Fall River
Springfield
Worcester
CONNECTICUT
Hartford
ENGLAND
London
NEW HAMPSHIRE
Manchester
NEW JERSEY
Parsippany
NEW YORK
New York
RHODE ISLAND
Providence

Mark T. Nugent, Partner
Paul Sullivan

October 27, 2005

Miriam Weizenbaum, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

| | | |
|---|---|---|
| Re: Case Name: | | Linda Wadensten, ppa. Maximus Wadensten (minor) v. South County Hospital, Patricia Burlingame, RNP, et al |
| | USDC-RI C.A. No.: | .04-0326 S |
| | Our File No.: | 10015859 |

Dear Ms. Weizenbaum:

We write in response to your letter dated October 26, 2005. As you know, there are still discovery items remaining, including the Wadensten home inspection and the continued deposition of Jennifer Weiss. We intend to supplement answers to interrogatories once these remaining discovery matters have been completed. Before we schedule the deposition of Jen Weiss, we believe that it is only fair that we be allowed to inspect the Wadensten home where the events in question occurred. We do not feel that this issue merits court action or intervention. As soon as you have reached an agreement with counsel for the hospital, please let us know when this inspection will take place. The deposition of Ms. Weiss will be noticed soon thereafter on a mutually agreed date.

Finally, we are not available to conduct the deposition of Ms. Weiss next week as you have suggested due to conflicts with other matters. To do as you propose over the next seven days is not practical. As for the timing of the plaintiff's expert disclosure, you filed this medical malpractice action in 2004 and the defendants are entitled to know the basis for these allegations without limitation. Any supplemental answers from the defendants regarding affirmative defenses, including Weiss' actions, will be provided after the deposition is completed. Once again, we hope that you agree that further motions are not required under the circumstances.

Very truly yours,

Mark T. Nugent
Paul V. Sullivan

cc: Paul Galamaga, Esq.

600536v1