UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN | : | |
| | : | |
| v. | : | C.A. No. 04-326S |
| | : | |
| SOUTH COUNTY HOSPITAL, | : | |
| et al. | : | |

**ORDER**

Before the Court for determination is Defendant South County Hospital's Motion for Protective Order (Document No. 244). 28 U.S.C. § 636(b)(1)(A); Local R. 32(b). A hearing was held on November 3, 2005. The Hospital's Motion is addressed to 145 requests for admission served on it by Plaintiff on or about September 14, 2005. The Hospital contends that these requests are untimely and "excessive to the point of being abusive and overwhelmingly burdensome." Plaintiff concedes that the number of requests is unusually large but contends that they will narrow the issues for trial. Plaintiff also argues that it would be unfair to strike these requests because doing so would preclude Plaintiff from exploring issues raised by documents produced at or near the close of discovery. Finally, Plaintiff's counsel represented that Plaintiff was not going to serve requests for admission on the other Defendants in this case.

While this Court would normally conclude that requests under Fed. R. Civ. P. 36 are "methods" of discovery, Fed. R. Civ. P. 26(a)(5), which must be utilized prior to the close of discovery, this case is not normal. This case is a complex medical malpractice action. While most typical cases would be nearing trial following the closure of fact discovery, this case has shifted into a period of expert discovery and will not be trial ready for several months. Thus, this is not a case

similar to Joseph L. v. Conn. Dep't of Children and Families, 225 F.R.D. 400 (D. Conn. 2005), in which the requests were served shortly before trial. Accordingly, Plaintiff will be given leave to serve requests for admission after the closure of discovery.

Although this Court will exercise its discretion to give Plaintiff some leeway regarding these requests, the Hospital makes some valid points as to the number, wording and relevance of the requests which warrants some limitation under Fed. R. Civ. P. 26(c) for "good cause" shown. See also Fed. R. Civ. P. 26(b)(2). As stated at the hearing, Plaintiff appears in part to be trying to fit a round peg into a square hole and to use Fed. R. Civ. P. 36 as a discovery device rather than a mechanism to authenticate documents and narrow trial issues.

For the reasons discussed above, the Hospital's Motion for Protective Order is GRANTED in part. Plaintiff's Requests for Admission dated September 14, 2005 are stricken and Plaintiff is granted leave to serve a revised set of Requests for Admission on the Hospital by November 30, 2005. This revised set shall include no more than 75 requests including all discrete subparts. Of these 75 requests, Plaintiff may utilize up to 30 requests to authenticate the genuineness of documents and up to 45 requests for other matters within the scope of Fed. R. Civ. P. 36(a). If so served by Plaintiff, the Hospital shall serve its Responses and/or Objections to such requests on Plaintiff by January 27, 2006.

So ordered.

LINCOLN D. ALMOND
United States Magistrate Judge
November 3, 2005