UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINDA WADENSTEN, individually and p.p.a. Maximus Wadensten *Plaintiff* | : | |
| vs. | : | C.A. No.: 04-0326 S |
| SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; ROBERT J. CASCI, JR., DO; TIMOTHY DRURY, MD; RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, Alias; JANE DOE, Alias; and JOHN DOE CORPORATION, Alias *Defendants* | : | |

**DEFENDANT PAMELA BURLINGAME, R.N.P.'S OBJECTION TO PLAINTIFF'S SECOND MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes defendant Pamela Burlingame, RNP, and hereby objects to plaintiff's second motion to compel more responsive answers to interrogatories. In support of this objection, the defendant relies upon the attached memorandum of law, and those arguments raised at the hearing of this motion.

PAMELA BURLINGAME, RNP
By her Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 9th day of November, 2005 a true copy of the foregoing was mailed, postage pre-paid to:

Counsel for Plaintiff
Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Counsel for Co-Defendant Hospital
Paul F. Galamaga, Esq.
Ratcliffe, Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903

Christine M Montgomery

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LINDA WADENSTEN, individually and :
p.p.a. Maximus Wadensten :
*Plaintiff* :
:
vs. : C.A. No.: 04-0326 S
:
SOUTH COUNTY HOSPITAL; :
PAMELA BURLINGAME, RNP; :
ROBERT J. CASCI, JR., DO; :
TIMOTHY DRURY, MD; :
RHODE ISLAND EMERGENCY :
PHYSICIANS, INC.; :
JOHN DOE, Alias; JANE DOE, Alias; :
and JOHN DOE CORPORATION, Alias :
*Defendants* :

**DEFENDANT PAMELA BURLINGAME, R.N.P.'S MEMORANDUM IN SUPPORT OF HER OBJECTION TO PLAINTIFF'S SECOND MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Now comes defendant Pamela Burlingame, RNP ( "Burlingame"), and hereby objects to the plaintiff's motion to compel more responsive answers to interrogatories.

**I. Procedural Background.**

Plaintiff propounded interrogatories to defendant Burlingame, and defendant Burlingame answered those interrogatories on or about February 7, 2005. The plaintiffs then filed a motion to compel more responsive answers to interrogatories and strike objections pertaining to fifteen of defendant Burlingame's interrogatory answers. On April 6, 2005, the court held a lengthy hearing on plaintiff's first motion to compel more responsive interrogatory answers, and issued its Order on that motion on April 12, 2005. Defendant Burlingame then complied with that order, and later that same month provided plaintiff with Defendant Burlingame's first supplemental answers to plaintiff's interrogatories. The plaintiff has now filed their second motion to compel more responsive answers to interrogatories from defendant Burlingame, seeking more responsive

answers to two interrogatories: #21 and #22, both of which pertain to the defendant's affirmative defenses.

## II. Interrogatories 21 and 22.

**Interrogatory No. 21.** With respect to the following defense: "If the plaintiff was injured as alleged, which is denied, the same was due to the acts and omissions of others for whom this defendant is not responsible", please state:

a. The name of each person who committed such act or omission,
b. A complete description of such act or omission,
c. Precisely how such act or omission caused and/or contributed to Maximus' injury,
d. Which act or omission you contend constitutes negligence, and
e. All facts upon which you base this defense.

**Answer:** Objection to this interrogatory to the extent that it attempts to shift the burden of proof from the plaintiff who must establish all of the facts alleged in the complaint in this action. This defendant also states that discovery is ongoing and additional information will be provided. Without waiving this objection, this defendant states that the minor plaintiff's nanny, Jen Weiss, apparently dropped the child and caused the head trauma. This individual also had custody of the child between the first and second visits to the Emergency Department.

**First Supplemental Answer:**
At this date, discovery depositions are planned and additional information will be provided upon completion in a supplemental answer.

**Interrogatory No. 22.** Please provide any and all facts upon which you base your assertion that "The Plaintiff assumed the risk of his injuries."

**Answer:** Objection to this interrogatory to the extent that this questions seeks a legal opinion and refers to an affirmative defense pleaded by my attorneys. Without waiving this objection, this defendant states that discovery is ongoing and further information may be provided.

**First Supplemental Answer:**
At this date, discovery depositions are planned and additional information will be provided upon completion in a supplemental answer.

**III. Defendant's Objections to Plaintiff's Second Motion to Compel.**

Federal Rule of Civil Procedure 26(e)(2) provides, in pertinent part, that: "A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Local Rule of Civil Procedure 13(e), explicitly addresses the supplementation of discovery responses, and states:

> (e) *Supplementation of Responses*. Upon discovery by a party of information which renders his prior answer to an interrogatory or response to a request substantially inaccurate or incomplete, such party shall promptly file and serve an appropriate supplemental answer or response.

This defendant's interrogatory answers and supplemental interrogatory answers are neither substantially inaccurate nor incomplete. It is undisputed that Jen Weiss' deposition still has not been completed, and the Wadensten home inspection has yet to go forward. This motion is simply unnecessary since the plaintiff is well aware that the discovery depositions have yet to be completed. A central issue throughout this case has been nanny Jennifer Weiss's role in the injury that Maximus Wadensten sustained. Defendant Burlingame, in her original interrogatory answer back in February 2005, identified nanny Jennifer Weiss in response to this interrogatory and indicated as support for the same that Jennifer Weiss dropped Maximus, and she had custody of Maximus between the two hospital visits. Judge Smith, in his August 2005 order on the motion to file a 3rd-party complaint against Jennifer Weiss, states in the "Introduction" portion of his "Decision and Order" that the defendants contend nanny Jennifer Weiss was negligent "both in dropping the baby and delaying before returning the baby to the hospital the second time." This issue has been briefed and argued, and is well-known to plaintiff's counsel.

Wherefore, this defendant requests that the court deny the plaintiff's second motion to compel more responsive answers to interrogatories.

PAMELA BURLINGAME, RNP
By her Attorneys,
MORRISON MAHONEY LLP

Mark T. Nugent, #2637
Paul V. Sullivan, #5712
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

**CERTIFICATION**

I hereby certify that on this 9th day of November, 2005 a true copy of the foregoing was mailed, postage pre-paid to:

Counsel for Plaintiff
Amato A. DeLuca, Esq.
Miriam Weizenbaum, Esq.
DeLuca & Weizenbaum, Ltd.
199 North Main Street
Providence, RI 02903

Counsel for Co-Defendant Hospital
Paul F. Galamaga, Esq.
Ratcliffe, Burke Harten & Elias
1600 Financial Plaza
Providence, RI 02903