COPY

11/16/05: DENIED WITHOUT PREJUDICE AND SUBJECT TO DEFENDANT'S OBLIGATIONS UNDER FRCP 26(e)(2) and Local Rule 13(e).

USMJ

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
OCT 2005
U.S. DISTRICT COURT
RHODE ISLAND

**LINDA WADENSTEN, Individually and :**
**p.p.a. MAXIMUS WADENSTEN :**
**Plaintiff, :**
**v. : C.A. No. 04-326S**
**:**
**SOUTH COUNTY HOSPITAL; :**
**PAMELA BURLINGAME, RNP; :**
**ROBERT J. CASCI, JR., D.O.; :**
**TIMOTHY DRURY, M.D. :**
**JOHN DOE, ALIAS; JANE DOE, ALIAS;:**
**JOHN DOE CORPORATION, ALIAS :**
**Defendants. :**

**PLAINTIFF'S MOTION TO COMPEL**
**MORE RESPONSIVE ANSWERS TO INTERROGATORIES**
**FROM DEFENDANT PAMELA BURLINGAME, RNP**

Now comes plaintiff Linda Wadensten and moves pursuant to Fed. R. Civ. P. 33 and 37(a)(2), and Local Rule 12 for an Order of this Court compelling defendant Pamela Burlingame, R.N.P. to provide more responsive answers to interrogatories. Plaintiff sets forth information sought as follows:

**INTERROGATORY**

21. With respect to the following defense: "If the plaintiff was injured as alleged, which is denied, the same was due to the acts and omissions of others for whom this defendant is not responsible", please state:

a. The name of each person who committed such act or omission,
b. A complete description of such act or omission,
c. Precisely how such act or omission caused and/or contributed to Maximus' injury,
d. Which act or omission you contend constitutes negligence, and
e. All facts upon which you base this defense.

**ANSWER**

21. Objection to this interrogatory to the extent that it attempts to shift the burden of proof from the plaintiff who must establish all of the facts alleged in the complaint in this action. This defendant also states that discovery is ongoing and additional information will be provided. Without waiving this objection, this defendant states that the minor plaintiff's nanny, Jen Weiss, apparently dropped the child and caused the head trauma.