**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and** | : | |
| **p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL;** | : | |
| **PAMELA BURLINGAME, RNP;** | : | |
| **ROBERT J. CASCI, JR., D.O.;** | : | |
| **TIMOTHY DRURY, M.D.** | : | |
| **JOHN DOE, ALIAS; JANE DOE, ALIAS;** | : | |
| **JOHN DOE CORPORATION, ALIAS** | : | |
| **Defendants.** | : | |

**NOTICE TO TAKE DEPOSITION**

**DEPONENT:** **Keeper of Records**
**Lauren Noel, MD**
**46 Holley St., Ste 2**
**Wakefield, RI 02879**

**PLACE:** **DeLuca & Weizenbaum**
**Michael T. Eskey**
**199 North Main Street**
**Providence, RI 02903**

**DATE:** **January 25, 2006**

**TIME :** **10:00 a.m.**

Please take notice that Plaintiff will take the deposition of the above-named deponent on oral examination before a Notary Public of the State of Rhode Island, or some other duly qualified person, on the date and at the time set forth above and thereafter from day to day as the taking of the deposition may be adjourned, at the law office of DeLuca & Weizenbaum, Ltd., 199 North Main Street, Providence, RI 02903, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

Plaintiff
By Attorneys,

Amato A. DeLuca (0531)
Miriam Weizenbaum (5182)
Michael T. Eskey (3035)
**DeLuca & Weizenbaum, Ltd.**
199 North Main Street
Providence, RI 02903
(401) 453-1500

**CERTIFICATION**

I hereby certify that I mailed a true and accurate copy of the within 1st class mail on this 4th day of January, 2006 to:

Jay Elias, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza, Providence, RI 02903

Mark T. Nugent, Esq.
and Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Tina DeLaine

**ATTACHMENT "A"**

**Noel, M.D**
**Maximus Wadensten**

1. A complete copy of any and all Updated medical records regarding the above named individual.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **LINDA WADENSTEN, Individually and :**<br>**p.p.a. MAXIMUS WADENSTEN :**<br>**Plaintiff, :**<br>**v. :**<br>**:**<br>**SOUTH COUNTY HOSPITAL; :**<br>**PAMELA BURLINGAME, RNP; :**<br>**ROBERT J. CASCI, JR., D.O.; :**<br>**TIMOTHY DRURY, M.D. :**<br>**JOHN DOE, ALIAS; JANE DOE, ALIAS; :**<br>**JOHN DOE CORPORATION, ALIAS :**<br>**Defendants. :** | **C.A. No. 04-326S** |

**TO: Keeper of Records, Lauren Noel, MD, 46 Holley Street, Suite 2, Wakefield, RI 02879**

[ ] YOU ARE HEREBY COMMANDED to appear before the ______ on ____ at ___________ to testify in the above entitled action and bring with you:

______________________________ ____________________
LOCATION OF COURT COURTROOM #

______________________________ ____________________
DATE TIME

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above-entitled action and to bring with you the records listed in Attachment A.

LOCATION OF DEPOSITION: DATE AND TIME:

**[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): SEE Attachment A.**

**DOCUMENTS/OBJECTS: SEE ATTACHMENT A**

**LOCATION: 199 North Main Street Providence, RI 02903**

**DATE: January 25, 2006**

**TIME: 10:00 A.M.**

[ ] YOU ARE COMMANDED to permit inspection of the following premises

time specified below.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf and may set forth, for each person designated, the matters on which the person will testify. (Superior Court Rule of Civil Procedure, 30(b6).

______________________________ 1-5-06

ISSUING OFFICER SIGNATURE DATE

ATTORNEY FOR: [ X ] Plaintiff [ ] Defendant

Michael Eskey

ISSUING OFFICER'S NAME (Printed/Typed)

199 North Main St., Providence, RI 02903 .

STREET CITY/TOWN STATE ZIP

PROOF OF SERVICE

______________________________

DATE PLACE

SERVED

______________________________

SERVED ON (Printed Name) MANNER OF SERVICE

______________________________

SERVED BY (PRINT NAME) TITLE

**DECLARATION OF SERVER**

I declare under penalty of perjury that the foregoing information contained in the Proof of Service is true and correct.

Executed on__________________ ______________________

DATE SIGNATURE OF SERVER

______________________

ADDRESS OF SERVER

**AFFIDAVIT**

Pursuant to Rhode Island General Laws Section 9-17-5.1, I _______________ Records Keeper of the ______________________________________________ under oath depose and say that the attached copy of records for _________________ consisting of _______ pages, Record No. _________ the copies of records for which this certification is made, are true and complete reproductions of the original or microfilmed records which are house in the ______________________________ The original records were made in the regular course of business, and it was the regular course of the _________________________________ to make such records at or near the time of the matter recorded. This certification is given pursuant to Rhode Island General Laws Section 9-17-5.1 by the custodian of records in lieu of his or her personal appearance.

By: ____________________________

Subscribed and sworn to before me on this _____ day of _________________, 2006.

________________________________
NOTARY PUBLIC

________________________________
Print Notary Name
My commission expires: ______________

Rule 45. Superior Court Rules of Civil Procedure, Parts C&D

(c) Protection of Persons Subject to Subpoenas

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. if objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. if objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.