**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** **Plaintiff,** | : | |
| **v.** | : | **C.A. No. 04-326S** |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; TIMOTHY DRURY, M.D.; RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, Alias; JANE DOE, Alias; and JOHN DOE CORPORATION, Alias** **Defendants.** | : | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF AND TO VACATE ORDER TO SEAL MOTIONS AND MEMORANDA ENTERED ON JANUARY 4, 2006**

Now comes plaintiff in the above-captioned action and hereby moves this Honorable Court to reconsider and vacate an order granting defendant South County Hospital's motion to seal its previously submitted motion and memorandum to seal records of the Rhode Island Department of Health. As grounds, plaintiff submits that the January 4th Order entered on the hospital's motion to seal was granted improvidently, unnecessarily, prematurely, and erroneously. A supporting memorandum is filed herewith.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 12th day of January 2006 by hand delivery

Jay M. Elias, Esq.
Paul F. Galamaga, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LINDA WADENSTEN, Individually and p.p.a. MAXIMUS WADENSTEN** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 04-326S** |
| | : | |
| **SOUTH COUNTY HOSPITAL; PAMELA BURLINGAME, RNP; TIMOTHY DRURY, M.D.; RHODE ISLAND EMERGENCY PHYSICIANS, INC.; JOHN DOE, Alias; JANE DOE, Alias; and JOHN DOE CORPORATION, Alias** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF AND TO VACATE ORDER TO SEAL MOTIONS AND MEMORANDA ENTERED ON JANUARY 4, 2006**

**INTRODUCTION & FACTS**

This is Part II of a fundamentally flawed collateral attack on a decision by a non-party—the Rhode Island Department of Health—to release public records concerning the hospital to plaintiff's counsel. Part I—which has been briefed and will be heard by the Court on January 13, 2006—concerns this: irked by the Department of Health's release of the records, the hospital—lashing out with desperately unfounded charges of improper conduct and misinformed motions to seal—effectively asks this Court, without any supporting evidence whatsoever, to overturn the Department of Health's determination that the released documents were public records. Notwithstanding the fact that hospital experts have reviewed the records in formulating their opinions, the hospital not only urges the Court to treat public records as if they were privileged and confidential by sealing them from public inspection in this case, but also (presumably, this is the hospital's true purpose) to

punish plaintiff for obtaining them by prohibiting plaintiff from using and relying on them at trial.

As shown in plaintiff's memorandum in support of her objection, the hospital's first motion to seal is without merit and ought to be denied. Foremost, the hospital utterly failed to sustain its burden of proving by introduction of evidence and reasoned argument supported by citation to legal authority that the records ought to be kept from public view as privileged or confidential. *Cf., e.g., Public Citizen v. Liggett Group. Inc.*, 858 F.2d 775, 789-90 (1st Cir. 1988)(quoting *In re Agent Orange Product Liability Litigation,* 821 F.2d 139, 145-46 (2d Cir. 1987)(if good cause for issuance of protective order is not shown, "the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection); *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102, 101 S. Ct. 2193, 2201 (1981)(party seeking protective order has burden of proof showing that good cause exists by stating particular and specific facts); *In re PE Corp. Securities Litigation,* 221 F.R.D. 20, 26 (D. Conn. 2003)(courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements).

Equally fatal to the hospital's motion to seal is that this is neither the proper forum nor action within which to challenge the Department of Health's release of the records and, even if it were, the hospital would not have standing to do so. *See, In re New England Gas Company*, 842 A.2d 545, 552 (R.I. 2004)(like federal FOIA, Rhode Island's Access to Public Records Act APRA does not create a "reverse remedy to prevent disclosure").

The hospital's motion to seal is further undermined by the fact that the information the hospital hopes to remove from the public record here was already released to plaintiff from sources independent of the discovery process and in her possession before the hospital sought a protective or sealing order. *Cf., e.g., Rodgers v. United States Steel Corp.*, 536 F.2d 1001,

1007-08 (3d Cir. 1976)(sealing order's prohibition from disclosing information to third persons that was already in a party's possession when the order was entered constituted an unlawful prior restraint on speech).

Finally, the hospital's motion to seal is unwarranted as offensive to general common law and First Amendment rights of public access to discovery materials. *See, e.g., Anderson v. Cryovac,* 805 F.2d 1, 6-7 (1st Cir. 1986)(protective order entered on good cause restricting public access to pretrial discovery may offend First Amendment where information is gained from sources outside of discovery). For these reasons, as discussed in plaintiff's memorandum in support of her objection to the hospital's first motion to seal, the court ought to deny the hospital's Part I sealing motion.

Now before the Court is Part II of the hospital's misplaced collateral attack on the Department of Health's release of records, which concerns an order entered by the Court on January 4th on the hospital's *second* motion to seal. Without merit, on December 30, 2005, the hospital moved for an order sealing its "Motion and Memorandum" filed in connection with its *first* motion to seal. Lest there be any doubt as to the limited scope of its second sealing motion, the hospital's motion made clear that it sought only "to place under permanent seal the Motion and Memorandum portions of its [first sealing motion]" and that it was "not seeking to seal the underlying documents [*i.e.*, the Department of Health records] * * * as that is already contemplated and dealt with in the [hospital's first sealing] motion and memorandum of law." Def. 2d Sealing Mot. at 1.

On January 4, 2006—five days after the hospital served its second sealing motion on plaintiff and eight days before the expiration of the 13-day period within which plaintiff was permitted under the rules to file an objection—the Court entered an order granting the hospital's second sealing motion. *See,* Order 1/4/06 (copy attached as Exhibit A).

Notwithstanding the fact that the hospital's second sealing motion and supporting memorandum expressly limited the scope of the request to seal to the hospital's first sealing motion and memorandum, the January 4th Order entered by the Court (which order was prepared by counsel for the hospital) provided in pertinent part that "[a]ll of the Motions and Memoranda pertaining to defendant South County Hospital's Motion to Seal the Records of the Rhode Island Department of Health shall be placed under seal." *Id.* (emphasis added).

The within motion is filed within the time that plaintiff ought to have been permitted to file an opposition to the hospital's second sealing motion. As shown below, the Court ought to vacate the January 4th Order as improvidently, unnecessarily, prematurely, and erroneously granted.

## ARGUMENT

### I. The January 4th Order erroneously entered without allowing plaintiff an opportunity to file an objection and supporting memorandum in accordance with and as permitted by the Rules of Civil Procedure.

Governed by Fed. R. Civ. P. 26(c) and by LR Gen. 102 and Amended Gen. Ord. #2002-01, requests to seal and objections thereto are additionally subject to Fed. R. Civ. P. 6 (computation of time) and LR Cv. 7 (motions). Under those rules, since the hospital served its second sealing motion by mail on December 30, 2005, plaintiff was permitted 13 days (beginning December 31, 2005) within which to file an objection and supporting memorandum. As such, plaintiff ought to have been allowed up to and including January 12, 2006, to object to the hospital's second sealing motion.

The Court's January 4, 2006, Order "granting" the hospital's second sealing motion—eight days before the expiration of the 13-day period within which plaintiff was permitted under the rules to file an objection—was clearly erroneous and plainly deprived

plaintiff of her right to object to the second sealing motion. As such (and because plaintiff has a meritorious objection), the Court ought to vacate its January 4th Order.

**II. The hospital made no showing of good cause or other reasonable basis supporting a request to seal its first sealing motion and memorandum.**

It is axiomatic that a party seeking a protective or sealing order is requesting that a court derogate from the general rule that discovery should be open to public inspection. *See, e.g., Public Citizen v. Liggett Group, Inc.*, 858 F.2d at 789-90. It is equally clear that in order to prevail on such a motion, the moving party—here, the hospital—has the burden of demonstrating that good cause exists to enter a protective or sealing order. *Id.,* 858 F.2d at 789 (quoting *In re Agent Orange Product Liability Litigation,* 821 F.2d at 145-46)("if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection"). At a minimum, meeting this burden requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *In re PE Corp. Securities Litigation,* 221 F.R.D. at 26.

Here, the only reason offered by the hospital in support of its request to seal *its motion and memorandum* requesting the court to seal Department of Health documents is its conclusory statement that those pleadings "contain discussion of confidential and sensitive documents regarding the Hospital which is protected from public and party disclosure." Def. Mem. in Supp. of 2d Sealing Mot. at 1. While the hospital's first sealing motion and memorandum certainly make reference in general terms to the nature of the documents it seeks to seal, nowhere in those pleadings is there a single particular description of or quote from the content of any document that the hospital seeks to seal.

Plainly, the hospital's claim that its original motion and memorandum merit removal from the public record because they "contain discussion of confidential and sensitive documents regarding the Hospital which is protected from public and party disclosure," is

without foundation. Indeed, the motion and memorandum the hospital seeks to seal contain absolutely nothing of a "confidential and sensitive" nature that would support a claim that judicial protection from public inspection is warranted. As such, the Court ought to vacate the January 4th Order sealing the hospital's motion and memorandum.

## III. The January 4th Order prepared by the hospital for entry by the Court was inconsistent with and much broader than the limited sealing order requested by the hospital in its second sealing motion and memorandum.

Another reason for vacating the January 4th Order is that it overreached the limited relief that the hospital requested in its second sealing motion and memorandum. In its second sealing motion, the hospital sought only "to place under permanent seal *the Motion and Memorandum portions* of *its* [first sealing motion]." Def. 2d Sealing Mot. at 1 (emphasis added). Importantly, the hospital did not seek or present argument supporting a request to seal plaintiff's objection and memorandum in opposition to its motion to seal. Notwithstanding the fact that the hospital's second sealing motion was expressly limited to a request to seal its *own motion and memorandum*, the order that it prepared and presented to the Court provided for the sealing of "*[a]ll* of the Motions and Memoranda" pertaining to the hospital's motion to seal. The entry of this Order—which seals not only the hospital's motion and memorandum, but plaintiff's memorandum as well—plainly goes beyond the relief requested and, without merit, seals all the pleadings relating to the hospital's motion. As with the hospital's motion and memorandum, there is absolutely nothing contained in plaintiff's objection and memorandum in opposition to the hospital's motion to seal that would support a claim that judicial protection from public inspection is warranted. Plainly, the Court ought to vacate the January 4th Order sealing the hospital's motion and memorandum.

## IV. The hospital's election to serve and file its motion and memorandum without seeking a sealing order precluded it from thereafter removing those pleadings from the public record.

The hospital's motion to seal is further undermined by the fact that the information the hospital seeks to remove from the public record here (*i.e.*, its own motion and memorandum) were already filed with the court, served on plaintiff, and made part of the public record in this case for several weeks (from December 12 through December 30, 2005) before the hospital sought a protective or sealing order. While the hospital offers no explanation for why it did not seek to seal its motion and memorandum in accordance with the Local Rules[1] before it elected to file those documents as part of the public record (or why it took several weeks to move to protect what it claims—without merit—is "sensitive and confidential" information), it remains that inasmuch as the hospital's election to serve and file its motion and memorandum without seeking a sealing order voluntarily placed those documents in the public record, the hospital ought to have been precluded from thereafter removing them from public scrutiny without compelling intervening cause (of which there is none here). *Cf., e.g., Rodgers v. United States Steel Corp.*, 536 F.2d at 1007-08 (sealing order's prohibition from disclosing information to third persons that was already in a party's possession when the order was entered constituted an unlawful prior restraint on speech).

## V. The hospital's motion to seal public documents without reasonable basis offends general common law and First Amendment rights of public access to and dissemination of pre-trial proceedings.

Finally, as with its first sealing motion, the hospital's second motion to seal is unwarranted as offensive to general common law and First Amendment rights of public

---

[1] *See* LR Gen. 102 and Amended Gen. Ord. #2002-01 (specifying procedures to be followed in moving to seal documents).

access to discovery materials. *See, e.g., Anderson v. Cryovac*, 805 F.2d at 6-7. As such, the entry of the January 4th Order was improvident.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the Court ought to reconsider and vacate the January 4, 2006, Order sealing all motions and memoranda pertaining to the hospital's motion to seal documents obtained by plaintiff from the Rhode Island Department of Health.

Plaintiff,
By her Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Michael T. Eskey (#3035)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI 02903
(401) 453-1500
(401) 453-1501 Fax

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within was served on counsel of record listed below on this 12th day of January 2006 by hand delivery

Jay M. Elias, Esq.
Paul F. Galamaga, Esq.
Ratcliffe, Burke, Harten & Elias, LLP
1600 Financial Plaza
Providence, RI 02903

Mark T. Nugent, Esq.
Paul V. Sullivan, Esq.
Morrison, Mahoney, LLP
121 South Main Street, Suite 600
Providence, RI 02903

Jennifer Houston